## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

April 1, 2003

RE: <u>Frances Darcangelo v. Bell Atlantic</u>, WDQ-02-816

MEMORANDUM FOR COUNSEL

Dear Counsel:

    This case has been referred to me for the resolution of discovery disputes pursuant to 28 U.S.C. §636(b) and Local Rule 301. Currently pending are defendant's Motion to Compel Limited Supplemental Psychiatric Examination, and plaintiff's opposition. (Paper Nos. 22 and 26). I have reviewed the papers with the attached exhibits submitted by the parties as well as the entire record. For the reasons stated below, defendant's motion will be granted.

    On January 3, 2003, by agreement of the parties, defendant's expert, Dr. Stuart Kleinman, conducted a forensic psychiatric examination of plaintiff at the office of plaintiff's counsel. At the beginning of the examination, an exchange between plaintiff and Dr. Kleinman occurred which caused Dr. Kleinman concern about his involvement with the lawsuit. Dr. Kleinman asked for a recess from the examination and informed counsel about his concerns. Counsel then conferred with Dr. Kleinman and reached an agreement to proceed with the examination. The exam was videotaped and lasted approximately seven hours. Subsequently, Dr. Kleinman withdrew from the case after defendant had designated him as an expert witness.

    After Dr. Kleinman's withdrawal, the parties agreed to amend the schedule, in part to allow defendant to retain a new expert.[1] Defendant retained a new expert, Dr. Jeffrey Janofsky, and seeks to have Dr. Janofsky examine plaintiff and administer a Minnesota Multiphasic Personality Inventory ("MMPI"). Plaintiff opposes any request for a supplemental interview, stating that the videotape and information derived from the interview with Dr. Kleinman should be sufficient. (Paper No. 26 at 4). Plaintiff also notes that she completed the MMPI in 1999 and Dr. Janofsky can refer to those results. (<u>Id.</u>).

    Pursuant to Federal Rule of Civil Procedure 35, the court may order a party to submit to a mental examination by a licensed examiner when the mental condition of the party is in controversy and good cause has been shown. Fed. R. Civ. P. 35(a). With respect to the first prong, there appears to be no dispute that plaintiff's mental condition is in controversy because plaintiff's lawsuit alleging employment

---

    [1] Initially, plaintiff opposed any extension of the schedule, but after contacting the undersigned, counsel reached agreement on a revised schedule.

Memorandum to Counsel
<u>Frances Darcangelo v. Bell Atlantic</u>, WDQ-02-816
April 1, 2003
page 2

discrimination is premised on the claim that she is disabled due to her bipolar disorder.  Thus, plaintiff's mental condition is the central issue in this case.  As to the second prong, I find that defendant has established a showing of good cause to warrant the mental exam requested.  Defendant has offered the affidavit of its expert, Dr. Janofsky, which states that to best be able to evaluate plaintiff's condition he needs to conduct a supplemental examination.  (Paper No. 22, Exh. A at 2).  A review of the entire record in this case makes clear that the defendant is not responsible for Dr. Kleinman's withdrawal.  Therefore, defendant should not be penalized for that withdrawal by preventing its current expert from personally examining plaintiff.  Similarly, Dr. Janofsky's affidavit states that he needs to administer the MMPI in order to reach accurate conclusions.  I note that the record does not clearly indicate that results from plaintiff's MMPI in 1999 are available to defendant.  In any event, under the circumstances, I conclude that it is reasonable to request that plaintiff provide current responses to the MMPI.  I also note that defendant has proposed appropriate limitations for the supplemental examination to avoid any undue burden to plaintiff.  The supplemental examination is to last only 3 hours, with an additional 1.5 hours allowed for the administration of the MMPI.  Additionally, defendant has stated that the exam will take place at plaintiff's counsel's office and a female nurse will be present throughout the examination.

   Accordingly, defendant's Motion to Compel Limited Supplemental Psychiatric Examination (Paper No. 22) is granted and plaintiff is directed to attend the examination scheduled for Thursday, April 3, 2003 at 11:00 a.m. at the offices of plaintiff's counsel.  In addition, Dr. Janofsky will be permitted to administer the MMPI during that interview.  Counsel should make arrangements to ensure the exam is limited as described above.

   Despite the informal nature of this letter, it will constitute an order of the Court and will be docketed accordingly.

                Sincerely,

                /s/

                Beth P. Gesner
                United States Magistrate Judge