IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 SEP 24  P 2: 07

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

FRANCES DARCANGELO,
    Plaintiff

v.

* Civil No. WDQ-02-816

VERIZON MARYLAND INC.,
    Defendant

ORDER

    Frances Darcangelo has sued Verizon Maryland Inc., under the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101, *et seq.*, for unlawfully terminating her employment because of her disability.

    The defendant has filed a motion for summary judgment supported by, *inter alia*, the deposition testimony of the plaintiff, Maria M. Bury (a union representative), James P. Conrad (Verizon manager), August E. Dankert (plaintiff's former coworker), Charles English (former Bell Atlantic supervisor), Gottleib J. Fleig (former Bell Atlantic supervisor), Barbara Kelly (nurse case manager for Bell Atlantic contractor), Martin Kranitz (vocational consultant), Barbara J. Lee (Bell Atlantic retiree), Marianne Moxey (Verizon supervisor), Anthony Russo, M.D. (psychiatrist who diagnosed plaintiff's bipolar, post traumatic distress, and borderline personality disorders), Ann Sewell (Verizon company representative), Julie D. Swope (psychologist), Gary B. Zimberg, M.D. (plaintiff's treating psychiatrist), and four volumes of documents (including various unpublished cases).

    The motion is opposed by, *inter alia*, the depositions of William E. Wright, M.D. (an internal and occupational medicine specialist), and Jeffrey Janofsksy, M.D. (professor of psychiatry).

    Generally, the ADA prohibits employment discrimination against persons with physical or mental disabilities. 42 U.S.C. §§12101 *et seq.* The ADA also requires employers to make "reasonable accommodation" to qualified, disabled persons. §§ 12111-17. An individual has a disability if she (1) has a physical or mental impairment that substantially limits one or more of her major life activities; (2) has a record of such an impairment; and (3) is regarded as having such an impairment. 42 U.S.C. § 12102 (2).

Under the ADA Darcangelo must prove (1) that she has a disability, (2) that she is a "qualified individual" for the employment in question, and (3) that the defendant discriminated against her because of her disability. *EEOC v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir. 2000).

Together, the evidence establishes that (1) the plaintiff suffers from bipolar and personality disorders; (2) she has engaged in bizarre and disruptive behavior in her former workplace; and (3) she was disciplined for, and eventually terminated from her employment because of, that behavior. There are, however, genuine issues of material fact with respect to whether the plaintiff was qualified for the job she lost; included are such matters as the degree to which interacting with others was a part of her job, and whether her behavior could have been accommodated by her employer. There are also factual disputes about whether similarly disruptive employees received lesser punishments for discriminatory reasons.

These genuine issues of material fact preclude judgment for Verizon as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984).

For the reasons stated above, it is this 24th day of September 2003,

ORDERED that Verizon's motion for summary judgment BE, and HEREBY IS DENIED, and the Clerk SHALL MAIL copies of this ORDER to the parties..

_____
WILLIAM D. QUARLES, JR.
United States District Judge