UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| FRANCES DARCANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. WDQ-02-816 (Civ.) |
| | ) | |
| VERIZON MARYLAND, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

## MOTION FOR CONTINUANCE

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this Motion for a continuance of the April 28, 2004, Pre-Trial conference as well as the April 7, 2004, Pre-Trial Statement deadline. The reasons supporting this motion are more fully set forth in the accompanying Statement of Points and Authorities in support hereof:

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. WDQ-02-816 (Civ.) |
| ) | |
| VERIZON MARYLAND, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant, ) | |

## STATEMENT OF POINTS AND AUTHORITIES

Plaintiff's counsel, Morris E. Fischer, Esq., Snider & Fischer, LLC., herein submits its Statement of Points and Authorities in support of its motion for a continuance.

1. On March 23, 2004, the plaintiff, Francis Darcangelo, formerly executed a retainer agreement with our office. She had a previous attorney, Edwin Burkhardt, Esq., with whom she was dissatisfied for various reasons, including Ms. Darcangelo's contention that Mr. Burkhardt entered into a settlement with the Defendant without her consent. As such, she terminated his services.

2. It should be further noted that either shortly thereafter or contemporaneous with the alleged agreement, Mr. Burkhardt, had relocated to Seattle, Washington.

3. On March 25, 2004, counsel entered his appearance in this case.

4. At present, Counsel does not have Ms. Darcangelo's file from Mr. Burkhardt. Counsel did speak with Mr. Burkhardt who agreed to send the file as

soon as possible. Mr. Burkhardt informed our office that the file had some eight thousand pages, including eighteen deposition transcripts.

5.   During the course of counsel's conversations with Mr. Burkhardt, it became quite evident that it would be impossible to review this file and assess liability and damages by April 7, 2004, the deadline for the Pre-Trial Statement submission. As such, a continuance of the Pre-Trial Conference and Pre-Trial Statement is sought.

6.   On Friday, March 26, 2004, Counsel, in good faith prior to making this motion, contacted Martha Dye, Esq., Counsel for the defendant seeking consent for this continuance for the aforesaid reasons. Said counsel stated she would get back to me with a response.

7.   On March 31, 2004, defense counsel informed my office that consent could not be given because it was her view that the matter had been settled at a mediation conference.

8.   My client disputes that finding contending that among other things, she did not give her consent to the alleged settlement and signed no release. She has also filed a grievance with the Attorney Grievance Commission with respect to her prior attorney's role at that mediation.

9.   Defense counsel could have made a motion to enforce a settlement and has not. Consequently, until one is made, the case should proceed accordingly.

10.  A continuance for the Pre-Trial Conference and Pre-Trial Statement is warranted here because even if Defense Counsel would now make a motion to enforce the settlement, it is well established that a factual dispute over the

existence of an agreement or over the authority of attorneys to enter an agreement cannot be enforced by a court summarily. *Hensley v. Alcon Labs, Inc.*, 277 F.3d 535 (4th Cir. 2002). Moreover, in such a case, the court must hold a plenary evidentiary hearing to resolve the dispute. *Milner v. Norfolk & W. Ry. Co*, 643 F.2d 1005, (4th Cir. 1981). As such, holding the pre-trial conference with this large unresolved issue would not promote judicial economy.

11. The Plaintiff's case would be severely prejudiced if a continuance was not granted to the aforementioned circumstances.

WHEREFORE, Plaintiff respectfully requests that the Pre-Trial Conference set for April 28, 2004 and the Pre-Trial Statement April 7, 2004 be extended for 60 days.

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO,         ) | |
| )                            | |
|     Plaintiff,   ) | |
| )                            | |
| v.                          ) | No. WDQ-02-816 (Civ.) |
| )                            | |
| VERIZON MARYLAND, INC.,      ) | |
| )                            | |
|     Defendant,   ) | |

## **ORDER**

Upon consideration of the motion for continuance, it is hereby ordered that said motion is hereby GRANTED and that the April 28, 2004, Pre-Trial Conference is hereby rescheduled for _____ and the Pre-Trial Statement shall be submitted by _____.

 

_____
United States District Judge