IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, <br><br> Plaintiff, <br><br> v. <br><br> VERIZON MARYLAND INC., <br><br> Defendant. | No. WDQ-02-816 (Civ.) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE**

Defendant Verizon Maryland Inc., by and through its undersigned counsel, respectfully submits its opposition to plaintiff's Motion for Continuance. Plaintiff's motion should be denied because the parties have previously entered into a binding settlement agreement. Accordingly, all that remains is for the suit to be dismissed – there is no need for a continuance to prepare for trial. Defendants will separately be filing a motion to enforce the settlement. In any event, even if there were no settlement agreement, plaintiff's quixotic decision to change lawyers on the eve of the pretrial conference does not justify prejudicing defendant by means of a delay in the trial schedule.

**PROCEDURAL BACKGROUND**

The complaint in this action was filed on March 15, 2002. [Dkt. #1.] At that time, Edwin R. Burkhardt appeared on behalf of plaintiff. The parties have actively litigated the case for the past two years, including engaging in extensive fact and expert discovery and filing dispositive motions. (*See* Docket Sheet, Exhibit 1 to Decl. of Martha Dye, Esq. ("Dye Decl."), attached hereto as Tab A.) At every stage in the litigation, plaintiff has been represented solely by Mr. Burkhardt.

On October 2, 2003, this Court ordered the parties to appear for a pretrial conference on January 27, 2004. [Dkt. #50.] On January 14, 2004, the parties moved to reschedule the pretrial conference, due to plaintiff's failure to timely complete a draft pretrial order. [Dkt. #51.] That motion was granted on January 15, 2004, and the pretrial conference was rescheduled for March 11, 2004. [Dkt. #52.]

The parties again moved to reschedule the pretrial conference on February 13, 2004, to enable them to attempt to reach a settlement in the case through mediation. [Dkt. #53.] That motion was granted on February 17, 2004, and the pretrial conference was rescheduled for April 28, 2004. [Dkt. #54.]

As will be described in more detail in defendant's motion to enforce the settlement, the parties and their counsel met in Washington, DC on March 11, 2004 with Maria Walsh, a neutral mediator affiliated with JAMS, a well-known alternative dispute resolution organization. Following many hours of discussions, extending through the night and into the early morning hours of March 12, 2004, plaintiff made an offer of settlement that was accepted by defendant. Before leaving the JAMS office, counsel for the parties executed a written agreement prepared by Ms. Walsh containing the terms of the settlement. [*See* Dye Decl.]

On March 25, 2004, defendant received notice that Morris E. Fischer, an attorney who had not previously been involved in the litigation and is not affiliated with Mr. Burkhardt, had entered an appearance on behalf of plaintiff. [Dkt. #55.] When defendant's counsel contacted Mr. Burkhardt to inquire about Mr. Fischer's appearance, Mr. Burkhardt stated that he was no longer representing plaintiff and that Mr. Fischer had taken over the representation. In a telephone conversation with Mr. Fischer on March 26, 2004 (less than a week ago), defendant's counsel learned for the first time that plaintiff intended to ask the Court to proceed with a trial in the case. [*See* Dye Decl.]

## **ARGUMENT**

As set forth above, the parties labored for many hours with a professional mediator to come to a settlement agreement in this action on March 12, 2004. Now that the case is settled, all that remains is for the suit to be dismissed. Even though plaintiff has chosen at the last minute to fire the attorney who represented her for the past two years of litigation in this case, the fact remains that no continuance is needed for new counsel to prepare for trial, because there can be no trial in light of the settlement agreement. Although plaintiff suggests that the trial should go forward with a continuance because defendant has not yet filed a motion to enforce the settlement, defendant first learned just four business days ago that plaintiff intended to ask the Court to proceed with the trial, and will be filing a motion to enforce the settlement shortly. In that motion, defendant will demonstrate that plaintiff has no basis upon which to avoid the settlement agreement. Accordingly, there should be no trial in this action and no continuance to allow counsel to prepare for a trial.

Plaintiff cannot expect this Court to again postpone the long-established (and twice-postponed) pretrial date just because she changed her mind about the settlement and suddenly fired her attorney. Even if no settlement agreement had been reached, plaintiff's decision to

switch lawyers after more than two years of litigation and just one month prior to the pretrial conference would still fail to justify a continuance.  Plaintiff was on notice that in the event that no settlement was reached at the mediation, she would be required to go forward with trial preparations and the April 28, 2004 pretrial conference, which had already been rescheduled twice.  The fact that she chose to change attorneys just a few weeks before that conference does not entitle her to prejudice defendant by delaying trial for additional months.  *See, e.g.*, *Compton v. United States*, 334 F.2d 212, 219 (4th Cir. 1964) (affirming denial of trial continuance to permit plaintiff to substitute counsel); *Molthan v. Temple Univ.*, 778 F.2d 955, 958-59 (3d Cir. 1985) (same); *Ahern v. Scholz*, 85 F.3d 774 (1st Cir. 1996) (affirming denial of trial continuance to permit defendant to substitute counsel).

Indeed, a party is not automatically entitled to a continuance even if her attorney *withdraws* prior to trial, much less if she unilaterally decides to discharge him.  *See, e.g.*, *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982) (no automatic right to continuance upon withdrawal of attorney); *Grunewald v. Missouri P. R. Co.*, 331 F.2d 983 (8th Cir. 1964) (same).[1]  Under the circumstances, plaintiff's motion for continuance should be denied.

---

[1] *See also Weston v. Denny*, 480 P.2d 24 (Ariz. 1971) (where plaintiff discharged attorney just before trial and subsequently hired another attorney to move for continuance on grounds that he was not ready to proceed, trial judge did not abuse discretion in denying continuance since plaintiff created situation which he claimed to be prejudicial); *Arant v. Grier*, 239 So. 2d 188 (Ala. 1970) (withdrawal of defendant's counsel, caused by defendant's failure to live up to settlement agreement, did not justify continuance); *Berger v. Mantle*, 63 P.2d 335, 336-37 (Cal. App. 1936) ("Much stress is placed by plaintiff upon the fact that there had been a substitution of counsel six days before the date set for the trial.  It cannot be set down as a rule that litigants may in all cases demand a continuance by engaging new counsel just prior to the trial date.  If such were the rule one or the other of the litigants could indefinitely avoid trial of the issues by making late substitutions.  Such a procedure would result in the obstruction of justice.  Under the circumstances above set forth the substitution of attorneys did not require the granting of a motion for a continuance.").

## CONCLUSION

For the reasons set forth above, defendant respectfully submits that plaintiff's motion for continuance should be denied. Defendant further asks that plaintiff be required to reimburse it for the costs and attorneys' fees incurred in preparing its opposition to her motion.

Dated: April 1, 2004

Respectfully submitted,

_____/s/_____
Karen M. Wahle, Bar No. 013658
Martha Dye, Bar No. 015057
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
(202) 383-5300
(202) 383-5414 (facsimile)

Counsel for Defendant
Verizon Maryland Inc.

DC1:581370.2

5