UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. WDQ-02-816 (Civ.) |
| | ) |
| VERIZON MARYLAND, INC., | ) |
| | ) |
| Defendant, | ) |

**<u>PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION</u>**

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this Reply to Defendant's Opposition to Plaintiff's Motion for a continuance of the April 28, 2004, Pre-Trial conference as well as the April 7, 2004, Pre-Trial Statement deadline. The reasons supporting this motion are more fully set forth in the accompanying Statement of Points and Authorities in support hereof:

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

FRANCES DARCANGELO,           )
                              )
    Plaintiff,               )
                              )
v.                            )   No. WDQ-02-816 (Civ.)
                              )
VERIZON MARYLAND, INC.,       )
                              )
                              )
                              )
    Defendant,               )

## STATEMENT OF POINTS AND AUTHORITIES

Plaintiff's counsel, Morris E. Fischer, Esq., Snider & Fischer, LLC., herein submits its Statement of Points and Authorities in support of its motion for a continuance.

1. It is evident from the motion of Mr. Burkhardt to withdraw from the case and the plaintiff's affidavit annexed hereto (exhibit "3"), coupled with that defendant has already submitted to the Court that the parties currently dispute the validity of a reported settlement agreement. According to Plaintiff she had no intention of agreeing to the settlements terms at the mediation.

2. While counsel does not choose to utilize this response as his opposition to Defendant's Motion to Enforce the Settlement, the issue of settlement was raised by Defendant as a central component to its opposition. Notably, the defense lawyer contends that the mediation lasted into the early hours of the next morning. As such, that would support Plaintiff's contention in her affidavit that she felt pressured at the mediation.

3.  That which Plaintiff has identified as the letter (exhibit "1") and email (exhibit "2")[1] correspondence from her prior attorney raise an issue as to whether the parties had in fact reached a settlement. They seemingly contradict the defendant's contention that a settlement had been reached.

4.  Regarding the letter, although Mr. Burkhardt writes on the first page, "the parties agreed to settle their lawsuit along the following lines" on the third page he writes,

> "At this point in time, Verizon believes we have an agreement. I believe we have an agreement. Whether we do in fact have an agreement at this time is a complex issue which would be determined by the nuances of applicable contract law. Regardless of that determination at this time (and again, I can't say what this is), I believe it is in your best interest to accept this settlement that has been agreed to." On page six he writes, "Not accepting the settlement I believe will result in disaster for your financially, and of greater concern, personally, because I believe you will only grow more ill if you continue your suit against Verizon (Exhibit "1")."

5.  In Mr. Burkhardt's email he writes, "Understand that it is by no means clear that this case has been "settled". That is a now a legal issue, based on the facts and circumstances present here" (Exhibit "2")."

6.  These statements unequivocally demonstrate that serious issues of fact exist here as to whether the case was settled. Certainly, the Plaintiff's prior attorney in one instance recommends that his client accept a settlement, that defense counsel contends was already settled. In the second instance, he squarely advises her that determination of the settlement is a legal issue.

---

[1] Counsel obtained written consent from his client to waive the confidentiality of these exhibits and has blacked out the portions of the correspondence of a more sensitive nature to the action.

7.     Plaintiff's affidavit contends that as a result of the dispute with her attorney she immediately sought other counsel, who was retained.  Both Counsel and Plaintiff were diligent in their actions in seeking representation and filing for the continuance.

## LEGAL ARGUMENT

The decision to grant or refuse a continuance rests with the sound discretion of the Court. *Compton v. United States* 334, F.2d 212, 219 (4th Cir. 1964).  The Supreme Court has held that while judicial economy is a concern, "unreasoning and arbitrary insistence on expeditiousness in the face of a justifiable request for delay" cannot supersede Plaintiff's timely request for a continuance.  *Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed. 2d 610 (1983).

In the case at bar, Plaintiff had no other choice but to seek a continuance.  The evidence presented to the Court raises a serious issue as to a justifiable reason Plaintiff had in no longer trusting her prior lawyer.  Rather than waste the Court's time, Plaintiff almost immediately sought new counsel, who within several days after being retained made an appearance on the case, requested the file from Mr. Burkhardt and consulted defense counsel for the continuance.  Without any file in front of Plaintiff's moving counsel, there was no alternative he had.

The cases relied upon by Defendant are not on point.  For example, *Compton v. United States, Supra* at 16, dealt with a Plaintiff who the Court described had "ample opportunity" prior to the trial date to procure other counsel.

Unquestionably, Ms. Darcangelo did not. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081 (7th Cir. 1982) involved an adverse party who appeared in court with four witnesses at a trial. The Court concluded that allowing a continuance at that point would impede the Court's efficient operation, as it would have been impossible to substitute another case in the same court room on that date. The same is certainly true with the State cases cited by Defense Counsel of *Weston v. Denny*, 480 P.2d 24 (Ariz. 1971); *Berger v. Mantle,* 63 P.2d 335 (Cal. App. 1936).

The case at bar does not deal with a trial setting as of yet. It pertains to a pre-trial conference, which if not held on the scheduled date will not result in the same type of loss to the Court as would a trial. It would however cause tremendous prejudice to the Plaintiff.

In Molthan v. Temple Univ., 778 F.2d 955 (3d Cir. 1985), the case involved a nine year old case and an extension for discovery after discovery had been open for two and a half years  The Court noted that while additional discovery could have been helpful, it wasn't enough of a reason to permit a new trial date. *Id.* at 958-959.

Finally, the *Grunewald v. Missouri P.R. Co*., 331 F.2d 983 (8th Cir. 1964) case dealt with an unexplained withdrawal on the eve of trial, in which the Court found no compelling reason to grant the continuance. In the case at bar, the withdrawal has been explained well before trial.

It would also be unreasonable to expect that Plaintiff trust her prior attorney with submission of the Pre-Trial Statement, given the circumstances as

evidenced by the correspondence between prior lawyer and client. Plaintiff should be entitled to prosecute her case with new counsel of her choosing at this stage of the pre-trial litigation.

The case is more similar *Toshin Products Co. v. Woods*, 1990 U.S. Dist. Lexis 2877, (D. MD. Mar. 9, 1990) where the District Court of Maryland held that a continuance was warranted to an attorney, who needed one through no negligence of his own and where the opposing party couldn't demonstrate that the prejudice caused to his party outweighed the moving party's need for the continuance.

WHEREFORE, Plaintiff respectfully requests that the Pre-Trial Conference set for April 28, 2004 and the Pre-Trial Statement April 7, 2004 be extended for 60 days.

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff