Edwin R. Burkhardt

Attorney at Law

Bar Admissions
Maryland
Pennsylvania
Wisconsin

901 Washington Avenue
Suite 303
Towson, Maryland 21204
Tel: (410) 583-0338
Fax: (410) 583-2378

Ms. Frances Darcangelo
P.O. Box 253
New Freedom, PA 17349

March 20, 2004

By email, U.S. mail, and Federal Express

Darcangelo v. Verizon WDQ-02-816

CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Dear Fran:

I am writing to address several issues.

Last Friday, March 12th, 2004, in the early morning hours (and after a marathon mediation session), an agreement was reached at the JAMS office in Washington D.C. to resolve your lawsuit against Verizon. In exchange for mutual considerations negotiated for and exchanged by both sides that night, the parties agreed to settle their lawsuit along the following lines:

1. Defendant will pay to Plaintiff $172,500 (one-hundred seventy two thousand five hundred dollars), of which 33% (or such higher % is as approved by Defendant's tax counsel) is compensation for Plaintiff's "Personal Injury" (Note: my belief is that the "Personal Injury" designation has significant tax advantages).

SPECIAL NOTE: A followup email I received from Verizon Attorney Lisa Birkdale on March 18, 2004 indicated that Verizon's tax counsel, which has approved language to the effect that one-half (50%) of this amount of $172,500.00 (that amount is $86,250.00–eighty six thousand two-hundred fifty dollars) can be designated as payment for "personal injury" in an

Edwin R. Burkhardt
Attorney at Law
Bar Admissions
Maryland
Pennsylvania
Wisconsin
401 Washington Avenue
Suite 303
Towson, Maryland 21204
Tel. (410) 583-0338
Fax (410) 583-2378

annuity. I am not a tax attorney and recommend that you retain tax counsel to review the tax consequences of this designation, although my belief is that payment so designated is not subject to income tax, resulting in a net benefit of the aggregate of the applicable federal and state tax rates (I believe these rates to be cumulatively in the range of 30-33%). IN OTHER WORDS, having half of the settlement in the form of a non-taxable annuity (which is technically not owned by you but for which you are the designated beneficiary by virtue of the annuity contract) will increase you "Net" proceeds by about $26,000. Put another way, I believe that your "net" present-day benefit to receiving half of the settlement in the form of a nontaxable annuity to be about $26,000+ more than if all of that amount was subject to federal and state income taxation i.e. $172,500 with half tax-exempt is the equivalent of about $198,000 or so that is entirely taxable.

This disadvantage of an annuity, of course, is that payments are received periodically, rather than in a lump sum. However, this also can have tax advantages, particularly if income tax rates decrease in the future. Again, I recommend that you retain counsel to review this.

2. Defendant will correct its records to reflect that Plaintiff was "laid off" effective March 11, 2004.

3. Defendant will purge its personnel records of all but the most bare and basic personnel records regarding the Plaintiff.

4. Plaintiff will not seek future employment with Defendants, its successors and assigns.

5. Plaintiff will fully release Defendant and all related entities, agents, and employees from all claims.

6. Defendant will direct CORE to correct its medical records to eliminate all references to Herpes Type II.

7. Defendant will request CORE purge all records in CORE's possession reference Plaintiff.

8. Defendant will direct Dr. Janofsky to purge all his records of any reference to Plaintiff.

9. Defendant will deliver to Plaintiff the Kleinmann tapes.

10. Plaintiff and Defendant will stipulate to the dismissal of all pending administrative and judicial actions between them and will request that the USDC Md. Seal the records in WDQ-02-816

11. Parties agree the terms of the settlement are confidential.

Edwin R. Burkhardt
Attorney at Law

Bar Admissions
Maryland
Pennsylvania
Wisconsin

901 Washington Avenue
Suite 303
Towson, Maryland 21204
Tel: (410) 583-0338
Fax: (410) 583-2378

12. Counsel will prepare a more detailed description of this settlement, including payment terms, full release language, etc. Both parties agree that time is of the essence in fulfillment of the terms of this agreement.

I note that of the provisions in that agreement, that several of those provisions (namely, paragraphs #6,7,8 and 9 were inserted at your insistence–I had little or (I believe) nothing to do with the insertion of those paragraphs in the agreement. Verizon asked for several of the paragraphs, including 4,5, 10, 11 & 12. I was heavily involved in the monetary demands which were made and agreed to, and in requesting that a large part of the settlement be designated for "personal injury" in the form of an annuity, so that you would realize significant tax benefits from this arrangement, and in requesting that the court files be sealed.

The agreement was signed in the early morning hours of March 12, 2004 by the attorneys–myself on your behalf, Martha Dye representing Verizon, and Lisa M. Birkdale representing Verizon.

You did not look at the agreement after it was written up and you did not sign it. Instead, you walked out into the Washington D.C. night at around 3 a.m. I had no idea what happened to you that night (you had no car, as your car was at the Metro stop, which had stopped running several hours before) until Sunday night, when I picked up an email you had sent to JAMS on Saturday and c.c.'d to me. The next I heard from you was Tuesday a.m., when you left a voice mail message asking me to call you.

At this point in time, Verizon believes we have an agreement. I believe we have an agreement. Whether we do in fact have an agreement at this time is a complex issue which would be determined by the nuances of applicable contract law. Regardless of that determination at this time (and again, I can't say what that is), I believe it is in your best interest to accept this settlement that has been agreed to.

[redacted]

[redacted]

Edwin R. Burkhardt

Attorney at Law

Bar Admissions
Maryland
Pennsylvania
Wisconsin

901 Washington Avenue
Suite 305
Towson, Maryland 21204
Tel: (410) 583-0338
[redacted] (410) 583-2378

[redacted]

[redacted]

[redacted]

More recently, you have treated me quite poorly, despite the substantial efforts and sacrifices I have made on your behalf, including delaying my move to the West Coast for several months last year, and flying out here three times in the last 4 months (in December, January, and March) to work on your case. Your email to me of March 16 was the topper--but is a perfect example of your inability to appreciate the damage and pain that such insulting and rude remarks inflict, notwithstanding that I have worked patiently on your behalf for the past four and a half years, and that I am (or was) one of your few semi-functional social contacts (I have probably spent more time talking to you than just about anybody else the last 18 months or so, including your therapists).

[redacted]

[redacted]

*Edwin R. Burkhardt*
*Attorney at Law*

Bar Admissions
Maryland
Pennsylvania
Wisconsin

901 Washington Avenue
Suite 303
Towson, Maryland 21204
Tel.
(410) 583-2378

[body text heavily redacted]

-5-

Edwin R. Burkhardt
Attorney at Law

Bar Admissions
Maryland
Pennsylvania
Wisconsin

901 Washington Avenue
Suite 303
Towson, Maryland 21204
Tel. (410) 583-0338
Fax (410) 583-2378

Not accepting the settlement I believe will result in disaster for you financially, and of greater concern, personally, because I believe you will only grow more ill if you continue your suit against Verizon. I believe pursuing this suit has worsened your condition, and will continue to worsen it.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Edwin R. Burkhardt
Attorney at Law
Bar Admissions
Maryland
Pennsylvania
Wisconsin
401 Washington Avenue
Suite 303
Towson, Maryland 21204
Tel: (410) 583-0338
Fax: (410) 583-2378

agreement specifies that "TIME IS OF THE ESSENCE" i.e. an agreement must be worked out quickly.

If you have concerns or questions, please contact me.

Very Truly Yours,

Edwin R. Burkhardt
151 S. 297th Place
Federal Way, WA 98003
Counsel for Plaintiff Frances Darcangelo

ENCLOSURES:

--Handwritten "Settlement Agreement" dated March 12, 2004
--Typed 3-page "Settlement Agreement" (WORDPAD DOCUMENT)
--Retainer Agreement
--Letter of Understanding
--ALR & AmJur Excerpts