IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| **FRANCIS DARCANGELO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 02CV 816 (WDQ) |
| v. ) | |
| ) | |
| **VERIZON MARYLAND, INC.,** ) | |
| ) | |
| Defendant. ) | |

## MOTION TO QUASH SUBPOENA

Maria Walsh, a resident of Newton, Massachusetts, who served as a mediator in the above-styled matter, hereby moves this court for the entry of an order pursuant to Fed. R. Civ. P. 45 quashing the subpoena issued to her by Verizon Maryland, Inc. ("Verizon") for her appearance at the hearing scheduled for May 17, 2004 in Baltimore, Maryland. The grounds for this motion, as more fully set forth in the accompanying memorandum, are as follows:

1. The subpoena "Issued by the United States District Court for the District of Maryland" seeking to compel the attendance of a witness who resides and maintains her offices in Massachusetts, is facially invalid, having been issued in derogation of Fed. R. Civ. P. 45(b)(2).

2. The subpoena issued by Verizon seeks to compel Ms. Walsh to testify concerning the conduct of the mediation in this

TROUT & RICHARDS
P.L.L.C.
ATTORNEYS AT LAW
SUITE 1220
1350 CONNECTICUT AVE., N.W.
WASHINGTON, D.C. 20036

202-463-1920
FAX 202-463-1925

case. This is contrary to the express provisions of Local Rule 607 which provides that

> The Court's ADR process is confidential. Unless otherwise agreed by the parties and the Court no disclosure shall be made to anyone, including the judicial officer to whom the case is assigned, of any dispute resolution communication that in any respect reveals the dispute resolution positions of the parties or advice or opinions of neutrals. No such communication shall be admissible in any subsequent proceeding except as permitted by the Federal Rules of Evidence.

Local Rule 607(4). The Local Rules provide that "[t]he parties may agree to the use of a neutral other than a Magistrate Judge," Local Rule 607(1), thus placing Ms. Walsh's mediation under the scope of the Local Rule. The court should therefore quash the subpoena pursuant to the express provisions of Fed. R. Civ. P. 45(c)(3)(A)(iii).

3.   The services of Ms. Walsh as a party selected mediator were supplied through JAMS, a company specializing in alternative dispute resolution services. The subpoena issued by Verizon seeks to compel Ms. Walsh to testify concerning the conduct of the mediation in this case in contravention of the provisions of the parties' mediation agreement which provided

> The parties agree not to call the mediator or any JAMS employee as a witness or as an expert in any pending or subsequent litigation or arbitration involving the parties and relating in any way to the dispute that is the subject of the mediation. The parties and JAMS agree that the mediator and any JAMS employee will be disqualified as a witness or as an expert in any pending or subsequent proceeding relating to the

TROUT & RICHARDS
P.L.L.C.
ATTORNEYS AT LAW
SUITE 1220
1350 CONNECTICUT AVE., N.W.
WASHINGTON, D.C. 20036

202-463-1920
FAX 202-463-1925

> dispute that is the subject of the mediation. The parties agree to defend the mediator and JAMS from any subpoenas from outside parties arising out of this Agreement or mediation.

The court should therefore quash the subpoena pursuant to the express provisions of Fed. R. Civ. P. 45(c)(3)(A)(iii).

    4. The subpoena issued by Verizon seeks to compel Ms. Walsh to testify concerning the conduct of the mediation in this case in contravention of the JAMS Ethical Guidelines, which provide in part that:

> [a] mediator should not disclose confidential information without permission of all parties or unless required by law, court rule or other legal authority. A mediator must not use confidential information acquired during the mediation to gain personal advantage or advantage for others, or to affect adversely the interests of others. If the mediation is being conducted under rules or laws that require disclosure of certain information, a mediator should so notify the parties prior to beginning the mediation session.

JAMS Mediators Ethic Guidelines IV ("A Mediator Should Maintain The Confidentiality Of The Process").

    5. The subpoena issued by Verizon is unduly burdensome under all of the circumstances, entitling Ms. Walsh to protection under Fed. R. Civ. P. 45(c)(3)(A)(iv). In addition, Verizon has failed in its obligation to take reasonable steps to avoid imposing undue burden or expense on Ms. Walsh as required by Fed. R. Civ. P. 45(c).

TROUT & RICHARDS
P.L.L.C.
ATTORNEYS AT LAW
SUITE 1220
1350 CONNECTICUT AVE., N.W.
WASHINGTON, D.C. 20036

202-463-1920
FAX 202-463-1925

The grounds for this motion are more fully set forth in the accompanying memorandum of law.

Respectfully submitted,

MARIA C. WALSH

By Counsel:

_____
Robert P. Trout
(Bar ID 01669)
John Thorpe Richards, Jr.
(Bar ID 12209)
TROUT & RICHARDS, P.L.L.C.
Suite 1220
1350 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 463-1920
Fax:   (202) 463-1925

### Certificate of Service

I, hereby certify that on this 13th day of May, 2004, a true copy of this motion together with the accompanying memorandum, exhibits and proposed order were served electronically on counsel accepting ECF service and that each person who will not be notified electronically according to the attached Notice of Electronic Filing was served with a true copy of the above document by messenger.

_____
John Thorpe Richards, Jr.

TROUT & RICHARDS
P.L.L.C.
ATTORNEYS AT LAW
SUITE 1220
1350 CONNECTICUT AVE., N.W.
WASHINGTON, D.C. 20036

202-463-1920
FAX 202-463-1925