IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCIS DARCANGELO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 02CV 816 (WDQ) |
| VERIZON MARYLAND, INC., | ) |
| Defendant. | ) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MARIA WALSH'S MOTION TO QUASH SUBPOENA

I. Introduction.

Maria Walsh, a lawyer who lives and works in Newton, Massachusetts, and who served as the parties' selected mediator in this case, has been served with a subpoena commanding her to appear for a hearing in this action on May 17, 2004.

As a mediator in support of the parties' ADR efforts, Ms. Walsh is precluded, both by Local Rule 607 and the ethical rules promulgated by JAMS, from providing testimony concerning the mediation. Moreover, when the parties engaged Ms. Walsh's services as a mediator, they agreed to the terms of the standard JAMS Mediation Agreement which precludes either party from calling Ms. Walsh as a witness in this matter.

In addition to the substantive legal problems created by Verizon's subpoena, Verizon has served on Ms. Walsh a facially

TROUT & RICHARDS
P.L.L.C.
ATTORNEYS AT LAW
SUITE 1220
350 CONNECTICUT AVE., N.W.
WASHINGTON, D.C. 20036

202-463-1920
FAX 202-463-1925

deficient subpoena which impermissibly seeks to compel her to appear in Baltimore, Maryland for a hearing when she lives and works in Massachusetts. The subpoena issued by Verizon should be quashed.

## II. Discussion.

A. **Verizon's Subpoena to Ms. Walsh violates Fed. R. Civ. P. 45(b).**

Attached to this Memorandum as Exhibit 1 is a copy of the subpoena issued to Ms. Walsh by Verizon. Although she certainly travels to perform certain jobs, such as the mediation that was held in this case, Ms. Walsh lives and works in Massachusetts. See Declaration of Maria Walsh attached hereto as Exhibit 2. A subpoena issued from the District of Maryland purporting to compel the attendance of a witness who resides and works in Massachusetts, is facially defective in that it does not comply with the territorial requirements of Fed. R. Civ. P. 45(b)(2). Simply put, it is improper to attempt to compel a witness who resides and works in Massachusetts to appear as a witness for a hearing in Baltimore. In re: Guthrie, 733 F.2d 634, 637 (4th Cir. 1984); see generally 9A C. Wright & A. Miller, Federal Practice & Procedure § 2461 (1995 & 2004 Suppl.). Not only is the subpoena facially non-compliant with the requirements of Fed. R. Civ. P. 45(b)(2), but it also falls within the category

TROUT & RICHARDS
P.L.L.C.
ATTORNEYS AT LAW
SUITE 1220
1350 CONNECTICUT AVE., N.W.
WASHINGTON, D.C. 20036

202-463-1920
FAX 202-463-1925

of subpoenas that "shall" be quashed pursuant to the express terms of Fed. R. Civ. P. 45(c)(3)(A)(ii).

### B. Ms. Walsh Is Prohibited from Testifying Concerning the Conduct of the Mediation in this Case.

Local Rule 607 authorizes the use of all alternative dispute resolution procedures in cases pending before this court. In addition to designating Magistrate Judges as a panel of neutrals, the Local Rules provide that "[T]he parties may agree to the use of a neutral other than a Magistrate Judge." Local Rule 607(1). That was the process of mediation followed in this case, when the parties agreed to use Maria Walsh, a neutral mediator provided by JAMS.

The Local Rules also provide for confidentiality of the ADR process.

> The Court's ADR process is confidential. Unless otherwise agreed by the parties and the Court no disclosure shall be made to anyone, including the judicial officer to whom the case is assigned, of any dispute resolution communication that in any respect reveals the dispute resolution positions of the parties or advice or opinions of neutrals. No such communication shall be admissible in any subsequent proceeding except as permitted by the Federal Rules of Evidence.

Local Rule 607(4). This rule is similar to the provisions of Fourth Circuit Rule 33, and Ms. Walsh is precluded by this Rule from providing testimony in this action. See In re: Anonymous, 283 F.3d 627 (4th Cir. 2002). When confronted with a request to

TROUT & RICHARDS
P.L.L.C.
ATTORNEYS AT LAW
SUITE 1220
350 CONNECTICUT AVE., N.W.
WASHINGTON, D.C. 20036

202-463-1920
FAX 202-463-1925

3

permit the testimony of a mediator from a case participating in the Fourth Circuit's mediation program, the Court of Appeals denied the request on the basis of its Local Rule as follows:

> [W]e observe that allowing disclosures by the mediator in subsequent proceedings implicates concerns well beyond those implicated by disclosures of other participants to a mediation. For example, our granting of consent for the mediator to participate in any manner in a subsequent proceeding would encourage perceptions of bias in future mediation sessions involving comparable parties and issues, and it might encourage creative attorneys to attempt to use our court officers and mediation program as a discovery tool.

Id. at 639. The Fourth Circuit quoted with approval the following statement of the Ninth Circuit in NLRB v. Macaluso, Inc., 618 F.2d 51 (9th Cir. 1980):

> If [mediators] were permitted or required to testify about their activities, or if the production of notes or reports of their activities could be required, not even the strictest adherence to purely factual matters would prevent the evidence from favoring or seeming to favor one side or the other. The inevitable result would be that the usefulness of the [mediation program] in the settlement of future disputes would be seriously impaired, if not destroyed.

In re: Anonymous, 283 F.3d at 639 (quoting Macaluso, 618 F.2d at 54).

Because the Fourth Circuit's Local Rule precluded the testimony of the Mediator in In re: Anonymous, the Court of Appeals reserved the issue of whether a federal mediation privilege exists. Id. at 639 n.16. Most federal courts that have considered the issue, however, have found such a privilege

TROUT & RICHARDS
P.L.L.C.
ATTORNEYS AT LAW
SUITE 1220
350 CONNECTICUT AVE., N.W.
WASHINGTON, D.C. 20036

202-463-1920
FAX 202-463-1925

4

to exist. See In re: RDM Sports Group, Inc., 277 B.R. 415, 426-431 (N.D. Ga. 2002); Sheldone v. Pennsylvania Turnpike Comm'n, 104 F. Supp. 2d 511, 512-17 (W.D. Pa. 2000); Folb v. Motion Picture Indus. Pension & Health Plans, 16 F. Supp. 2d 1164, 1168-80 (C.D. Cal. 1998). The federal privilege covering mediators that is outlined in these cases comes fully into play here, and should preclude any forced testimony from Ms. Walsh concerning the conduct of the mediation in this case.

    **C.  The Standard Provision of the JAMS Mediation Agreement Precludes the Parties from Seeking the Testimony of Ms. Walsh.**

In addition to the provisions of Local Rule 607 and the federal privilege against the testimony of mediators, the parties in this case are bound by the terms of the standard JAMS Mediation Agreement which provides, in part:

> The parties agree not to call the mediator or any JAMS employee as a witness or as an expert in any pending or subsequent litigation or arbitration involving the parties and relating in any way to the dispute that is the subject of the mediation. The parties and JAMS agree that the mediator and any JAMS employee will be disqualified as a witness or as an expert in any pending or subsequent proceeding relating to the dispute that is the subject of the mediation. The parties agree to defend the mediator and JAMS from any subpoenas from outside parties arising out of this Agreement or mediation.

See Exhibit 3, attached. This standard provision, transmitted to the parties with the JAMS engagement letter, as well as

TROUT & RICHARDS
P.L.L.C.
ATTORNEYS AT LAW
SUITE 1220
350 CONNECTICUT AVE., N.W.
WASHINGTON, D.C. 20036

202-463-1920
FAX 202-463-1925

published on the JAMS website,[1] should preclude the parties from seeking the testimony of Ms. Walsh in this case. Indeed, this provision is included in the standard JAMS Mediation Agreement specifically to avoid the very situation presented here. Having accepted the mediation services pursuant to this agreement, the parties should be precluded from avoiding their obligation to refrain from involving the neutral mediator in merits of their disputes.

> **D. The JAMS Ethical Guidelines Under which the Mediation Was Conducted Also Prohibit Ms. Walsh's Testimony.**

Presumably, one of the reasons that the parties in this case selected their neutral mediator through JAMS is because JAMS has well established, published, ethical guidelines for the conduct of mediations. Those guidelines provide, in part, as follows:

> [a] mediator should not disclose confidential information without permission of all parties or unless required by law, court rule or other legal authority. A mediator must not use confidential information acquired during the mediation to gain personal advantage or advantage for others, or to affect adversely the interests of others. If the mediation is being conducted under rules or laws that require disclosure of certain information, a mediator should so notify the parties prior to beginning the mediation session.

TROUT & RICHARDS
P.L.L.C.
ATTORNEYS AT LAW
SUITE 1220
1350 CONNECTICUT AVE., N.W.
WASHINGTON, D.C. 20036

202-463-1920
FAX 202-463-1925

---

[1] See http://www.jams-endispute.com/images/PDF/MediationAgreement.doc.

JAMS Mediators Ethic Guidelines IV ("A Mediator Should Maintain The Confidentiality Of The Process").[2] Again, these are the ethical guidelines that the parties in this action submitted to when they agreed to utilize a JAMS mediator to facilitate ADR efforts. Despite efforts of JAMS staff to determine if both parties would waive these confidentiality provisions, to date, JAMS has been informed that no such waiver will be given by the plaintiff. See Exhibit 4. For this reason, the JAMS ethical Guidelines also preclude Ms. Walsh from providing testimony in this matter.

**E.   The Verizon Subpoena Is Unduly Burdensome Under All Of The Circumstances, Entitling Ms. Walsh To Protection Under Fed. R. Civ. P. 45(c)(iv).**

Putting aside all other considerations, the effort by Verizon to compel Ms. Walsh to travel to Baltimore to provide testimony in the face of the substantial legal issues that preclude her from testifying about the conduct of the mediation, should generally persuade the court that relief is warranted under Fed. R. Civ. P. 45(c)(3)(A)(iv).

TROUT & RICHARDS
P.L.L.C.
ATTORNEYS AT LAW
SUITE 1220
1350 CONNECTICUT AVE., N.W.
WASHINGTON, D.C. 20036

202-463-1920
FAX 202-463-1925

---

[2] See http://www.jams-endispute.com/mediation/ethics.asp.

7

For the foregoing reasons, Maria C. Walsh moves this court for the entry of an order pursuant to Fed. R. Civ. P. 45 quashing the subpoena issued to her.

>Respectfully submitted,
>
>MARIA C. WALSH
>
>By Counsel:
>
>_____
>Robert P. Trout
>(Bar ID 01669)
>John Thorpe Richards, Jr.
>(Bar ID 12209)
>TROUT & RICHARDS, P.L.L.C.
>Suite 1220
>1350 Connecticut Avenue, N.W.
>Washington, D.C. 20036
>Phone: (202) 463-1920
>Fax:   (202) 463-1925

TROUT & RICHARDS
P.L.L.C.
ATTORNEYS AT LAW
SUITE 1220
350 CONNECTICUT AVE., N.W.
WASHINGTON, D.C. 20036

202-463-1920
FAX 202-463-1925