IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

FRANCIS DARCANGELO,                )
                                   )
            Plaintiff,             )
                                   )    Case No. 02CV 816 (WDQ)
     v.                            )
                                   )
VERIZON MARYLAND, INC.,            )
                                   )
            Defendant.             )

## DECLARATION OF MARIA C. WALSH

1. I reside in Newton, Massachusetts. I conduct my mediation/arbitration practice from my office at 119 Grasmere Street, Newton, Massachusetts. I routinely use the conference rooms and other facilities of JAMS at One Beacon Street, 23d Floor, Boston, Massachusetts in my practice. From time to time I use JAMS or other facilities to conduct mediations in other cities. I also serve part-time as "Of Counsel" to the law firm of Perkins, Smith & Cohen, whose offices are at One Beacon Street, 30th Floor, Boston, Massachusetts.

2. I served as the mediator in a dispute involving Frances Darcangelo and Verizon Maryland, Inc.

3. The mediation was administered by JAMS pursuant to the JAMS Dispute Resolution Guidelines.

4. The mediation was conducted at an office maintained by JAMS in Washington, D.C.

5. I typically conduct mediations in person using both joint conferences and single-party caucuses. It is my normal

practice in all mediations to remind the participants at the outset of the first joint meeting that the mediation is subject to the JAMS confidentiality agreement. As part of my normal practice, I explain that the agreement to maintain the confidentiality of the mediation prohibits any participant, including me, from disclosing what is discussed at the mediation. Most cases that I mediate involve litigation. It is my normal practice to explain that the purpose of the confidentiality agreement is to promote candid discussions that might not be possible if the participants had to worry about subsequent publication. I always explain that if the dispute does not settle, information from the mediation cannot be used in subsequent litigation. It is also my normal practice to explain that if an agreement is reached during the mediation, the basic terms of the agreement will be reduced to writing for signature to confirm the settlement; and counsel will prepare a more detailed description of the settlement terms at a later date. I advise the participants that my sole objective is to help them resolve their dispute. I explain that I have no stake in the outcome of their dispute, but I will do my best to assist them to settle their dispute. I typically advise the parties that almost every dispute that I have mediated has been settled by the parties; and I always ask the participants if anyone knows of any reason why their dispute cannot be settled that day.

2.

I declare under penalty that the foregoing is true and correct.

Date: May 13, 2004         _____
                           Maria C. Walsh

2