February 27, 2004

Karen Wahle Esq.
O'Melveny & Myers LLP
555 13th Street, N.W.
Washington, DC 20001 USA

Edwin R. Burkhardt Esq.
151 S. 297 Place
Federal Way, WA 98003

Martha Dye Esq.
O'Melveny & Myers LLP
1625 Eye Street N.W.
Washington, DC 20006 USA

Lisa M. Birkdale Esq.
Verizon Services Group
Legal Department
185 Franklin St.
Boston, MA 02108-1585

Re:  Darcangelo, Frances / Verizon Maryland Inc.
     Ref. No.: 1400008243

Dear Counsel:

Thank you for selecting JAMS as your dispute resolution provider in the above-referenced mediation. This letter will confirm that all parties have agreed to the Mediation and we have reserved the following:

DATE(S):   March 11, 2004, at 10:00 AM for 8.00 hours
PLACE:     JAMS
           555 13th Street, NW
           Suite 400 West
           Washington, DC 20004
PANELIST:  Maria C. Walsh Esq.

Enclosed please find our Mediation Agreement, Fee Agreement and Cancellation Policy (Exhibit A), and if applicable, an *estimated* invoice for your share of the fees. To prevent delay of your session, payment should be mailed directly to our California address upon receipt of the invoice. Please include reference number, 1400008243, on your check for faster processing. Also note that any additional time spent by the panelist as well as any expenses incurred, including lunches served, will be billed following the mediation.

Mediation summaries of no more than twenty (20) double-spaced pages and any other relevant documents that you wish the Neutral to review must be received no later than 7 calendar days in advance of the hearing. Each party's summary will present its position with respect both to liability and damages. Parties may agree to exchange summaries.

All Counsel
Confirmation Letter - Page 2

Please note that pursuant to our cancellation policy, if any party cancels the matter after February 25, 2004, all fees are non-refundable unless we are successful in re-booking the panelist's time. We urge each of you to review the enclosed agreement and Exhibit A, sign, and return on behalf of your client within 7 days.

We look forward to working with you toward a fair and cost-effective resolution of this dispute. If you have any questions or concerns, please feel free to contact me.

Sincerely,

Roxanne W. Zinkowitz
Senior Case Manager
RZinkowitz@jamsadr.com

Enclosures

# JAMS MEDIATION AGREEMENT
## Case Name: Darcangelo, Frances / Verizon Maryland Inc.

### 1. *Mediation*

***The Mediator's Role***: The parties agree to submit the above-captioned matter for a non-binding mediation. The parties understand that the role of the mediator is not to render a decision but to assist the parties in reaching a mutually acceptable resolution.

***Disclosure***: The mediator, each party, and counsel confirm that they have disclosed any past or present relationship or other information that a reasonable person would believe would influence the mediator's impartiality. The mediator practices in association with JAMS. From time to time, JAMS may enter into arrangements with corporations (including insurance companies), government entities, and other organizations to make available dispute resolution professionals in a particular locale, for a specific type of matter or training, or for a particular period of time. In addition, other professionals in JAMS may have served as neutrals in matters involving the parties hereto. The mediator is not aware of any aspect of these relationships that would create a conflict or interfere with his/her acting as a mediator in this matter.

Each JAMS neutral, including the neutral in this case, has an economic interest in the over-all financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.

***Participants and Procedure***: The mediation session will be attended by representatives of the parties with full settlement authority and may be attended by counsel. The parties will follow the recommendation of the mediator regarding the agenda most likely to resolve the dispute.

During the session, the mediator may have joint and separate meetings with the parties and their counsel. If a party informs the mediator that information is conveyed by the party to the mediator in confidence, the mediator will not disclose the information.

At the discretion of the mediator or upon the request of the parties, the mediator will provide an evaluation of the parties' cases and of the likely resolution if the dispute is not settled. The parties agree that the mediator is not acting as an attorney or providing legal advice on behalf of any party.

JAMS Agreement to Mediate - Page 2
Darcangelo, Frances / Verizon Maryland Inc.
JAMS Ref. No.: 1400008243

The parties and/or their representatives will make themselves available for further discussions or meetings after the mediation session if such discussions are necessary or seem likely to be useful.

The parties agree to participate in good faith in the entire mediation process. If a party wishes to terminate its participation for any reason, it may do so by giving notice to JAMS and the other parties.

## 2. *Confidentiality*

This entire process is a compromise negotiation. All offers, promises, conduct and statements, whether oral or written, made in the course of the mediation by any of the parties, their agents, employees, experts and attorneys, and by the mediator and JAMS employees, who are the parties' joint agents and mediators for purposes of these compromise negotiations, are confidential. Such offers, promises, conduct, and statements (a) will not be disclosed to third parties (except persons associated with the participants in the process), and (b) are privileged and inadmissible for any purpose, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule or common law provisions. However, evidence previously disclosed or known to a party, or that is otherwise admissible or discoverable shall not be rendered confidential, inadmissible or not discoverable solely as a result of its use in the mediation.

## 3. *Disqualification of Mediator and Exclusion of Liability*

The parties agree not to call the mediator or any JAMS employee as a witness or as an expert in any pending or subsequent litigation or arbitration involving the parties and relating in any way to the dispute that is the subject of the mediation. The parties and JAMS agree that the mediator and any JAMS employee will be disqualified as a witness or as an expert in any pending or subsequent proceeding relating to the dispute that is the subject of the mediation. The parties agree to defend the mediator and JAMS from any subpoenas from outside parties arising out of this Agreement or mediation. The parties agree that neither the mediator nor JAMS is a necessary party in any arbitral or judicial proceeding relating to the mediation or to the subject matter of the mediation. Neither JAMS nor its employees or agents, including the mediator, shall be liable to any party for any act or omission in connection with any mediation conducted under this Agreement.

JAMS Agreement to Mediate - Page 3
Darcangelo, Frances / Verizon Maryland Inc.
JAMS Ref. No.: 1400008243

### 4. *Records*

Any documents provided to the mediator by the parties can be destroyed by JAMS 120 days after the conclusion of the mediation, unless JAMS is otherwise instructed by the parties.

### 5. *Fees*

The parties and their attorneys agree to pay JAMS as set forth in Exhibit A, which is incorporated in this Agreement.

_____
Karen Wahle Esq.
O'Melveny & Myers LLP

_____
Martha Dye Esq.
O'Melveny & Myers LLP

_____
Edwin R. Burkhardt Esq.

_____
Lisa M. Birkdale Esq.
Verizon Services Group

JAMS Mediation Agreement
EXHIBIT A - Fee Agreement and Cancellation Policy for Ref. No. 1400008243

1. **Professional Fees**

   Professional services for this mediation, including, but not limited to, reading and other preparation time, the mediation session, extra session time, and any additional services or work, will be billed at the mediator's hourly rate. Fees for unused scheduled time will not be refunded. The professional fee for Maria C. Walsh Esq. is $300.00 per hour.

2. **Additional Fees**

   A. *Case Management Fees*: A non-refundable fee of 10% of Professional Fees with a minimum of $150 per party. The Case Management Fee includes case coordination, use of conference facilities, document handling (agreements, position statements, supporting materials, exhibits and briefs), copying, faxing, postage and administrative support.

   B. *Expenses*: Food and beverage costs incurred by the parties at the mediation will be invoiced to the parties at cost.

   C. *Travel*: If travel is required and is not included in a package rate, travel time is billed at half the mediator's hourly rate, unless otherwise agreed to. Travel expenses are billed at cost.

   D. *Reading/Research Fees*: Parties may be billed for expected reading and research time. Unused portions of these fees are refundable.

3. **Cancellation and Rescheduling Policy**

   Fees for mediation sessions are non-refundable if a session is canceled or rescheduled less than 15 days before the original session date, unless the mediator's time can be rescheduled for other client work. Cancellation and rescheduling fees will be paid by the cancelling party.

4. **Payment**

   A. Mediation fees and expenses will be borne by the defendants.

   B. Defendant agrees to pay the estimated fees prior to the mediation. *The mediation will not be held unless such fees are paid.* Unless it otherwise agrees, JAMS is not bound by agreements between or among the parties with respect to its fees.

   C. *Parties and counsel are separately liable for the payment of mediation fees and expenses.*

   PLEASE SIGN BELOW:

   BY: _____          BY: _____

   FOR: _____          FOR: _____

   DATED: _____          DATED: _____

   BY: _____          BY: _____

   FOR: _____          FOR: _____

   DATED: _____          DATED: _____