IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO,<br><br>    Plaintiff,<br><br>    v.<br><br>VERIZON MARYLAND INC.,<br><br>    Defendant. | No. WDQ-02-816 (Civ.) |

### UNOPPOSED MOTION TO SEAL HEARING ON DEFENDANT'S MOTION TO ENFORCE SETTLEMENT

Pursuant to Rule 105.11 of the Rules of the United States District Court for the District of Maryland, defendant Verizon Maryland Inc. ("Verizon") respectfully moves the Court to seal the May 17, 2004 hearing on its Motion to Enforce Settlement for the following reasons:

1. The subject of the hearing is a confidential settlement agreement, to which the parties agreed on March 12, 2004. Failure to seal the hearing would eviscerate the parties' agreed-upon confidentiality provision.

2. Although the common law presumes a right of public access to judicial proceedings, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), this right is not unlimited and may be outweighed by competing interests. *Id.* at 598-99; *see also In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296, 1995 WL 541623 (4th Cir. Sept. 13, 1995) (Table, Text in WESTLAW).[1]

3. Here, important competing interests outweigh the presumptive right of public access. The hearing at issue deals solely with a private dispute between the parties regarding a

---

[1] In addition to the common law right of access, the First Amendment provides a separate guarantee of public access applicable in limited circumstances not relevant here. *See In re Policy Mgmt. Sys. Corp.*, 1995 WL at *8 (describing limited scope of the First Amendment right).

confidential settlement agreement that is of no significance to the general public. In order to preserve the framework of the parties' settlement agreement, its confidentiality should not be jeopardized by requiring the parties to make the agreement and the witnesses' testimony about it a matter of public record. Indeed, if settlement enforcement proceedings could not be conducted in a closed courtroom, agreements to settlement confidentiality would be unenforceable and thus meaningless.

4. To make enforcement of a settlement agreement contingent upon its terms being made public would be unfair to the party seeking to enforce the settlement agreement and would conflict with the federal courts' expressed policy of "foster[ing] settlement in order to advantage the parties and promote 'great saving in judicial time and services.'" *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 185 (4th Cir. 1993) (citation omitted). The assurance of confidentiality is a one of the very reasons that parties to litigation elect to resolve their disputes through settlement, and to disregard that assurance is to discourage settlement.

5. Because the settlement enforcement hearing inevitably will require the confidential settlement agreement to be entered into evidence and will necessitate witness testimony about the agreement's terms, there is no viable alternative to sealing the hearing that would adequately address the parties' confidentiality concerns.

6. Counsel for defendant has consulted with plaintiff's counsel, who has assented to this motion.

For the above reasons, defendant respectfully requests that the May 17, 2004 hearing on Defendant's Motion to Enforce Settlement be conducted under seal.

|  |  |
|---|---|
| Dated: May 14, 2004 | _____/s/_____<br>Tom Jerman, Bar No. 013660<br>Karen M. Wahle, Bar No. 013658<br>Martha Dye, Bar No. 015057<br>O'MELVENY & MYERS LLP<br>1625 Eye Street, N.W.<br>Washington, D.C. 20006<br>(202) 383-5300<br>(202) 383-5414 (facsimile)<br>Counsel for Defendant<br>Verizon Maryland Inc. |

DC1:585798.1