IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
FRANCES DARCANGELO,
                              *
     Plaintiff,
v.                            *   CIVIL NO.: WDQ-02-816

VERIZON MARYLAND INC.,        *

     Defendant.               *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Pending before the Court is Verizon Maryland Inc.'s ("Verizon") motion to enforce settlement. An evidentiary hearing was conducted on May 17, 2004, at which both sides had the opportunity to present witnesses and documentary evidence. *See Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983). Having considered the evidence presented at the hearing and the written submissions of the parties, the Court concludes that the settlement agreement cannot be enforced.

BACKGROUND

Attempting to resolve an employment discrimination suit pending between Frances Darcangelo and Verizon, the parties and their counsel attended a mediation at the Washington, D.C. offices of JAMS, an alternative dispute resolution organization. Dye Dec. ¶¶ 3-4.

The mediation began at 10:00 a.m. on March 11, 2004, when the JAMS mediator, Maria C. Walsh, Esquire, described the mediation process to the parties. *Id.* at ¶ 6. After Walsh concluded her opening remarks, the parties adjourned to two separate meeting rooms. *Id.* at ¶ 7. Walsh then met with Darcangelo and her attorney for several hours to discuss the case and determine Darcangelo's demands. *Id.*

Walsh relayed Darcangelo's demands to Verizon and discussed the case with Verizon's representatives for several hours. *Id.* Verizon made a counteroffer which Walsh took to Darcangelo. *Id.* This process of offer and counteroffer continued for many hours. *Id.* Finally, at about 2:45 a.m. on March 12, 2004, Walsh relayed an offer to Verizon from Darcangelo which Verizon accepted. Dye Dec. ¶¶ 10-11.

Believing that an agreement had been reached, Walsh wrote up the terms of the agreement. Darcangelo Aff. ¶ 17. Darcangelo refused to sign the agreement and left the JAMS office at about 3:00 a.m. *Id.* ¶¶ 17-18, 22, 24. The parties' attorneys then signed the settlement agreement on behalf of the parties. Dye Dec. ¶¶ 12, 15.

On March 26, 2004, Verizon learned that Darcangelo did not believe she had agreed to settle the case and intended to proceed to trial. *Id.* ¶ 17.

ANALYSIS

A trial court has inherent equitable power to enforce a settlement agreement. *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 298 (4th Cir. 2000). Because the "exercise of authority to enforce settlement agreements depends on the parties' agreement to a complete settlement, the court cannot enforce a settlement agreement until it concludes that a complete agreement has been reached and determines the terms and conditions of that agreement." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002) (*citing Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983)).

Verizon asserts that the settlement agreement should be enforced because Darcangelo's attorney had apparent authority to settle the case, and by signing the agreement on his client's behalf, created a complete agreement. Memo. in Support of Def.'s Mot. to Enforce Settlement 9-11. Darcangelo argues that she felt pressured by her attorney and the mediator to settle the case, causing her to leave the mediation, and that her attorney was not authorized to settle the dispute. Darcangelo Aff. ¶ 20.

The Restatement (Second) of Agency defines apparent authority as "the power to affect the legal relations of another person by transaction with third persons, professedly as agent for the other." *Metco Products, Inc. v. NLRB*, 884 F.2d 156, 159 (4th Cir. 1989) (*citing* Restatement (Second) of Agency (1957)). "When a principal, through his acts or omissions, causes a third party, in good faith and in the exercise of reasonable prudence, to rely on the agent's authority to act on the principal's behalf, the agent can bind the principal." *Auvil v. Grafton Homes, Inc.*, 92 F.3d 226, 230 (4th Cir. 1996) (*citing Crothers v. Commodity Futures Trading Comm'n*, 33 F.3d 405, 410 (4th Cir. 1994)).

From the well-established tenet that an agent cannot create his own authority to represent a principal, however, it follows that an agent's authority must be conferred by "some manifestation by the *principal* that the agent is authorized to act on the principal's behalf." *Id.* (*citing* Restatement (Second) of Agency §§ 7-8 (1957)) (emphasis in original).

When a client retains an attorney to represent her in litigation, the attorney has implied authority to conduct the litigation and negotiate its resolution, but substantive decisions such as whether to settle or dismiss the suit, "are not by implication ones that the attorney is authorized to

4

make." *Id.* (*citing Schafer v. Barrier Island Station, Inc.*, 946 F.2d 1075, 1079 (4th Cir. 1991)).

To determine that an attorney had authority to settle a case for her client, therefore, the court must find that the client communicated or represented to the opposing party that her counsel had her permission to settle. *Id.* at 231.

It is undisputed that although Darcangelo was present at the mediation, she left before its conclusion and without signing the settlement agreement. On similar facts, in *Auvil v. Grafton Homes, Incorporated*, the Fourth Circuit found that a client's conduct in leaving a negotiation session after meeting privately with his attorney, who then informed the opposing party that the client had agreed to settle the case, "communicated nothing about [his] attorney's authority" to settle. *Id.* To permit a finding of apparent authority on that basis, without a representation from the client to the opposing party that the attorney was authorized to settle the case, "would abrogate the fundamental requirement of agency law that the agent's apparent authority flow from the principal's conduct." *Id.*

## CONCLUSION

Because the record is devoid of evidence indicating that Darcangelo agreed to the terms of the settlement agreement, or

represented to Verizon that her attorney was authorized to settle the case on her behalf, the settlement agreement cannot be enforced.

| | |
|---|---|
| _May 18, 2004_<br>Date | _____/s/_____<br>William D. Quarles, Jr.<br>United States District Judge |