IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCES DARCANGELO,

    Plaintiff,

v.

VERIZON MARYLAND INC.,

    Defendant.

No. WDQ-02-816 (Civ.)

## UNOPPOSED MOTION TO SEAL HEARING ON DEFENDANT'S MOTION TO ENFORCE SETTLEMENT

Pursuant to Rule 105.11 of the Rules of the United States District Court for the District of Maryland, defendant Verizon Maryland Inc. ("Verizon") respectfully moves the Court to seal the May 17, 2004 hearing on its Motion to Enforce Settlement for the following reasons:

1. The subject of the hearing is a confidential settlement agreement, to which the parties agreed on March 12, 2004. Failure to seal the hearing would eviscerate the parties' agreed-upon confidentiality provision.

2. Although the common law presumes a right of public access to judicial proceedings, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), this right is not unlimited and may be outweighed by competing interests. *Id.* at 598-99; *see also In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296, 1995 WL 541623 (4th Cir. Sept. 13, 1995) (Table, Text in WESTLAW).[1]

3. Here, important competing interests outweigh the presumptive right of public access. The hearing at issue deals solely with a private dispute between the parties regarding a

---

[1] In addition to the common law right of access, the First Amendment provides a separate guarantee of public access applicable in limited circumstances not relevant here. *See In re Policy Mgmt. Sys. Corp.*, 1995 WL at *8 (describing limited scope of the First Amendment right).

---

[Handwritten margin annotation:] Motion Granted this 18 day of May, for reasons stated in open Court, after hearing held and arguments of the parties heard.

[Signature] William D. Quarles, Jr., U.S. District Judge