UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. WDQ-02-816 (Civ.) |
| ) | |
| VERIZON MARYLAND, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant, ) | |

## MOTION TO AMEND SCHEDULING ORDER

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this Motion to amend this action's scheduling order and allow for Plaintiff to name an economic expert, within sixty days following a jury verdict in favor of Plaintiff, and for an order that an economic expert is not a prerequisite for a "Front Pay" award. The reasons supporting this motion are more fully set forth in the accompanying Statement of Points and Authorities in support hereof:

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

FRANCES DARCANGELO, )
)
    Plaintiff, )
)
v. ) No. WDQ-02-816 (Civ.)
)
VERIZON MARYLAND, INC., )
)
)
)
    Defendant, )

## STATEMENT OF POINTS AND AUTHORITIES

Plaintiff's counsel, Morris E. Fischer, Esq., Snider & Fischer, LLC., herein submits its Statement of Points and Authorities in support of its motion for a continuance.

1. As this Court is aware of the events leading up to the May 24, 2004 Pre-Trial conference, it is not necessary for Plaintiff to repeat them. During the first week of this month, our office received that which purported to be Ms. Darcangelo's entire file from her previous attorney. The file came in four large cardboard boxes and was in no particular order. Our office spent several weeks simply sifting through the documents to organize them in a coherent manner.

2. It became evident that Plaintiff's prior counsel failed to name an Economist as an expert witness in this case. Counsel later verified this fact with prior counsel.

3. Upon learning of this potential deficiency, counsel contacted Defense counsel seeking a stipulation to amend the scheduling order and allow an Economist to be named. Defense counsel did not consent to this request, advising that a vocational expert had

already been named in the action, who could possibly testify to the value of future economic losses sustained by the Plaintiff.

4. Over the past three weeks, Counsel has had an opportunity to review the plaintiff's file and on Friday, June 25, 2004, Counsel met with Ms. Darcangelo regarding her case and specifically with respect to this issue. Following this review and Ms. Darcangelo's confirmation, Plaintiff contends that "Front Pay", an equitable remedy decided by a Court, will be an issue in this case because it is Plaintiff's position that Plaintiff's reinstatement with Defendant Verizon would not be a workable remedy for the parties.

5. The Supreme Court has ruled that "Front Pay" is an equitable remedy, to be decided by the Court following a Plaintiff's jury verdict. Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 150 L.Ed.2d 62, 121 S. Ct. 1946, (2001). As such, should Plaintiff prevail at trial, and the Court finds that reinstatement is not workable, then a separate hearing will be held on the issue of "Front Pay."[1]

6. Federal Rule of Procedure 16(b) requires that good cause is required to amend a scheduling order. In Collins v. Old Republic Title Co., 1997 U.S. Dist. LEXIS 5308[2], the Court permitted Plaintiff's attorney to list an expert witness out of time and to amend the scheduling order to list an expert witness out of time, where Plaintiff sought the amendment at the final Pre-Trial Conference. The expert, an accountant, was to provide testimony regarding present value of lost wages. The Court reasoned that the Defendant would suffer no prejudice by the late addition and that Defendant would have the opportunity to depose the expert prior to the trial, and as such, granted the amendment.

---

[1] Although this request may be premature at this time, counsel has made their motion at this point in order to avoid the possible defense of counsel being derelict or delinquent in raising this point.

[2] See Appendix "A" under Local Rule 105 (5)(a) as the opinion is for "Electronic Publication Only"

7.   In the case at bar, Defendant will suffer no unfair prejudice because the economic expert would not even be applicable until after a Plaintiff's jury verdict. At such time, Plaintiff requests that the Court set a brief discovery schedule allowing Plaintiff 60 days to name an economic expert and the defendant 60 days to depose such expert prior to the hearing.

8.   It is unclear as to whether the Court would permit an award of Front Pay damages to Plaintiff in the absence of expert testimony. The Fifth, Sixth, Seventh and Eighth Circuits have all held that jurors are capable of enough to apply modern economics to reduce gross loss to present value intelligently once they have been instructed. Bonura v. Sea Land Service, Inc., 512 F.2d 671, 1975 U.S. App. LEXIS 16098 (5th Cir. La. 1975), citing Heater v. Chesapeake and Ohio Railway Co., 497 F.2d 1243, (7th Cir. 1974), cert denied, 419 U.S. 1013, 42 L. Ed. 2d 287, 95 S. Ct. 333, (1974); Duncan v. St. Louis-San Francisco Ry. Co., 480 F.2d 79, 87 (8th Cir. 1973), cert denied, 414 U.S. 859, 94 S. Ct. 69, 38 L. Ed. 2d 109 (1973); Baynum v. Chesapeake and Ohio Ry. Co., 456 F.2d 658, 660-661 (6th Cir. 1972); Pennsylvania Railroad Co. v. McKinley, 288 F.2d 262, 265 (6th Cir. 1961). The Bonura Court noted that only the Third Circuit stood alone in its disagreement with the majority of Circuits. Id. at 7.

9.   Counsel has found no Fourth Circuit case directly ruling on this issue. Consequently, if the Court were to rule that such economic expert was necessary, then Plaintiff would be highly prejudiced if the scheduling order would not be amended.

10.  The Bonura Court further noted that while an economic expert is not a prerequisite for establishing future economic losses, nonetheless it is "decidedly the

better practice." Consequently, should the Court rule that such expert is not necessary, Ms. Darcangelo should nonetheless have the decision to retain one.

WHERFORE, Plaintiff respectfully requests that the Court permit a front pay award in the absence of an economic expert and to allow Plaintiff, within 60 days following a Plaintiff's Jury verdict, 60 days to name an economic expert.

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq.
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. WDQ-02-816 (Civ.) |
| ) | |
| VERIZON MARYLAND, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant, ) | |

### ORDER

Upon consideration of the Motion to Amend the Scheduling Order, it is hereby ordered on this _____ day of _____ 2004, that said motion is hereby GRANTED to allow for Plaintiff to name an economic expert, within sixty days following a jury verdict in favor of Plaintiff; and it is further

ORDERED that an economic expert is not a prerequisite for a "Front Pay" award.

_____
United States District Judge