Service: **Get by LEXSEE®**
Citation: **1997 U.S. Dist. LEXIS 5308**

*1997 U.S. Dist. LEXIS 5308, \**

BARBARA S. COLLINS, Plaintiff, v. OLD REPUBLIC TITLE COMPANY OF KANSAS CITY, INC., Defendant.

CIVIL ACTION No: 96-2246-GTV

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

1997 U.S. Dist. LEXIS 5308

April 14, 1997, Decided
April 14, 1997, FILED; April 15, 1997, ENTERED ON THE DOCKET

**NOTICE:** [*1]  FOR ELECTRONIC PUBLICATION ONLY

**DISPOSITION:** Motion of Plaintiff Barbara Collins to List an Expert Witness Out of Time and Amend Scheduling Order to Allow Her to Do So (doc. 26) sustained.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff individual filed a motion to list an expert witness out of time and to amend the scheduling order to allow her to do so. Defendant title company opposed the motion as untimely. In the alternative it sought permission to depose the expert, an additional 30 days thereafter to disclose its own expert witnesses, and to conduct any factual discovery necessitated by the designation of the accountant.

**OVERVIEW:** The individual proposed to designate an accountant to testify as an expert about the damages she claimed and their present value. The individual conceded her untimeliness. In mitigation she showed that she had contacted 17 different accountants or accounting firms in an effort to retain an expert witness. The individual also claimed that her attorney had an oral agreement with defense counsel to extend her deadline for an indefinite period. The court sustained the individual's motion because although the action was scheduled for trial, sustaining the motion would not cause undue prejudice to the title company. The damages claimed by the individual consisted mostly of lost wages and employment and retirement benefits. Providing the amounts in terms of present value would serve the interests of both parties. The individual showed good cause and excusable neglect for allowing the untimely designation. The court allowed the title company to depose the accountant and granted it 30 days after the deposition to disclose to the individual its own expert witnesses on the subject of damages and to conduct any factual discovery necessitated by the designation of the accountant.

**OUTCOME:** The court sustained the individual's motion to list an expert witness out of time and to amend the scheduling order to allow her to do so. The court allowed the title company to depose the accountant and granted it 30 days after the deposition to disclose to the individual its own expert witnesses on the subject of damages and to conduct any factual discovery necessitated by the designation of the accountant.

**CORE TERMS:** expert witness, untimeliness, designation, designate, discovery, deadline, pretrial conference, deposition, own expert, depose, good cause, oral agreement, present value, necessitated, mitigation, accountant, contacted, disclose

**LexisNexis(R) Headnotes** ◆ Hide Headnotes

Civil Procedure > Discovery Methods > Expert Witness Discovery
Civil Procedure > Trials > Pretrial Conferences

*HN1* A scheduling order is binding and requires good cause for any modification. Nevertheless, the court may allow the deposition of a newly designated expert witness after the pertinent deadline and after the close of discovery if the opposing party would incur no prejudice by the untimeliness of the designation. More Like This Headnote

**COUNSEL:** For BARBARA S COLLINS, plaintiff: Laurence M. Jarvis, Laurence M. Jarvis, Chartered, Kansas City, KS.

For OLD REPUBLIC TITLE COMPANY OF KANSAS CITY, INC., defendant: John J. Jurcyk Jr., Jeanne Gorman Rau, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS.

**JUDGES:** Gerald L. Rushfelt, United States Magistrate Judge

**OPINIONBY:** Gerald L. Rushfelt

**OPINION: MEMORANDUM AND ORDER**

The court has before it the Motion of Plaintiff Barbara Collins to List an Expert Witness Out of Time and Amend Scheduling Order to Allow Her to Do So (doc. 26). Plaintiff thereby proposes to designate Timothy Wilson, an accountant, to testify as an expert about the damages she claims and their present value. Defendant opposes the motion as untimely. In the alternative it seeks permission to depose the expert, an additional 30 days thereafter to disclose its own expert witnesses and to conduct any factual discovery necessitated by the designation of Wilson, and to identify any additional fact witnesses that might be required as [*2] a result of his testimony.

At the pretrial conference on February 25, 1997, plaintiff orally moved for leave to designate Timothy Wilson as an expert witness. On that date her counsel also provided defendant with a copy of the report of Mr. Wilson, ostensibly pursuant to Fed. R. Civ. P. 26(a)(2)(B). The court overruled the oral motion on grounds of untimeliness. It did so without prejudice to a similar motion in writing, to which defendant would have opportunity to respond.

Plaintiff concedes her untimeliness in now designating Mr. Wilson against a deadline of October 1, 1996, set by the Scheduling Order. In mitigation she demonstrates by her affidavit that, to conserve costs, she began in September 1996 an unsuccessful effort to find and retain an expert witness. She initially contacted a relative who disqualified himself. Between September and February she contacted 17 different accountants or accounting firms. All except Timothy Wilson declined. On February 21, 1997, he agreed to be her expert witness. She paid him a retainer of $ 2,000 prior to his preparing his report.

In further mitigation of her untimeliness plaintiff states that her attorney had an oral agreement with defense [*3] counsel to extend her deadline for an indefinite period; albeit they did not specifically agree to an extension from October 1 to February 25. In her list of witnesses, filed December 2, 1996, plaintiff included an unidentified expert "who will testify concerning the plaintiff's damages and present value of benefits and remuneration lost out on by plaintiff." In response to the motion, defendant asserts it did not agree to an unlimited extension and assumed by the time of the pretrial conference that plaintiff had abandoned any intent to designate an expert witness. It suggests that some of its strategic decisions were based upon that assumption.

In support of her motion plaintiff also cites *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352 (D.Kan. 1991). The court there emphasized [HN1] the binding nature of a scheduling order and the requirement of good cause for any modification. It nevertheless allowed the deposition of a newly designated expert witness eight months after the pertinent deadline and five months after the close of discovery. The court found the opposing party would incur no prejudice by the untimeliness of the designation. Unlike the present action, however, the case had [*4] not yet proceeded to final pretrial conference. Nor had the court set it for trial.

Although the present case is scheduled for trial on a calendar to begin June 2, 1997, the court finds that the present motion can and should be sustained without causing undue prejudice to defendant. The pretrial order indicates that the damages claimed by plaintiff consist mostly of lost wages and employment and retirement benefits. To provide those amounts in terms of present, rather than gross, value should serve the interests of both parties. That consideration aside, plaintiff has demonstrated good cause and excusable neglect for allowing the designation at this late date. Defendant does not contend that the report of Timothy Wilson, submitted on February 25, fails to comply with Rule 26(a)(2)(B). As mentioned in its alternative proposal, defendant should yet have time to depose Mr. Wilson, designate its own expert witness, and pursue any necessary discovery.

Notwithstanding its order, the court does not condone the untimeliness of plaintiff. She should have filed one or more timely motions as necessary to extend the deadline for her expert witnesses. She should not have relied simply upon an [*5] uncertain oral agreement with opposing counsel. The fact that her present request can be accommodated without prejudice to defendant saves her in this instance.

For the foregoing reasons the court sustains the Motion of Plaintiff Barbara Collins to List an Expert Witness Out of Time and Amend Scheduling Order to Allow Her to Do So (doc. 26). The designation of Timothy Wilson as an expert witness on the subject of alleged damages is deemed to be made. As requested by defendant, the court will allow it to depose Mr. Wilson. The court directs plaintiff and her counsel, therefore, to cooperate with defendant for that purpose, in order that such deposition may proceed as early as possible. The court will also grant defendant an additional 30 days after the deposition to disclose to plaintiff its own expert witnesses, if any, on the subject of damages and to conduct any factual discovery necessitated by the designation of Timothy Wilson. In no event, however, shall these additional procedures delay trial.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 14th day of April, 1997.

Gerald L. Rushfelt

United States Magistrate Judge

Service: Get by LEXSEE®
Citation: 1997 U.S. Dist. LEXIS 5308
    View: Full
Date/Time: Thursday, July 1, 2004 - 9:50 AM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
ⓐ - Citing Refs. With Analysis Available

https://www.lexis.com/research/retrieve?_m=0f1fd9930afdb2260c6c41577c4d4126&csvc=l...    7/1/2004

Get a Document - by Citation - 1997 U.S. Dist. LEXIS 5308    Page 4 of 4

Case 1:02-cv-00816-WDQ    Document 86-2    Filed 07/01/2004    Page 4 of 4

🅘 - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.