UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. WDQ-02-816 (Civ.) |
| ) | |
| VERIZON MARYLAND, INC., ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR CONTINTUANCE

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this Motion for a continuance of the Pre-Trial conference scheduled for Wednesday, September 22, 2004, as well as the Pre-Trial Statement deadline. Counsel for Plaintiff has contacted Counsel for the Defendant who objects to this motion. The reasons supporting this motion are more fully set forth in the accompanying Statement of Points and Authorities in support hereof:

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

FRANCES DARCANGELO,           )
                              )
        Plaintiff,            )
                              )
    v.                        )    No. WDQ-02-816 (Civ.)
                              )
VERIZON MARYLAND, INC.,       )
                              )
        Defendant.            )

## **STATEMENT OF POINTS AND AUTHORITIES**

Plaintiff's counsel, Morris E. Fischer, Esq., Snider & Fischer, LLC., herein submits its Statement of Points and Authorities in support of its motion for a continuance.

1. On March 23, 2004, the plaintiff, Francis Darcangelo, formerly executed a retainer agreement with our office. She had a previous attorney, Edwin Burkhardt, Esq., whom she terminated.

2. Immediately following our firm being retained as counsel, Counsel for Plaintiff requested a copy of Mr. Burkhardt's complete file of the case.

3. As Counsel was preparing for trial, it became apparent that the files Mr. Burkhardt sent were incomplete.

4. Besides the Complaint and Interrogatory Responses of Plaintiff being missing from the file, our review of the deposition transcripts revealed that pages were missing from several witness depositions, and various deposition exhibits were missing.

5. With regard to the missing Plaintiff interrogatories, on July 9, 2004, our office requested from Defense Counsel to provide same to us. They were not provided until July 27, 2004.

6. On July 22, 2004, our office sent a good faith request from defense counsel for a continuance on this matter and advising them of the missing materials. Same was denied on July 26, 2004. (see exhibit "A" ).

7. Plaintiff's counsel went out of its way to avoid motion practice in this matter. On July 28, 2004, our office prepared an itemized list of missing exhibits and deposition pages that we requested to be turned over by Monday, August 2, 2004. (see exhibit "B")

8. Defense Counsel failed to contact our office with respect to the missing exhibits and pages, thus, it failed to act in good faith in preventing this motion from occurring. If there exists a good faith reason(s) as to why defense counsel has been unresponsive, our office has not heard it.

9. Our office has been in contact with the court reporting companies who took the above referenced depositions to obtain the materials. One reporting company, Gore Reporting Company, specifically advised us that they no longer have the exhibits for the respective deposition transcripts. That reporting company administered the depositions of Barbara Lee, James Conrad, Gottlieb Fleig and Marianne Moxey. Another reporting company, Grande Reporting Company, administered the deposition of Charles English and advised our office that it turned in the exhibits to the prior attorney. With regard to the missing transcript pages from the Alderson Reporting Company, said company

acknowledges our request for the missing transcript pages, however, it has not yet located them to send to our office.

10.     The Plaintiff's case would be severely prejudiced if a continuance was not granted due to the aforementioned circumstances.

11.     There are twenty eight deposition exhibits for Charles English alone (See exhibit "C").   One of them was described in the deposition as being thirty pages and another being one hundred fifty eight (see exhibit "D").  Consequently these are significant materials in the case and counsel requires adequate time to review them.

12.     A motion to compel has been filed simultaneously with this motion requesting that the Court direct that Defendant provide the missing materials to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Pre-Trial Conference set for September 22, 2004, the Pre-Trial Statement deadline, as well as any other applicable deadlines be extended for 60 days following the production of the materials solely in Defendant's possession to Plaintiff.

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. WDQ-02-816 (Civ.) |
| ) | |
| VERIZON MARYLAND, INC., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Upon consideration of the motion for continuance, it is hereby ordered that said motion is hereby GRANTED and that:

1. The September 22, 2004, Pre-Trial Conference is hereby rescheduled for _____.

2. The Pre-Trial Statement shall be submitted by _____.

3. All other applicable deadlines be extended for 60 days following the Defendant's delivery of materials as outlined in Plaintiff's Motion to Compel.

						_____
						William D. Quarles, Jr.
						United States District Judge