UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>VERIZON MARYLAND, INC., )<br>)<br>    Defendant. ) | No. WDQ-02-816 (Civ.) |

## MOTION TO COMPEL DOCUMENTS

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this Motion to compel discovery and for sanctions. The reasons supporting this motion are more fully set forth in the accompanying Statement of Points and Authorities in support hereof:

                                    Respectfully Submitted,

                                    /s/
                                  _____
                                  Morris E. Fischer, Esq
                                  MD: Bar No. 26286
                                  Snider & Fischer, LLC
                                  104 Church Lane
                                  Baltimore, Maryland 21209
                                  410-653-9060 phone
                                  410-653-9061 fax
                                  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. WDQ-02-816 (Civ.) |
| ) | |
| VERIZON MARYLAND, INC., ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF POINTS AND AUTHORITIES

Plaintiff's counsel, Morris E. Fischer, Esq., Snider & Fischer, LLC., herein submits its Statement of Points and Authorities in support of its motion for a continuance.

1. On March 23, 2004, the plaintiff, Francis Darcangelo, formerly executed a retainer agreement with our office. She had a previous attorney, Edwin Burkhardt, Esq., whom she terminated.

2. Immediately following our firm being retained as counsel, Counsel for Plaintiff requested a copy of Mr. Burkhardt's complete file of the case.

3. As counsel was preparing for trial, it became apparent that the file Mr. Burkhardt sent was incomplete.

4. Besides the Complaint and Interrogatory Responses of Plaintiff being missing from the file, our review of the deposition transcripts revealed that pages were missing from several witness depositions, and various deposition exhibits were missing.

5. With regard to the missing Plaintiff interrogatories, on July 9, 2004, our office requested from Defense Counsel provide same to us. They were not provided until July 27, 2004.

6. On July 22, 2004, our office sent a good faith request from defense counsel for a continuance on this matter informing counsel of the missing exhibits and transcript pages. Same was denied on July 26, 2004. (see exhibit "A").

7. On July 28, 2004, our office prepared an itemized list of missing exhibits and deposition pages that we requested to be turned over by Monday, August 2, 2004 (see exhibit "B").[1]

6. Defense Counsel failed to contact our office with respect to the missing exhibits and pages, thus, it failed to act in good faith in preventing this motion from occurring. If there exists a good faith reason(s) as to why defense counsel has been unresponsive, our office has not heard it.

7. Our office has been in contact with the court reporting companies who took the above referenced depositions to obtain the materials. One reporting company, Gore Reporting Company, specifically advised us that they no longer have the exhibits for the respective deposition transcripts. That reporting company administered the depositions of Barbara Lee, William Conrad, Gottlieb Fleig and Marianne Moxey. Another reporting company, Grande Reporting Company, administered the deposition of Charles English and advised our office that it turned in the exhibits to the prior attorney. With regard to the missing transcript pages from the Alderson Reporting Company, said company

---

[1] It should be noted that since that letter some of the items on the list were located. However, the items that remain outstanding are listed in this motion.

acknowledges our request for the missing transcript pages, however, it has not yet located them to send to our office.

8.  As such, the following items remain missing:

**Deposition**
| | |
|---|---|
| Barbara Lee | - All exhibits are missing |
| James P. Conrad | - exhibits 1, 16 and 17 are missing |
| Gotleib Fleig | - exhibits 20 and 21 are missing |
| Ann Sewell | - exhibits 1, 4, and 7 and the exhibit for the confidential portion is missing |
| Charles English | - all exhibits are missing |
| Marian Moxey | - all exhibits except 1 and 4 are missing |

**Missing pages**
| | |
|---|---|
| Martin Kranitz | - 125-132 |
| Charles English | -153-155 |
| | -175 |

9.  There is no other practical way for counsel to obtain these deposition exhibits and transcript pages. Counsel has exhausted all efforts with the reporting companies as well as Plaintiff's prior attorney to obtain these materials. As such, Plaintiff's case would be severely prejudiced the Court did not compel defense counsel to provide the missing pages and exhibits to Complainant's counsel.

WHEREFORE, Plaintiff respectfully requests that the Court direct that the Defendant provide the items as stated above within 10 days of order.

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq

MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

FRANCES DARCANGELO, )
                    )
    Plaintiff,      )
                    )
    v.              )   No. WDQ-02-816 (Civ.)
                    )
VERIZON MARYLAND, INC., )
                    )
    Defendant.      )

### ORDER

Upon consideration of the motion for continuance, it is hereby ordered that said motion is hereby GRANTED and that: Defendant within 10 days of this order shall provide the following items to Plaintiff:

**Deposition**
Barbara Lee        - All exhibits
James P. Conrad    - exhibits 1, 16 and 17
Gotleib Fleig      - exhibits 20 and 21
Ann Sewell         - exhibits 1,4, 7 and the exhibit for the confidential portion
Charles English    - all exhibits
Marian Moxey       - all exhibits except 1 and 4

**Missing pages**
Martin Kranitz     - 125-132

Charles English    -153-155
                   -175

_____
William D. Quarles, Jr.
United States District Judge