IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO,<br><br>      Plaintiff,<br><br>v.<br><br>VERIZON MARYLAND INC.,<br><br>      Defendant. | No. WDQ-02-816 (Civ.) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**

Defendant Verizon Maryland Inc. ("Verizon"), by and through its undersigned counsel, respectfully submits its opposition to plaintiff's Motion to Amend Scheduling Order [Dkt. #86]. Plaintiff's motion seeks permission to add a new phase to the litigation following a hypothetical jury verdict in her favor. During this phase, she proposes to name a new expert regarding front pay, who was not disclosed prior to the deadline for designating experts in the case, and to reopen expert discovery.

**INTRODUCTION**

Despite the fact that discovery closed in this action more than a year ago and plaintiff's expert designations were due nearly two years ago, plaintiff now asks this Court to reopen the deadlines for expert designations and expert discovery to permit her to designate an economist as an expert, *if* it becomes necessary because she prevails at trial and is allowed to seek front pay. Plaintiff's motion comes too late, and should be denied because plaintiff has failed to make a showing of good cause and the relief plaintiff requests will prejudice Verizon.

**ARGUMENT**

I. **PLAINTIFF CANNOT DEMONSTRATE GOOD CAUSE TO AMEND THE SCHEDULING ORDER AT THIS LATE DATE.**

Plaintiff filed this action on March 15, 2002. Pursuant to a scheduling order entered by the Court, plaintiff was required to disclose the identity of the experts she intended to use at trial by November 22, 2002. (*See* Scheduling Order, dated October 23, 2002 [Dkt. # 13].) The period for non-expert discovery in the case closed on March 28, 2003, and expert discovery closed on April 30, 2003. (*See* Agreed-Upon Revised Scheduling Order, approved February 25, 2003 [Dkt. #21].)

In order to justify any amendment to a scheduling order – much less one seeking, as here, to reopen two-year-old deadlines, a party must make a "showing of good cause." Fed. R. Civ. P. 16(b). Plaintiff here has not made any such showing. Indeed, the only reason that plaintiff gives to amend the scheduling order is that plaintiff's prior counsel failed to name an economist as an expert witness and that plaintiff now fears that such an expert may be necessary in order to establish an entitlement to front pay.

Plaintiff's decision to hire a new attorney at this late stage in the case or the fact that her new attorney has a different view of case strategy does not constitute "good cause" justifying the extraordinary amendment to the scheduling order that plaintiff seeks. Indeed, if a change in counsel were sufficient reason to allow plaintiff to designate a new expert, it would open the door for new counsel to revisit all of the decisions made by prior counsel during discovery and the lengthy history of litigation in this action. It is therefore unsurprising that this Court has ruled in similar circumstances that the same relief requested by plaintiff here was unwarranted. *See Sturdivant v. Med. Eng'g Corp.*, 121 F.R.D. 51, 52-53 (D. Md. 1988) (denying motion to

reopen discovery and designate new experts, and observing that the client must "bear the consequences of retaining an attorney unable to prove his claim").[1]

Moreover, plaintiff's "new counsel" justification is a far cry from the mitigating circumstances that led the court in *Collins v. Old Republic Title Co. of Kansas City, Inc.*, No. 96-2246-GTV, 1997 U.S. Dist. LEXIS 5308 (D. Kan. Apr. 14, 1997) (*cited in* Pl.'s Br. ¶ 6) to allow a late expert designation.  There, the plaintiff demonstrated that she had diligently sought to retain an expert for months and had an oral agreement with opposing counsel to extend the expert deadline.  *Id.* at *2-*3.  Moreover, the delay was just four months.  *Id.* at *3.  None of these circumstances apply here.

Finally, plaintiff has identified nothing egregious about her prior counsel's conduct of the litigation during discovery that would suggest that her rights would in any way be prejudiced by being required to abide by the decisions she made pursuant to his advice with respect to the designation of experts or otherwise.  Plaintiff designated two experts, including a vocational expert who submitted a report that included information regarding her future earning potential.  Furthermore, plaintiff's prior counsel, with her active participation, vigorously litigated the case, conducting 10 depositions, demanding during discovery more than 5000 pages of Verizon's business records, and successfully opposing Verizon's motion for summary judgment.  This is not a situation where plaintiff's case languished due to lack of attention by prior counsel – rather,

---

[1] *See also Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996) ("There is no principle that each new attorney for a litigant must have an independent opportunity to conduct discovery.  Shortcomings in counsel's work come to rest with the party represented.  They do not justify extending the litigation, at potentially substantial expense to the adverse party.") (citation omitted); *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994) (denying plaintiff opportunity to reopen discovery and introduce new expert following change in counsel); *Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo. 2003) ("That new counsel is dissatisfied with the state of the case it inherited is not grounds . . . for reopening discovery long after the court-ordered deadlines have passed."); *Colletti v. Fagin*, No. 90C IV 4591(DNE)(MHD), 1999 WL 126461, at *3 (S.D.N.Y. Mar. 10, 1999) ("[W]e see no reason to reopen discovery on the eve of trial merely to permit replacement counsel to do those things that she believes her predecessor should have done nearly seven years ago.").

it suggests merely that plaintiff's original counsel had a different view as to the advisability of retaining an economic expert. *See Schneider v. San Bernardino County*, 33 F.3d 59, 1994 WL 441779, at *5-*6 (9th Cir. Aug. 15, 1994) (denial of motion to reopen discovery not justified where there was no indication that prior counsel's performance was inadequate). Accordingly, plaintiff cannot demonstrate good cause to amend the scheduling order.

## II. VERIZON WILL SUFFER PREJUDICE IF PLAINTIFF'S MOTION IS GRANTED.

Plaintiff's argument in support of her motion relies heavily on her assertion that Verizon will not be prejudiced by permitting her to designate a new expert and reopen discovery after the trial in this action. This argument is misguided. To allow plaintiff to designate yet another expert and reopen discovery after trial would subject Verizon to substantial additional expense and delay. Plaintiff contemplates adding at least an additional four months to the lengthy saga that this case has already become, during which time Verizon will be forced to continue to compensate its attorneys and to undergo the expense of taking discovery of the new expert, as well as undoubtedly retaining a counter-expert, commissioning another expert report, and defending the deposition of the counter-expert. Furthermore, there is no guarantee that additional motion practice will not arise from this additional phase of the litigation that plaintiff seeks to tack on the end. Verizon has already endured significant expense and delay in resolving this matter due to plaintiff's decision to retain new counsel after the close of discovery, and will be substantially prejudiced if the present motion is granted. *See Marcin Eng'g LLC*, 219 F.R.D. at 523-24 (reopening expert discovery after the substitution of counsel would prejudice opposing party because, *inter alia,* it would "add to Marcin's burden in prosecuting what has already been an unnecessarily contentious, time consuming and expensive action for all concerned.").

## **CONCLUSION**

For the reasons set forth above, plaintiff's motion to amend the scheduling order should be denied.[2]

Dated:  August 5, 2004

          /s/                  
Karen M. Wahle, Bar No. 013658
Martha Dye, Bar No. 015057
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C.  20006
(202) 383-5300
(202) 383-5414 (facsimile)

Counsel for Defendant
Verizon Maryland Inc.

DC1:594190.1

---

[2] In the alternative, Verizon should be permitted 60 days following the designation of plaintiff's expert to identify a counter-expert, and a scheduling order should be entered to govern expert discovery.