UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. WDQ-02-816 (Civ.) |
| | ) |
| VERIZON MARYLAND, INC., | ) |
| | ) |
| | ) |
| | ) |
| Defendant, | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO THE**

**MOTION TO AMEND SCHEDULING ORDER**

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby respectfully submits its response to Defendant's opposition to the Motion to Amend Scheduling Order [Dkt. #94]. Plaintiff's motion seeks to allow for Plaintiff to name an economic expert, within sixty days following a jury verdict in favor of Plaintiff, and for an order that an economic expert is not a prerequisite for a "Front Pay" award.

**INTRODUCTION**

Plaintiff contends that "Front Pay", an equitable remedy decided by the Court, will be at issue because Plaintiff's reinstatement with Defendant will not be a workable remedy for the parties. As such, should Plaintiff prevail at trial, and the Court find that reinstatement is not workable, a separate post-trial hearing would be held on that issue. Because there is good cause and Defendant will not suffer harm, Plaintiff respectfully requests that the Motion to Amend Scheduling Order be granted.

**ARGUMENT**

I. <u>THIS MOTION DOES NOT CHANGE OR AMEND ANY CURRENT SCHEDULING ORDER</u>.

The court does not need to decide this issue right now as it is not yet ripe[1]. In fact, the court's grant of the motion does not ever necessarily conflict with the original scheduling order. It is this naming of an expert witnesses, that Plaintiff wishes to amend. The fact that an economist was not previously named as an expert witness, should not preclude Plaintiff from doing so at this time because this economist will not be a witness at trial, nor will his findings bear on any liability or other issue at trial. This is strictly an expert witness to testify at a post trial motion for damages, if the jury finds for Plaintiff.

II. <u>GOOD FAITH AND LACK OF PREJUDICE TO DEFENDANT</u>

Defendant's good faith argument and cited case law are unrelated to the facts in the issue at bar. Defendant's central good faith argument is that hiring a new attorney does not afford same the opportunity to "revisit all of the decisions made by prior counsel during discovery." Defendant cites to *Sturdivant v. Med. Eng'g Corp.*, 121 F.R.D. 51, 52-53 (D. Md. 1988) in which the court denied a motion to reopen discovery and designate new experts. Defendant also footnotes four additional cases which all state that hiring a new attorney after discovery closes, does not allow that new attorney the opportunity to reopen discovery.

---

[1] Counsel has made their motion at this point in order to avoid the possible defense of counsel being derelict or delinquent in raising this point.

2

The cases that Defendant cites deal with the specific issue of a party hiring a new attorney after discovery has been completed, and a Motion for Summary Judgment has been filed.  <u>See</u> *Sturdivant* at 51-52; <u>See also</u> *Carson v. Bethlehem Steel Corp.*, 82 F. 3d 157, 159, (7th Cir. 1996).  In those situations, it was unfair to reopen discovery and to re-litigate the entire case.  In *Sturdivant,* the court specifically stated:

> "If this Court were to approve this plaintiff's request to reopen discovery and, in effect, to have a second attempt, through a new lawyer, to muster evidence in support of a dubious claim, it would undercut the rationale of *Anderson* and *Celotex,* and would set an intolerable precedent. A plaintiff who became dissatisfied with the performance of his attorney in presenting evidence at the summary judgment stage or at trial could seek to reopen discovery or to have another trial, with new counsel, eternally hoping, as did Wilkins Micawber in *David Copperfield,* that "something will turn up." <u>Id</u>, at 52.

However, the circumstances in this case are far different.  Here, discovery has been completed and Plaintiff does not seek to reopen it.  Summary Judgment Motions have been filed, and Plaintiff does not seek to reverse the court's ruling.  Similarly, Plaintiff does not seek to alter the trial in any way.

In *Collins v. Old Republic Title Co.*, 1997 U.S. Dist. LEXIS 5308, the Court was presented with the exact same issue and permitted Plaintiff's attorney to list an expert witness out of time.  The Court reasoned that the Defendant would suffer no prejudice by the late addition and that Defendant would have the opportunity to depose the expert prior to the trial, and as such, granted the amendment.  Therefore, Plaintiff respectfully requests that she be allowed to add an economist as an expert witness.

Defendant has also argued in their opposition, <u>See</u> footnote #2, that in the event that the Court grant Plaintiff's motion to allow her to name an expert witness, they wish to be given 60 days following the designation to identify a counter-expert and that a new

3

scheduling order be entered to govern the expert discovery. Plaintiff agrees with rationale and would certainly be amenable to giving Defendant the opportunity to identify a counter expert.

III. <u>DEFENDANT HAS CONCEEDED THAT AN EXPERT WITNESS IS NOT NECESSARY TO DETERMINE FRONT PAY DAMAGES</u>

Plaintiff's motion contained two arguments. The first was that she should be allowed to name an expert witness at this time. The second argument contended that upon a successful jury verdict, the Court could permit an award of Front Pay damages to Plaintiff without the necessity of expert testimony. Defendant has not disputed this argument and has therefore conceded that an expert would not be required to determine a front pay damage award. Therefore, Plaintiff respectfully requests that the Court rule in favor of the Plaintiff on this issue.

WHERFORE, Plaintiff respectfully requests that the Court permit a front pay award in the absence of an economic expert and to allow Plaintiff, within 60 days following a Plaintiff's Jury verdict, 60 days to name an economic expert, if she chooses.

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq.
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21208
410-653-9060 phone

4

410-653-9061 fax
Attorneys for Plaintiff

5