IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCES DARCANGELO,

     Plaintiff,

v.

VERIZON MARYLAND INC.,

     Defendant.

No. WDQ-02-816 (Civ.)

**DEFENDANT'S COMBINED OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL DOCUMENTS AND MOTION FOR CONTINUANCE**

     Defendant Verizon Maryland Inc. ("Verizon"), by and through its undersigned counsel, respectfully submits its combined opposition to plaintiff's Motion to Compel Documents [Dkt. #92] and plaintiff's Motion for Continuance [Dkt. #91]. Plaintiff's motions seek to force Verizon to provide to plaintiff's new counsel materials previously generated during discovery in this lawsuit, and then to allow new counsel an extra 60 days to review those materials.

     Plaintiff's motion to compel makes the bizarre demand that her opponent in the litigation should, at its own expense, be forced to provide to her copies of deposition transcripts and exhibits generated in the litigation – most of which are in the public record – and that Verizon should be sanctioned for failure to do so. Plaintiff files this motion without first even requesting the documents from Verizon, much less fulfilling the "meet-and-confer" obligations of Fed. R. Civ. P. 37. To top it off, plaintiff seeks a sixty day continuance to review the documents, which her own counsel misplaced, in addition to the multiple prior continuances she has previously been granted. For the reasons explained below, both of these motions should be denied, and the pretrial conference should proceed as scheduled on September 22, 2004.

**ARGUMENT**

I.  **PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED.**

Plaintiff's motion to compel identifies no basis in the Federal Rules of Civil Procedure or in caselaw for the principle that it asks this Court to adopt – that a defendant in litigation should be compelled, outside the context of discovery, to provide to plaintiff deposition transcripts and exhibits that her counsel has lost.  No precedent for such a motion exists.  The Federal Rules of Civil Procedure govern discovery in actions in this Court, and Rules 34 and 37 provide detailed procedures for requests for production of documents and for motions to compel, none of which plaintiff has complied with.  Moreover, discovery in this action was governed by a pre-trial scheduling order, which closed non-expert discovery on March 28, 2003.  (Agreed-Upon Revised Scheduling Order, approved February 25, 2003 [Dkt. #21].)  In addition, plaintiff is not seeking evidence, but rather deposition transcripts and exhibits generated during this litigation. There is simply no legal basis upon which to order Verizon to provide the requested deposition transcripts and exhibits to plaintiff.

Plaintiff's motion is rendered even more outrageous by the fact that her counsel never even requested the documents at issue from Verizon prior to the filing of the motion.  Although plaintiff's counsel faxed a letter to Verizon's counsel on July 28, 2004 discussing the problems he has had in locating certain documents, that letter nowhere asks – or even suggests – that Verizon provide those documents to plaintiff.[1]  Instead, it simply states that plaintiff's counsel is "working with the various court reporters" to locate the materials, and if he has not received them by "Monday morning, August 2, 2004, we will move for the continuance."  (Letter from Morris E. Fischer to Martha Dye dated July 28, 2004 (attached to Pl.'s Mot. to Compel as Ex. B.)

---

[1]   This conclusion is made more obvious by the fact that the letter is completely devoid of any words such as "please," "we would appreciate," "could you" or "thank you."

Moreover, even if the letter could be construed to be a request for the materials, it lacks any offer to pay for even the photocopying expense and mailing that responding to such a request would entail. To make matters worse, the July 28, 2004 letter – if it could be construed as a request for documents – makes the wholly unreasonable demand that Verizon's counsel locate, select, copy and mail the requested materials to plaintiff's counsel such that they are *received* in three business days. And incredibly, plaintiff's counsel made no effort whatsoever to contact Verizon's counsel by telephone to make the request, to thank Verizon's counsel, to "meet and confer" as required by the Federal and Local Rules, or even to determine whether counsel was in the office and had received the letter, prior to filing the Motion to Compel. Mr. Fischer simply filed his motion, *seeking sanctions* against Verizon's counsel for her failure to comply with what he considered a request. Such conduct is both unprofessional and a misuse of this Court's time.

In any event, plaintiff's plea that "[t]here is no other practical way for counsel to obtain these deposition exhibits and transcript pages" (Pl.'s Mot. to Compel ¶ 9) rings hollow. Plaintiff's own arguments demonstrate that she has made no effort to exhaust other means by which she could locate the misplaced materials. While plaintiff asserts that she has "exhausted all efforts with . . . Plaintiff's prior attorney to obtain these materials," she provides no information about what measures she in fact took, beyond a single contact back in March to request a copy of the file. (Pl.'s Mot. to Compel ¶ 2.) In addition, plaintiff acknowledges in her motion that certain requests for documents from court reporters are still pending. (*Id.* ¶ 7 (second).) Finally, all of the deposition pages and many of the deposition exhibits plaintiff seeks are exhibits to defendant's motion for summary judgment motion previously filed in this action. (*See* Exs. to Def.'s Mot. for Summ. J. dated June 20, 2003 [Dkt. #30].) Even if plaintiff has also mislaid these summary judgment exhibits, they are a matter of public record and can be easily

obtained from the Court at no charge. That plaintiff has not even bothered to obtain documents in the public record before moving to compel and for sanctions against Verizon highlights the fact that she is trying to force Verizon to do the pre-trial legwork that should be performed by her own counsel.

Mr. Fischer's filing of a "motion to compel" materials which Ms. Darcangelo's prior attorney has lost, without even having made a simple request to Verizon's counsel, is an abuse of the litigation process and borders on a Rule 11 violation. In summary, there is no basis in law or fact to compel Verizon to provide the materials in question. To the extent that plaintiff is prejudiced by the loss of the documents in question, her remedy is against her prior attorney, not against Verizon. *See Sturdivant v. Med. Eng'g Corp.*, 121 F.R.D. 51, 52-53 (D. Md. 1988) (observing that the client must "bear the consequences" of her prior attorney's actions); *see also Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993) (client is held accountable and suffers the consequences for the acts and omissions of its counsel); *Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo. 2003) ("That new counsel is dissatisfied with the state of the case it inherited is not grounds . . . for reopening discovery long after the court-ordered deadlines have passed.").

## II.     PLAINTIFF'S MOTION FOR CONTINUANCE SHOULD BE DENIED.

Plaintiff's request for a continuance is similarly meritless and should be denied. After two and a half years of litigation, and more than a year after the close of discovery, plaintiff has had more than enough time to prepare for trial and should not be allowed to delay these proceedings further. Her new counsel has already requested and received one continuance, and additional continuances are not warranted.

Summary judgment was denied in this action on September 24, 2003. (Order dated Sept. 24, 2003 [Dkt. #48].) The pretrial conference was subsequently scheduled, with plaintiff's

agreement, for January 27, 2004.  (Letter Order dated Oct. 2, 2003 [Dkt. #50].)  Plaintiff failed to prepare a pretrial order within the timeframe required by the local rules, however, and the conference was then postponed until March 11, 2004.  (Joint Mot. to Reschedule Pretrial Conference dated Jan. 14, 2004 [Dkt. #51] & Paperless Order dated Jan. 15, 2004 [Dkt. #52].)  It was again postponed to April 28, 2004, because plaintiff sought time to submit the case to mediation in an attempt to resolve it before trial.  (Joint Mot. to Reschedule Pretrial Conference dated Feb. 13, 2004 [Dkt. #53] & Paperless Order dated Feb. 17, 2004 [Dkt. #54].)  Subsequently, plaintiff for a third time sought an extension of the pretrial conference date to allow newly hired counsel to familiarize himself with the case.  (Mot. for Continuance dated Mar. 31, 2004 [Dkt. #56].)  Plaintiff's motion to continue was granted (Order dated May 18, 2004 [Dkt. #80]), and the current September 22, 2004 pretrial conference date was set, with agreement of plaintiff's new counsel.  (Letter Order dated May 24, 2004 [Dkt. #85].)  Plaintiff's current motion to continue is therefore her fourth effort to delay the litigation.

     Plaintiff's only justification for her request for yet another continuance is that she requires additional time to review the documents she seeks in her motion to compel.  (Pl.'s Mot. for Continuance ¶ 11.)  Accordingly, if the Court denies the motion to compel, as Verizon urges, the motion for continuance should be denied as well.  But even if the motion to compel is granted, no continuance is warranted.  Plaintiff has already sought and obtained three prior continuances and has had nearly a year to prepare for trial since the denial of summary judgment.  New counsel alone has had nearly five months to familiarize himself with the case, and agreed to the September 22, 2004 pretrial date just over two months ago.  Yet plaintiff's own motions demonstrate that counsel has to date not even gone so far as to review the exhibits filed in support of defendant's summary judgment motion.  Having thus far failed to make good use of

the time available to him to prepare for trial, plaintiff's counsel should not be allowed to further prejudice Verizon and to delay these proceedings because of the purported need to review the small volume of materials that are not already available to him in public court filings. *See Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996) ("Shortcomings in counsel's work come to rest with the party represented.  They do not justify extending the litigation, at potentially substantial expense to the adverse party.") (citation omitted).

## CONCLUSION

For the reasons set forth above, plaintiff's motion to compel and motion for continuance should be denied, and plaintiff should be ordered to serve a copy of the draft pretrial order on Verizon on August 31, 2004, as required by the Local Rules.[2]  Further, plaintiff should be ordered to compensate Verizon for the attorney fees and costs expended in preparing this opposition.

Dated:  August 23, 2004

_____/s/_____
Karen M. Wahle, Bar No. 013658
Martha Dye, Bar No. 015057
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C.  20006
(202) 383-5300
(202) 383-5414 (facsimile)
kwahle@omm.com
mdye@omm.com

Counsel for Defendant
Verizon Maryland Inc.

---

[2] Plaintiff's counsel apparently believes that he need not serve the draft pretrial order until "twenty days prior to" the September 22, 2004 pretrial conference, on September 2, 2004. (Pl.'s Mot. to Shorten Opp'n & Resp. Times ¶¶ 1, 3.)  In fact, the Local Rules require that the parties' proposed pretrial order be filed five days prior to the pretrial conference and that plaintiff's draft be served on defendant fifteen days prior to the filing deadline.  *See* L.R. 106.3 & 106.4(a).  Pursuant to Fed. R. Civ. P. 6(a), the five days does not include weekends and holidays.  Accordingly, the deadline for plaintiff to serve the draft pretrial order on defendant is not September 2, 2004, but August 31, 2004.