UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. WDQ-02-816 (Civ.) |
| ) | |
| VERIZON MARYLAND, INC., ) | |
| ) | |
| Defendant. ) | |

## **REPLY TO DEFENDANTS OPPOSITION FOR A CONTINUANCE AND MOTION TO COMPEL**

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this reply to Defendant's Opposition to Plaintiff's Motion for a Continuance and Motion to Compel. The reasons supporting this motion are more fully set forth in the accompanying Statement of Points and Authorities in support hereof:

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

FRANCES DARCANGELO,           )
                              )
        Plaintiff,            )
                              )
        v.                    )   No. WDQ-02-816 (Civ.)
                              )
VERIZON MARYLAND, INC.,       )
                              )
        Defendant.            )

**STATEMENT OF POINTS AND AUTHORITIES**

Plaintiff's counsel, Morris E. Fischer, Esq., Snider & Fischer, LLC., herein submits its Statement of Points and Authorities in support of its reply to Defendant's Opposition to Plaintiff's Motion for a Continuance and Motion to Compel.

**Facts**

On July 22, 2004, our office sent a good faith request to defense counsel for a continuance on this matter and advised them of the missing materials. Same was denied on July 26, 2004. (See previous exhibit "A") On July 28, 2004, our office prepared an itemized list of missing exhibits and deposition pages and sent the list, in a good faith effort, to Defendant and requested that the missing documents be turned over by Monday, August 2, 2004. (See previous exhibit "B"). Defense Counsel failed to contact our office with respect to the missing exhibits and pages. Plaintiff then filed the Motion for a Continuance.

2

## Argument

**A.  Defendant knew that Plaintiff needed the missing exhibits and failed to act in good faith.**

Defendant was aware that Plaintiff needed the missing exhibits and failed to act in good faith when they did not inform that they would make those exhibits available for review.  Under Local Rule 606 of the Maryland District Court, "The Court expects all of its judges and all counsel to conduct themselves in a professional and courteous manner in connection with all matters pending before the Court."

Local Rule 704 of the Maryland District Court states that the District Court applies the Rules of Professional Conduct as they have been adopted by the Maryland Court of Appeals.  The Maryland Rules of Professional Conduct, Rule 16-812, states:

> "Preamble: A Lawyer's responsibilities.
>
> Many of a lawyer's professional responsibilities are prescribed in the Rules of Professional Conduct, as well as substantive law. However, a lawyer is also guided by personal conscious and the approbation of professional peers."

Similarly, MRCP 3.4, Fairness to Opposing Party and Counsel, states:

> "A lawyer shall not:
> (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value.
> (d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party."

Therefore, under the above cited authority, Defendant failed to act in good faith when it did not respond to Plaintiff's request.

**B.     Defendant could have prevented the motion**

As demonstrated in Plaintiff's previous exhibit "A" and Exhibit "E", Plaintiff made Defendant aware of the missing exhibits and sent a sample continuance motion it was intending to file.  Defense counsel could have simply stated that her office could copy the missing exhibits for a fee and make arrangements to have them picked up or delivered.  Instead, Defense counsel made the generic statement of: "my client is not agreeable to that."  Plaintiff's counsel took Defense counsel to mean that it was going to provide no assistance in obtaining these exhibits.  On July 28, 2004, Plaintiff sent Defense Counsel a letter that named the missing exhibits and squarely stated that Plaintiff counsel expected the items within a deadline and that it would make a motion if not received.  It's difficult to believe that Defense Counsel could understand that Plaintiff's counsel did not expect it to cooperate in providing the documents.

Furthermore, even if the Court were to accept Defendant's contention that it never understood Plaintiff's correspondence as a request for the items, upon receiving Plaintiff's motion, Defendant could have taken good faith measures at that point.  Namely, Defendant could have called Plaintiff's counsel and offered to produce the documents at the appropriate cost in exchange for Plaintiff's withdrawal of the motion to compel.   Instead, Defendant waited until the last day to legally file its response, arguing it had no obligation to supply the documents.  As such, there is no reason to believe that absent a Court Order, defendant would have ever supplied these documents.   Therefore, Plaintiff has demonstrated good cause in seeking a continuance.

4

### C. The Motions for Summary Judgment do not contain all of the missing exhibits

The deposition pages and exhibits sought in Plaintiff's proposed order were the following:

**Deposition**
Barbara Lee - All exhibits
James P. Conrad - exhibits 1, 16 and 17
Gotleib Fleig - exhibits 20 and 21
Ann Sewell - exhibits 1,4, 7 and the exhibit for the confidential portion
Charles English - all exhibits
Marian Moxey - all exhibits except 1 and 4

**Missing pages**
Martin Kranitz - 125-132
Charles English -153-155
-175

Plaintiff reviewed the Summary Judgment motions for these missing exhibits and an actual comparison between the Summary Judgment motion exhibit lists and the items sought in this motion are far from identical. Still missing from these lists are 1) Barbara Lee's exhibits;[1] 2) James Conrad- Exhibits 1 and 17; 3) 4) Gottlieb Fleig- Exhibits 20 and 21; 5) Ann Sewell-Exhibit 7; 6) Charles English- All 28 exhibits were not on the list except for "excerpts" of Exhibit 8, No. 13, 16, 18 19 and 21; 7) Marian Moxey, 15 of the 24 listed exhibits are still missing. 8) While Kranitz's report is listed as an exhibit, his deposition transcript is not; and 9) Charles' English deposition is not listed as an exhibit on

---

[1] Mr. Burkhardt wrote on his list regarding Barbara Lee, "3. Barbara Lee Grievance RE: Writeup from Gus Dankert complaint about Lee; 4. Barbara Lee Grievance RE: 3 day suspension for Dec. 17, 1998. He submitted three pieces of paper presumably connected to this exhibit list. However, there is no way counsel can determine whether additional pages exist for this exhibit. No exhibit on Defendant's Summary Judgment Motion list any exhibits from Barbara Lee's transcript.

either list.  (See Exhibit "F", Summary Judgment listings of the supplied exhibits.) Consequently, Defendant's contention that this motion could have been avoided through Summary Judgments' list of exhibits is not the case.

Wherefore, Plaintiff respectfully requests that the relief sought in its Motion for Continuance and Motion to Compel be granted.

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff