UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

FRANCES DARCANGELO,           )
                              )
            Plaintiff,        )
                              )
       v.                     )        No. WDQ-02-816 (Civ.)
                              )
VERIZON MARYLAND, INC.,       )
                              )
            Defendant.        )

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Frances Darcangelo, pursuant to Rule 51, requests the Court to give the following

instructions to the jury.

**Plaintiff's Proposed Instruction No. 1**
**Jury Instructions for Separate Verdicts on Each Claim**


The plaintiff in this case is Frances Darcangelo. The defendant in this case is Verizon Maryland, Inc. ("Verizon").  Defendant denies Plaintiff's claims of discrimination, failure to accommodate and Submission to Intrusive and unnecessary medical examinations.  Plaintiff asserts Defendant discriminated against her by failing to accommodate her, suspending and imposing other discipline against her and by terminating her employment.  By your verdict, you will decide all disputed issues of fact. I have decided all questions of law that arose during the trial and will now instruct you on the law you must follow and apply in deciding your verdict. Because you are being called upon to decide the facts of this case, you should give careful attention to the testimony and exhibits presented for your consideration, bearing in mind how I have instructed you concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given his or her testimony.  Plaintiff claims that the above mentioned actions were because he was discriminated against due to her disability.   The important thing to bear in mind is that plaintiff makes distinct and separate claims. Therefore, you must consider each claim separately and individually and not let your determination as to one claim affect or influence your decision as to the other claim.

SOURCE: U.S. District Court for the District of Columbia, Instructions Drafted by Magistrate Facciola (www.dcd.uscourts.gov/JMFacciola-page.html.

**Plaintiff's Proposed Instruction No. 2**
**Jury Instructions for Discrimination under the American Disabilities Act ("ADA")**

The ADA provides that:

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

The term "discriminate" includes:

1.  limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;

2.  participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter (such relationship includes a relationship with an employment or referral agency, labor union, an organization providing fringe benefits to an employee of the covered entity, or an organization providing training and apprenticeship programs);

3.  utilizing standards, criteria, or methods of administration --

A.  that have the effect of discrimination on the basis of disability; or

B.  that perpetuate the discrimination of others who are subject to common administrative control;

4.  excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association;

5.A.  not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

B.  denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant;

6.  using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity; and

7.  failing to select and administer tests concerning employment in the most effective manner to ensure that, when such test is administered to a job applicant or employee who has a disability that impairs sensory, manual, or speaking skills, such test results accurately reflect the skills, aptitude, or whatever other factor of such applicant or employee that such test purports to measure, rather than reflecting the impaired sensory, manual, or speaking skills of such employee or applicant (except where such skills are the factors that the test purports to measure).

Plaintiff in this case, Frances Darcangelo, alleges that Defendant, Verizon, intentionally subjected her to unnecessary and intrusive Independent Medical Examinations; suspended her three times: (a)May of 1998 for 10 days; (b) September 1998 for 3 days; (c) October 1998 for 15 days; and (d) termination in January, 1999. _ [*insert adverse employment action*] against _____ [him/her].  Defendant denies the claim and asserts _____ [*insert legitimate, nondiscriminatory reason offered by Defendant*].  It is your responsibility to determine whether Plaintiff has proven_____ [his/her] claim by a preponderance of the evidence.

**Source of Instruction:**  42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4.

**PLAINTIFF'S PROPORSED INSTRUCTION NO. 3**
**DISCUSSION: "DISABLED" UNDER THE AMERICAN DISABILITIES ACT ("ADA")**

The term "disability" means, with respect to an individual, one who:

1.  has a physical or mental impairment that substantially limits one or more of the major life activities of that person, or

2.  has a record of such an impairment, or

3.  is regarded as having such an impairment.

**Source of Instruction:**  42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 4**
**DISCUSSION: When Physical Impairment Equals a Disability**

You must decide whether Plaintiff has proven by a preponderance of the evidence that she was a qualified person with a disability.

A "person with a disability" is one who has a physical or mental impairment that substantially limits one or more of the major life activities of that person.

A "physical or mental impairment" is defined as any physiological disorder or condition affecting one or more of the following body systems:  neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine.

A physical impairment rises to the level of a disability only if it substantially limits one or more of an individual's major life activities. Many impairments do not impact on an individual's life to the degree  that they constitute disabling impairments. Additionally, some impairments may be disabling for particular individuals but not for others, depending on the stage of the disease or disorder, the presence of other impairments that combine to make the impairment disabling, or any number of other factors. Your decision as to whether Plaintiff's impairment was disabling must therefore be particularized as to Plaintiff and based on the evidence that has been presented to you during the trial.

**Source of Instruction:**  *Kocher v. Loyola Univ.*, 6 A.D. Cas. (BNA) 1182 (E.D. La. 1997).

**PLAINTIFF'S PROPROSED INSTRUCTION NO. 5**
**THE MAJOR LIFE ACTIVITIES**


The term "major life activities" refers to "those activities that are of central importance to daily life and "that the average person in the general population can perform with little or no difficulty. An impairment's impact on a major life activity must be "permanent or long-term.


**Source of Instruction:** *Toyota Motor, 534 U.S. 184 at 197, 151 L. Ed. 2d 615, Pack v. Kmart Corp., 166 F.3d 1300, 1305 (10th Cir. 1999); accord EEOC v. Sara Lee Corp., 237 F.3d 349, 352-53 (4th Cir. 2001).*

**PLAINTIFF'S PRORPOSED INSTRUCTION NO. 6**
**THE MAJOR LIFE ACTIVITIES, ADDITIONAL INSTRUCTIONS –"WORKING"**

When the major life activity under consideration is that of working, the term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

**Source of Instruction:** Davis V. UNC, 263 F.2d 95 at 100, (4th Cir. 2001) citing 29 C.F.R. sec. 1630.2(j)(3)(i).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7**
**"SUBSTANTIALLY LIMITS"**

The phrase "substantially limits" as used in these instructions means an individual is significantly restricted in the ability to perform work and/or significantly restricted in the ability to socially interact with others.

In determining whether the plaintiff's impairment substantially limits plaintiff's ability to work and/or socially interact with others, you should compare the plaintiff's ability to work and/or socially interact with others with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact or expected impact of the impairment. Temporary impairments with little or no long-term impact are not sufficient.

It is not the name of an impairment or a condition that matters, but rather the effect of an impairment or condition on the life of a particular person.

**Source of Instruction:** *Draft Model Jury Instructions (Civil), Eighth Circuit* § 5.52 (C)(10/25/99); 29 C.F.R. § 1630.2(j).

**JURY INSTRUCTION NO. 8.**
**"Record of an Impairment"**

Under the Rehabilitation Act, the term "has a record of such an impairment" means has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities.

**Source of Instruction:**  45 C.F.R. § 84.3(j)(2)(iii).

**PLAINTIFF'S PROPORSED INSTRUCTION NO. 9**
**DISCUSSION: "REGARDED AS DISABLED" UNDER THE AMERICAN**
**DISABILITIES ACT ("ADA")**

An individual is "regarded as" having a disability if she:

1.  has a physical or mental impairment that does not substantially limit a major life activity, but is perceived by Defendant as having such a limitation;

2.  has a physical or mental impairment that is substantially limiting only as a result of the attitudes of others towards the impairment; **or**

3.  does not have an impairment at all but is perceived by Defendant as having such a substantially limiting impairment.

**Source of Instruction:**  *Federal Bar Ass'n Sub-Committee on Pattern Jury Instructions*, at 7 (July, 1997); 29 C.F.R. § 1630.2(1); 29 C.F.R. pt. 1630B, App. § 1630.2(1); *MacDonald v. Delta Airlines, Inc.*, 94 F.3d 1437, 1444 (10th Cir. 1996).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 10**
**"Qualified Individual with a Disability"**

A "qualified individual with a disability" is defined as an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position for which the individual applied.

**Source of Instruction:** *Mason v. Salvation Army*, No. 95-36260, 1997 U.S. App. LEXIS 9050 (9th Cir. 1997) (unpublished); *Russel v. Plano Bank & Trust*, 130 F.3d 715, 722 (5th Cir. 1997); 29 C.F.R.§ 1630.2(m).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 11**
**ESSENTIAL FUNCTIONS OF THE EMPLOYMENT POSITION**

In determining whether a job function is essential, you should consider the following factors: [(1) The employer's judgment as to which functions of the job are essential; (2) written job descriptions; (3) the amount of time spent on the job performing the function in question; (4) consequences of not requiring the person to perform the function; (5) the terms of a collective bargaining agreement if one exists; (6) the work experience of persons who have held the job; (7) the current work experience of persons in similar jobs; (8) whether the reason the position exists is to perform the function; (9) whether there are a limited number of employees available among whom the performance of the function can be distributed; (10) whether the function is highly specialized and the individual in the position was hired for his or her expertise or ability to perform the function; and (11) (list any other relevant factors supported by the evidence)].


The term "essential functions" means the fundamental job duties of the employment position the plaintiff holds or for which the plaintiff has applied.  The term "essential functions" does not include the marginal functions of the position.


**<u>Comments</u>**

**Source of Instruction:** *Draft Model Jury Instructions (Civil) Eighth Circuit* §5.52(B)(10/25/99).

**PLAINTIFF'S PRORPOSED INSTRUCTION NO. 12**
**DIRECT THREAT**

An employee may be deemed unqualified for the purposes of the ADA if she poses a direct threat to the health or safety of other individuals in the workplace. The Implementing Regulations further provide:

*Direct Threat* means a significant risk of substantial harm to the health or safety of the individual or others that cannot be eliminated or reduced by reasonable accommodation. The determination that an individual poses a "direct threat" shall be based on an individualized assessment of the individual's present ability to safely perform the essential functions of the job. . . . In determining whether an individual would pose a direct threat, the factors to be considered include:

> (1) The duration of the risk;
> (2) The nature and severity of the potential harm;
> (3) The likelihood that the potential harm will occur; and
> (4) The imminence of the potential harm.

**SOURCE OF INSTRUCTION:** 42 U.S.C. *§ 12113*(a) & (b). EEOC v. Texas Bus Lines, 923 F.Supp 965 (Dist. Ct. TX 1996)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 13**
**Failure to Accommodate as Discrimination**

One form of discrimination under the ADA is the "failure to accommodate." You may find that the employer discriminated against the Plaintiff for: (A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]. It is not necessary for you to find that the employer intentionally discriminated against Plaintiff because of Plaintiff's disability regarding a "failure to accommodate claim."

**SOURCE OF INSTRUCTION:**

*42 U.S.C. § 12112*(b)(5)(A)-(B); Schurr v. Oklahoma Disability Law Ctr., Inc., 1999 U.S. App. LEXIS 11884 (10th Cir., 1999).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 14**
**"Reasonable Accommodation" - Benefits and Privileges**

The term "reasonably accommodate" means any effective modification or adjustment to the workplace that makes it possible for a person with a disability to perform the essential functions of their employment position or to enjoy the same benefits and privileges of employment that are available to any person without a disability.

As long as a reasonable accommodation available to the employer could have plausibly enabled a handicapped employee to adequately perform the job, the employer is liable for failing to attempt that accommodation, which is a violation of the ADA. The ADA does not require an employee to show that a proposed accommodation is certain or even likely to be successful to prove that it is a reasonable accommodation.[1]

---

**Source of Instruction:** *Russel v. Plano Bank & Trust*, 130 F.3d 715 (5th Cir. 1997).  [1] Humphrey v. Memorial Hospitals Association, 239 F.3d 1128, 1136 (9th Cir. 2001).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 15**
<u>**Notice to Employer of a Requested  Accommodation**</u>

To determine the appropriate reasonable accommodation it may be necessary for the employer to initiate an informal, interactive process with the employee in need of accommodation. This process should identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome those limitations.[2]

With respect to the communication required for a reasonable accommodation, no hard and fast rule will suffice, because neither party should be able to cause a breakdown in the process forth purpose of either avoiding or inflicting liability.  You should look for signs of failure to participate in good faith or failure by one of the parties to help the other party determine what specific accommodations are necessary.  A party that obstructs or delays the interactive process is not acting in good faith.  A party that fails to communicate, by way of initiation or response, may also be acting in bad faith.

But properly participating in the interactive process means that an employer cannot expect an employee to read its mind and know that he or she must specifically say "I want a reasonable accommodation," particularly when the employee has a mental illness. The employer has to meet the employee half-way, and if it appears that the employee may need an accommodation but doesn't know how to ask for it, the employer should do what it can to help.  The employer must make a reasonable effort to determine the appropriate accommodation. The appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the employee with a disability.[3]

---

SOURCE OF INSTRUCTIONS: [2] *29 C.F.R. §1630.2(o)(3).*
[3] Bultemeyer v. Fort Wayne Community Schools, 100 F.3d 1281 (7th Cir. 1996), citing, 29 C.F.R. pt. 1630, app.; *Beck, 75 F.3d at 1135.*

You may also find that a request for accommodation from a physician triggers the employer's obligation for reasonable accommodation.[4]

---

[4] Baucom, 2002 U.S. Dist. LEXIS 21067 at 6 (communication from a physician may suffice to put defendant on notice of disability and need for accommodation); Bultermeyer v.Fort Wayne Community Schools, 100 F.3d 1281, 1285 (7th Cir. 1996), Criado v. IBM Corp., 145 F.3d 437, 444 (1st Cir. 1998). See also Raddatz v. City of Chicago, 11 AD Cases 829 (N.D. Ill. 2000).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 16**
**"INTENTIONAL DISCRIMINATION."**

Discrimination is intentional if it is done voluntarily, deliberately, and willfully. It is not necessary for Plaintiff to prove that a discriminatory motive was the sole motivation of, or even a primary motivation for, Defendant's decision to suspend, terminate and subject Plaintiff to excessive and intrusive medical examinations. Plaintiff need only prove that it was a motivating factor in the decision even though other factors may have motivated Defendant.


You may believe or disbelieve the reasons put forward by the defendant as to why it took the actions it did. Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, In appropriate circumstances, you can reasonably infer from the falsity of the explanation that discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision.[5] Thus, if you choose to disbelieve the defendant, such disbelief, may together with the elements of the prima facie case, suffice to show intentional discrimination.

---

*SOURCE OF JURY INSTRUCTION: St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed. 2d 105 (2000),

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 17**
**"Motivating Factor"**

The term "motivating factor" means a consideration that moved Defendant toward its decision or a factor that played a part in an employment decision.

**Source of Instruction:**  Adapted from *Model Jury Instructions (Civil) Eighth Circuit* § 5.01 n.4, 6 (1998); *Model Jury Instructions (Civil) Ninth Circuit* § 11.5.1 (1997); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 238 n.2 (1989) ("a Title VII violation is made out as soon as the plaintiff shows that an impermissible motivation played a part in an employment decision.").

"Motivating factor" also has been equated with "a significant factor" and "substantial factor."  *See Price Waterhouse*, 490 U.S. at 265; (O'Connor, J. concurring) (substantial factor); *Fadhl v. City & County of San Francisco*, 741 F.2d 1163, 1166 (9th Cir. 1984) (significant factor).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 18**
DAMAGES – DISCRIMINATION

I will now give you instructions about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of Plaintiff on his claim against the Defendant. The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide. If you find for plaintiff on his claim that the defendant discriminated against her because of her disability, then you must determine whether she is entitled to damages in an amount that is fair compensation. You may award compensatory damages only for injuries that Ms. Darcangelo proved were caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that there were caused by defendant's discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of damage. Any award you make should be fair in light of the evidence produced at trial. In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. You may not consider the amount of lost wages or other benefits, if any, claimed by the plaintiff in this case. Likewise, you may not consider the cost to plaintiff of hiring an attorney. Those attorney's fees and lost wages are determined by the Court, if necessary, and may not be included in your damages award.

SOURCE: U.S. District Court for the District of Columbia, Instructions Drafted by Magistrate Facciola (www.dcd.uscourts.gov/JMFacciola-page.html.)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 19**
**TAXES ON DAMAGES**

Any damages awarded to the Plaintiff will be income within the meaning of Federal

income tax law and he will have to pay income tax on the entire amount you award to her.

SOURCE: *Norfolk & Western Ry. Co. v. Lieplet*, 444 U.S. 490 (1980)(Trial court erred in refusing to allow jury to receive evidence showing effect of future income liability when determining the amount of a lump sum final award in a wrongful death action); *Sears v. Atchison, Topeka & Santa Fe Railway,* 749 F.2d 1451 (1984)*cert. denied*, 471 U.S. 1099 (1985); *O'Neill v. Sears, Roebuck & Co.*, 108 F. Supp.2d 443 (E.D. Penn. 2000); *Gelof v. Papineau*, 648 F. Supp. 912, 930 (D. Del. 1986) *aff'd in part and vacated in part*, 829 F.2d 452 (3d Cir. 1987); *Ferrante v. Sciaretta,* 365 N.J.Super. 601, 839 A.2d 993, (N.J. Superior Court 2003).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 20**
**"Punitive Damages"**

In addition to the damages mentioned in the other instructions, the law permits the jury under certain circumstances to award an injured person punitive damages in order to punish Defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff under Instruction _____ and if you answer "no" in response to Instruction _____, [*same decision instruction*] and if you find that Defendant acted with malice or with reckless indifference to Plaintiff's right not to be discriminated against on the basis of her disability, then in addition to any damages to which you find Plaintiff entitled, you may, but are not required to, award Plaintiff an additional amount as punitive damages if you find it is appropriate to punish Defendant or to deter Defendant and others from like conduct in the future. Whether to award Plaintiff punitive damages, and the amount of those damages, are within your discretion.

**Source of Instruction:**  Adapted from *Model Jury Instructions (Civil) Eighth Circuit* § 5.04 (1998); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 21**
**Backpay**

If you find that Defendant unlawfully discriminated against Plaintiff on the basis of her
disability, you must determine the amount of backpay that Plaintiff should receive.
In determining backpay, you are to award Plaintiff an amount equal to the wages and benefits
that she would have received from Defendant had she not been terminated from the time of the
termination (January 6, 1999) until the date of the trial.  You must deduct from this sum
whatever wages Plaintiff has earned from other employment during this period and whatever
wages and benefits you find that Defendant has proven Plaintiff failed to earn from substantially
comparable employment.

**Source of Instruction:**  *Federal Bar Ass'n Subcommittee on Pattern Jury Instructions*, at 32
(July 1997).

Respectfully Submitted,

/s/

_____
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff