UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. WDQ-02-816 (Civ.) |
| | ) |
| VERIZON MARYLAND, INC., | ) |
| | ) |
| | ) |
| | ) |
| Defendant, | ) |

## MOTION TO APPOINT EXPERT

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this Motion to appoint a new expert and allow for Plaintiff to name a Psychiatrist, as a substitute for Dr. Gary Zimberg, within 10 days following a court order granting said motion. The reasons supporting this motion are more fully set forth in the accompanying Statement of Points and Authorities in support hereof:

                                                  Respectfully Submitted,

                                                  /s/
                                            _____
                                            Morris E. Fischer, Esq
                                            MD: Bar No. 26286
                                            Snider & Fischer, LLC
                                            104 Church Lane
                                            Baltimore, Maryland 21209
                                            410-653-9060 phone
                                            410-653-9061 fax
                                            Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERIZON MARYLAND, INC., )<br>)<br>)<br>)<br>Defendant, ) | No. WDQ-02-816 (Civ.) |

**STATEMENT OF POINTS AND AUTHORITIES**

Plaintiff's counsel, Morris E. Fischer, Esq., Snider & Fischer, LLC., herein submits its Statement of Points and Authorities in support of its motion.

1. Previously named as an expert, was Dr. Gary Zimberg, a licensed psychiatrist. Dr. Zimberg had been the plaintiff's treating psychiatrist.

2. Plaintiff's counsel acknowledges that Dr. Zimberg, in his deposition testimony discussed his reluctance to testify as an expert. However, as indicated on page 19 of his testimony (see exhibit "A" attached herein) ultimately it was formally agreed that he would serve as the expert. Dr. Zimberg also reiterated that he would serve as the expert after he had checked with hospital counsel who advised him that he should "go ahead and be the expert" (see page 190 of exhibit "A" annexed hereto).

3. Plaintiff's counsel in preparation for the trial of this case met with Dr. Zimberg on February 9, 2005 and at that time, Dr. Zimberg advised counsel that he was extremely reluctant to testify as the expert due to his own legal concerns. At that same meeting, Plaintiff's counsel suggested that he work with Dr. Zimberg's own counsel in outlining

the parameters of the expert testimony with which he would be comfortable testifying. In this manner, Dr. Zimberg would still testify as Plaintiff's expert, subject to the parameters Plaintiff's counsel would set for him. Counsel asked Dr. Zimberg for a prompt response to this proposal and received one on February 15, 2005 (see exhibit "B" annexed hereto).

4. As evident from this response, Dr. Zimberg has, despite his deposition testimony to the contrary, reversed himself and now refuses to testify as Plaintiff's expert witness. This is evident from his letter in which he states he would be willing to meet with counsel again as a fact witness; the implication being that as an expert, he would not be willing to meet again or testify.

5. In *Potomac Elec. Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372 (D. Md. 1999), the Court adjudicated a similar motion, a modification of a scheduling order. The Court cited to the Fed.R.Civ.P. 16b, that "a scheduling order shall not be modified except upon a showing of good cause and by leave of the district Judge."

6. It is well settled that the court has considerable discretion in determining whether to permit an expert, who is designated after the scheduling order deadline for doing so, to testify. See *Tallarico v. Trans World Airlines, Inc.*, 881 F.2d 566, 572-73 (8th Cir.1989)(court allowed wide discretion in determining the admission or refusal of expert testimony; no error in excluding witness where witness not made available until day preceding testimony).

7. In determining whether to exclude witnesses not disclosed in compliance with the scheduling order, the Potomac Court considered four factors: 1) the reason for failing to name the witness, 2) the importance of the testimony, 3) potential prejudice in allowing the testimony, and 4) the availability of a continuance to cure such prejudice. *Potomac*

*Elec. Power Co. v. Electric Motor Supply, Inc* at 4 citing *Geiserman v. MacDonald*, 893 F.2d at 791; *Patterson v. F.W. Woolworth Co.,* 786 F.2d 874, 879-80 (8th Cir.1986).

8. In the case at bar, all four factors favor Plaintiff's motion. The reason for the change is not bad faith or anything other than the doctor's refusal to testify as an expert, as he had previously agreed to do. The testimony's importance is obvious and needs no explanation for a case dealing with as an expert is necessary in this type of case. With respect to the 3rd and 4th elements of the test, given that there are still three months to the May 16, 2005, trial date, Plaintiff would agree to a modified expert schedule in which Plaintiff's expert would submit a report and be deposed prior to the trial date. As such, Defendant's would suffer no prejudice and no continuance may even be necessary.

9. In conclusion, Plaintiff respectfully contends that this situation is quite distinguishable from cases in which a party doesn't like the testimony of his expert, finds a better expert, or some other issue involving trial maneuvering strategies. This situation is hardly different from a physician expert who passes away or loses his license to practice medicine. Plaintiff should not be prejudiced due to a situation well out of her control.

10. On February 16, 2005, just one day after receiving Dr. Zimberg's letter, Plaintiff's counsel contacted defense counsel in good faith in an attempt to resolve the issue in this motion and avoid litigation. Defense counsel did not consent to the relief sought.

WHERFORE, Plaintiff respectfully requests that the Court permit Plaintiff to substitute an expert psychiatrist within 10 days following this Court's order for same.

       Respectfully Submitted,

       /s/
       _____
       Morris E. Fischer, Esq.
       MD: Bar No. 26286
       Snider & Fischer, LLC
       104 Church Lane
       Baltimore, Maryland 21208
       410-653-9060 phone
       410-653-9061 fax
       Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| FRANCES DARCANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. WDQ-02-816 (Civ.) |
| | ) | |
| VERIZON MARYLAND, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

**<u>ORDER</u>**

Upon consideration of the Motion to Amend the Scheduling Order, it is hereby ordered on this _____ day of _____ 2005, that said motion is hereby GRANTED to allow for Plaintiff 10 days to name an Expert Psychiatrist. The Court will shortly enter into a scheduling order with respect to the new expert.

_____
United States District Judge