UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. WDQ-02-816 (Civ.) |
| | ) |
| VERIZON MARYLAND, INC., | ) |
| | ) |
| | ) |
| | ) |
| Defendant, | ) |

**AMENDED MOTION TO NAME NEW EXPERT AND FOR
A CONTINUANCE OF THE MAY 16, 2005 TRIAL DATE**

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this amended Motion to allow for Plaintiff to name a Psychiatrist, as a substitute for Dr. Gary Zimberg, within 60 days following a court order granting said motion and for a continuance of the May 16, 2005, trial date. The reasons supporting this motion are more fully set forth in the accompanying Statement of Points and Authorities in support hereof:

                Respectfully Submitted,

                /s/
                _____
                Morris E. Fischer, Esq
                MD: Bar No. 26286
                Snider & Fischer, LLC
                104 Church Lane
                Baltimore, Maryland 21209
                410-653-9060 phone
                410-653-9061 fax
                Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| FRANCES DARCANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. WDQ-02-816 (Civ.) |
| | ) | |
| VERIZON MARYLAND, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

## STATEMENT OF POINTS AND AUTHORITIES

Plaintiff's counsel, Morris E. Fischer, Esq., Snider & Fischer, LLC., herein submits its Statement of Points and Authorities in support of its motion for a continuance.

1. Previously named as an expert, was Dr. Gary Zimberg, a licensed psychiatrist. Dr. Zimberg had been the plaintiff's treating psychiatrist.

2. Plaintiff's counsel acknowledges that Dr. Zimberg, in his deposition testimony discussed his reluctance to testify as an expert. However, as indicated on page 19 of his testimony (see exhibit "A" attached herein) ultimately it was formally agreed that he would serve as the expert. Dr. Zimberg also reiterated that he would serve as the expert after he had checked with hospital counsel who advised him that he should "go ahead and be the expert" (see page 190 of exhibit "A" annexed hereto).

3. Plaintiff's counsel in preparation for the trial of this case met with Dr. Zimberg on February 9, 2005 and at that time, Dr. Zimberg advised counsel that he was extremely reluctant to testify as the expert due to his own legal concerns. At that same meeting, Plaintiff's counsel suggested that he work with Dr. Zimberg's own counsel in outlining

the parameters of the expert testimony with which he would be comfortable testifying. In this manner, Dr. Zimberg would still testify as Plaintiff's expert, subject to the parameters Plaintiff's counsel would set for him. Counsel asked Dr. Zimberg for a prompt response to this proposal and received one on February 15, 2005 (see exhibit "B" annexed hereto).

4. As evident from this response, Dr. Zimberg has, despite his deposition testimony to the contrary, reversed himself and now refuses to testify as Plaintiff's expert witness.

5. In *Potomac Elec. Power Co. v. Electric Motor Supply, Inc*., 190 F.R.D. 372 (D. Md. 1999), the Court adjudicated a similar motion, a modification of a scheduling order. The Court cited to the Fed.R.Civ.P. 16b, that "a scheduling order shall not be modified except upon a showing of good cause and by leave of the district Judge."

6. It is well settled that the court has considerable discretion in determining whether to permit an expert, who is designated after the scheduling order deadline for doing so, to testify. See *Tallarico v. Trans World Airlines, Inc*., 881 F.2d 566, 572-73 (8th Cir.1989)(court allowed wide discretion in determining the admission or refusal of expert testimony; no error in excluding witness where witness not made available until day preceding testimony).

7. In determining whether to exclude witnesses not disclosed in compliance with the scheduling order, the Potomac Court considered four factors: 1) the reason for failing to name the witness, 2) the importance of the testimony, 3) potential prejudice in allowing the testimony, and 4) the availability of a continuance to cure such prejudice. *Potomac Elec. Power Co. v. Electric Motor Supply, Inc* at 4 citing *Geiserman v. MacDonald*, 893 F.2d at 791; *Patterson v. F.W. Woolworth Co.,* 786 F.2d 874, 879-80 (8th Cir.1986).

8.      In the case at bar, all four factors favor Plaintiff's motion. The reason for the change is not bad faith or anything other than the doctor's refusal to testify as an expert, as he had previously agreed to do. The testimony's importance is obvious and needs no explanation for a case dealing with as an expert is necessary in this type of case. With a continuance of the trial date, no prejudice will be sustained by the adverse party.

9.      When counsel had originally and promptly made this motion, within several days of learning of Dr. Zimberg's refusal to be an expert witness, Counsel had some discussions with another Psychiatrist who had indicated a willingness to serve as Plaintiff's expert. At the time, Counsel also greatly considered the Court's schedule and had hoped to be able to designate an expert in such a manner that would preserve the trial date.

10.     However, after becoming somewhat engrossed in the case and learning of the great complex issues involving the Psychiatric condition of Plaintiff as well as the voluminous documents to be reviewed prior to issuing a report and undergoing a deposition, it became clear that additional time for an expert Psychiatrist would be needed.

11.     Plaintiff's counsel spoke with Defense counsel Shannon Barrett, Esq. last week in an attempt to narrow the issues for both counsels in limiting and focusing their motions in limine. Mr. Barrett expressed to the undersigned that if the Court would grant Plaintiff's original motion requesting only 10 days to name an expert, this would for all intents and purposes compel a rescheduling of the May 16, 2005 trial date. This would likely be true, for even if the Court permitted 10 days to name a new expert, a new expert schedule including: a) service of an expert report; b) service of a possible new report by defense

expert; c) the expert's deposition; and d) securing the transcript of said deposition for trial, all would most likely not be able to be performed prior to May 16, 2005.

12.     As such, given that dynamic, while unfortunate for the preservation of the established trial date, necessitates additional time past the trial date.  Consequently, Plaintiff herein requests 60 days to designate a new expert in place of Dr. Gary Zimberg.

13.     On March 7, 2005, Plaintiff's counsel, in good faith, again spoke with Mr. Barrett, who indicated the same position Defendant maintained in the original motion. Plaintiff's counsel agreed that it would not be necessary for Defense counsel to respond to Plaintiff's original motion, given this amended motion.

WHERFORE, Plaintiff respectfully requests that the Court permit Plaintiff to substitute an expert Psychiatrist within 60 days following this Court's order for same.

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq.
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, | ) |
| Plaintiff, | ) |
| v. | )  No. WDQ-02-816 (Civ.) |
| VERIZON MARYLAND, INC., | ) |
| Defendant, | ) |

**<u>ORDER</u>**

Upon consideration of the Motion to Name a new expert Psychiatrist and for a continuance of the May 16, 2005 trial date, it is hereby ordered on this _____ day of _____ 2005, that said motion is hereby GRANTED to allow for Plaintiff 60 days to name an Expert Psychiatrist. The Court will enter into a scheduling order with respect to the new expert and a new trial date.

_____
United States District Judge