Labor Relations Information System
Grievance # 1998-03280
EMPLOYEE DISCHARGED


EXHIBIT
Dankert #7
3-12-03    RMJ

## Basic Info

| | |
|---|---|
| Company: | Bell Atlantic - MD |
| Union Local: | Local 2101 |
| Bargaining Unit: | District 2 |
| Grievance Category: | Suspension ** |
| Date Occurred: | 07/17/1998 |
| Date Presented: | 07/17/1998 |
| Grievance Background: | EMPLOYEE FEELS HIS SHOULD NOT HAVE BEEN DISCHARGED. |
| Remedy Requested: | UNION WILL NOT APPEAL DECISION TO DISMISS FOR MISCONDUCT. |

## Grievants

| | | | |
|---|---|---|---|
| Name: | AUGUST DANKERT | SSN: | 219801380 |
| NCS Date: | 1998-03-30 | Status: | T |
| Union: | CWA | Union Local: | Local 2101 |
| Phone: | | RC: | DV2Y07301 |
| Job Title: | CENTRAL OFFICE TECHNICIAN | Supervisor RC: | 16962 |

## Discipline

| | | | |
|---|---|---|---|
| Name: | AUGUST DANKERT | SSN: | 219801380 |
| Type: | | Reason: | |
| Effective Date: | | Date Announced: | |
| Remarks: | | | |

## Grievance Meeting(s)

| | | | |
|---|---|---|---|
| Grievance Step: | 1 | Meeting Number: | 1 |
| Meeting Date: | 08/13/1998 | Meeting Length: | 1.00 |
| Documents Given to the Union: | | | |
| Meeting Rep: | BUTCH ENGLISH | Affiliation: | Company |
| Meeting Rep: | CHANTAL SAKAY | Affiliation: | Company |
| Meeting Rep: | MARIANNE MOXEY | Affiliation: | Company |
| Meeting Rep: | ELLEANOR MCCOLLOUGH | Affiliation: | Union |
| Meeting Rep: | GLORIA PACK | Affiliation: | Union |

Meeting Minutes:-COMPANY ON THE DAY IN QUESTION, I WAS PAGED ABOUT THE PROBLEM, NO ONE COULD GET INTO OPS. PAULINE CLARK WAS INVOLVED IN THE PROBLEM. I WAS TOLD BY OTHER TECHS. THAT GUS DID THIS ON PURPOSE TO GET EVEN WITH BARBARA LEE. WHEN I ASKED GUS ABOUT IT HE SAID HE WAS UPSET BECAUSE OF BARBARA LEE. I TOLD HIM I SHOULD SUSPEND HIM. I TOLD MY BOSS WHAT HAD HAPPENED. I EXPLAINED THAT WE HAD OVER 2 HOURS OF OVERTIME BECAUSE OF THIS INCIDENT AND THAT IT HAD BEEN DONE ON PURPOSE BECAUSE HE WAS UPSET. HE SAID TO TAKE IT TO SECURITY. UNION DID THE OTHER COWORKERS MAKE STATEMENTS ABOUT WHAT HAD HAPPENED. DID THEY MEAN THAT "PAYBACK" MIGHT HAVE MEANT REPORTING BARBARA LEE. DID PAULINE KNOW ABOUT THE PROBLEM BECAUSE GUS HAD CALLED? COMPANY NO, IT WAS AN AI PROBLEM. UNION WHAT WAS THE PROBLEM. COMPANY COULD NOT COMMUNICATE WITH THE 401 MACHINE, ONCE YOU WERE IN YOU WOULD NOT HANG UP AND NOT GET OUT. UNION COULD YOU USE ANOTHER MACHINE AND WHAT DID HE DO WRONG. COMPANY NO, WE DIDN'T NOW THE PROBLEM WAS INOPS OR WE WOULD HAVE GONE THROUGH DATA KIT TO PERFORM THE WORK. THE TECHS. SPENT A LOT OF TIME ON THIS BECAUSE HE DID NOT TELL THEM ABOUT THE SITUATION, ABOUT TWO AND HALF-HOURS. HE COULD HAVE PUT A MESSAGE ON THE BOARD.

Labor Relations Information System
Grievance # 1998-03280
EMPLOYEE DISCHARGED

UNION CONTENDS THAT HE DID NOT DO IT ON PURPOSE. DID YOU SAY HE BRAGGED ABOUT IT TWICE, ONCE IN THE MORNING AND ONCE IN THE AFTERNOON. PAULINE KNEW OF THE PROBLEM. COMPANY YES TO BOTH QUESTIONS.
UNION PAULINE DID NOT KNOW WHAT THE PROBLEM WAS. WE TALKED ABOUT IT AND I WAS TO CALL UPSTAIRS FOR INFORMATION ABOUT IT. COMPANY WHY DIDN'T YOU TELL THE CREW ABOUT THE PROBLEM? UNION I TALKED TO JOHN EARLIER. I WAS SORRY THAT I BRAGGED. BARBARA LEE YELLING AT ME WAS THE REASON WHY. IT WAS NOT INTENTIONAL. I GUESS THAT WAS THE STRAW THAT BROKE THE CAMEL'S BACK. WHY DID YOU SAY SOMETHING WHEN SHE YELLED AT ME? SHE TOLD ME TO LEAVE, I TALKED TO SCOTT McDonald AND HE SAID I DIDN'T HAVE THE SCOPE THAT BARBARA HAD. THAT WAS IT, I DIDN'T COME IN UNTIL THE NEXT DAY. COMPANY WE SPOKE ON THE PHONE AND THAT WAS THE END OF IT UNTIL THE OTHER TECHS. TOLD ME WHAT HAPPENED. MS. SAKAY READ PART OF MR. DANKERT'S STATEMENT. WE NEED TO BE CLEAR ABOUT THIS. WE HAVE CUSTOME SERVICE INVOLVED.
UNION I HAVE A QUESTION. WE HAD AN INCIDENT OF AN OUTAGE. JIM CONRAD HAD A MEETING AND DIDN'T EVEN MENTION THE FACT IN THE MEETING.COMPANY THERE WAS NO OUTAGE IN THE INCIDENT, NOBODY IS SAYING YOU CAN'T MAKE A MISTAKES. UNION HAS THIS HAPPENED BEFORE, YOU SAID HE VIOLATED THE CODE OF CONDUCT.COMPANY YES WE HAVE HAD SYSTEM PROBLEMS. BUTCH READ THE PARA. ON PG. 22.  COMPANY YOU SAID IN YOUR STATEMENT THAT YOU DID WRONG. IN OUR MEETING YOU SAID YOU WERE SORRY. BUTCH READ FROM CODE ON PAGE 28.
UNION HE KNEW THIS WOULD HAPPEN IF HE DID NOT TELL THE OTHERS. COMPANY MAYBE HE DID NOT KNOW OF THE WORK IN THE MACHINE. HE TOLD ME HE DID THIS ON PURPOSE IN OUR MEETING. HE ALSO SAID THAT BARBARA LEE SHOULD HAVE FIGURED IT OUT IN FIVE MINUTES. UNION ALL SHE HAD TO DO WAS CHANGE THE SCREEN. COMPANY NOT IF SHE WAS LOCKED OUT. SHE READ NOTES FROM INTERVIEW STATEMENT CONERNING REMEMBERING IN HIS CAR AND LEAVING ANYWAY. UNION MR. DANKERT SAID HE NEVER SAID THAT, I NEVER MADE THAT STATEMENT. WHEN I REMEMBERED THE TICKET IN THE CAR, I WAS ON MY WAY INTO WORK NOT LEAVING. GLORIA PACK WHAT DID YOU MEAN REGRETTING YOUR ACTIONS? I MEANT I REGRETTED LEAVING THE FALSE IMPRESSION THAT I HAD DONE THIS ON PURPOSE. COMPANY AT FIRST I WANTED TO SUSPEND HIM FOR ONE DAY. THE DECISION WAS MADE ON THE STATEMENTS OF HIS COWORKERS AND THE SECURITY INVESTIGATION. WE WILL NOT CHANGE OUR DECISION.  UNION WOULD YOU RECOMMEND HIM FOR EMPLOYMENT. HE REGRETTED HIS ACTIONS.COMPANY NO. THIS WAS A VIOLATION OF THE CODE OF CONDUCT. MISCONDUCT, WE CAN'T RECOMMEND HIM FOR REHIRE. UNION WE WILL NOT APPEAL.

## Arbitration

**Arbitration Number:**  **Case Type:**
   **Outcome:**  **Award:**
   **Remarks:**