IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO,<br><br>       Plaintiff,<br><br>v.<br><br>VERIZON MARYLAND INC.,<br><br>       Defendant. | No. WDQ-02-816 (Civ.) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S DISABILITY RATING FOR THE PURPOSE OF DETERMINING VETERANS' BENEFITS**

Defendant Verizon Maryland Inc. ("Verizon"), by and through its undersigned counsel, respectfully submits this Memorandum in Support of its Motion in Limine to Exclude Evidence Regarding Plaintiff's Disability Rating for the Purpose of Determining Veterans' Benefits and states a follows:

**INTRODUCTION**

Verizon anticipates, based on plaintiff's exhibit list, that plaintiff may seek to introduce at trial evidence regarding the disability rating she received for the purpose of determining plaintiff's eligibility for disability benefits through the Department of Veteran Affairs (the "VA"). Plaintiff should be precluded from introducing this evidence at trial because the proposed evidence is likely to confuse the jury and its admission would be unfairly prejudicial to Verizon.

**ARGUMENT**

The issues in this case are whether Verizon violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA") by (1) treating plaintiff differently that other, non-disabled

Verizon employees on the basis of her alleged disability, which plaintiff characterizes as "bi-polar and/or personality disorder" (Proposed Pretrial Order, dated September 15, 2004 [Dkt. #101], at A-1); and (2) not providing plaintiff reasonable accommodations to deal with her alleged disability. Verizon anticipates that plaintiff will proffer evidence regarding her disability rating for VA purposes to support her contention that she is a "qualified individual with a disability" under the ADA.

The system of disability ratings for the purpose of VA benefits, however, is very different than the standard for disability under the ADA. Under the ADA, a "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Section 12102 of the ADA further defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). The Supreme Court has recognized this statutory language as a clear mandate to determine the existence of disabilities on a case-by-case basis rather than assuming that a particular medical diagnosis affects all people in the same way. *Albertson's, Inc. v. Kirkinburg,* 527 U.S. 555, 566-67 (1999).

The system of VA disability ratings differs from the ADA standard of disability in at least three material respects. First, the VA rating system does not include a binary decision as to whether or not a person is disabled. Rather, under the VA system, the Secretary of Defense is authorized to establish a schedule of disability ratings with ten grades of disability ranging from 10 percent disability to 100 percent disability. 38 U.S.C. § 1155. Each grade of disability corresponds to a different monthly level of compensation. 38 U.S.C. §§ 1114, 1131, 1134.

Under this schedule of disability ratings, certain medical conditions are automatically assigned specific grades of disability without regard to how they impact the individual claimant. As an example, deep scars other than on the head, face or neck result in a disability rating ranging from 10 to 40 percent depending solely on the number of square inches that the scar or scars cover. 38 CFR § 4.118 (2004). As a result of the availability of several grades of disability, the task of a rater under the VA system is to pick a point along a continuum rather than make a critical "yes or no" decision comparable to the key determination under the ADA of whether an individual is substantially limited in major life activity.

Second, the statutory provision which authorizes the creation of VA disability ratings provides, "The ratings shall be based, as far as practicable, upon the *average* impairments of earning capacity resulting from such injuries in civil occupations." 38 U.S.C. § 1155 (emphasis added). Thus, the VA system seeks to standardize disability ratings so that individuals with similar medical diagnoses are compensated similarly; the rater is not required to consider whether a claimant is better or worse equipped to cope with a given medical condition than the average person. This is in stark contrast to the ADA's statutory mandate, recognized by the Supreme Court in *Albertson's, Inc.,* that the factfinder not assume that a given diagnosis affects all people in the same way but to instead examine the real world impact of the diagnosis on the particular plaintiff's life. 527 U.S. at 566-67.

Finally, the VA disability ratings system does not require a claimant to demonstrate that she is substantially limited in any particular major life activity. Although the disability rating system is intended to roughly reflect the impact of an injury or disease on earning capacity, the individual claimant is not required to present evidence that her condition actually impacts her ability to work. Rather, "[t]he basis of disability evaluations is the ability of the body as a whole,

3

or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life including employment." 38 CFR § 4.10 (2004).  In other words, the VA disability system draws no distinction between a substantial limitation in one major life activity and moderate limitations in several life activities.  The ADA, in contrast, plainly requires that a plaintiff prove that she is substantially limited in at least one identifiable major life activity in order to establish the existence of an actual disability.  42 U.S.C. § 12102(2)(A); *Barnes v. Northwest Iowa Health Ctr.,* 238 F. Supp. 2d 1053, 1072-73 (N.D. Iowa 2002) (contrasting ADA's requirement of a limitation of a specific major life activity to the "global view of impacted activities" used to determine disability under the Social Security Act).

In sum, for the reasons described above, a medical examiner or agency assigning a VA disability rating is not required to address the key issue of whether an individual has an impairment that "substantially limits one or more of the major life activities of such individual." *Id.* at 1067.  Accordingly the assignment of a VA disability rating in general or the assignment of a specific disability rating does not directly or indirectly reflect a determination that an individual has a disability within the meaning of the ADA and is therefore irrelevant to plaintiff's claims.[1]

However, introduction of such evidence would pose a great risk of confusing the jury. The jury would need to distinguish between the VA disability ratings system from the standard for disability under the ADA, understand that a VA disability rating has nothing to do with whether the individual is "disabled" under the ADA, and understand that the determination of a VA disability rating is not an adjudication of disability under the ADA.  The ability to discern these differences would be exceedingly difficult for the jury, and the likelihood of confusion

---

[1] In addition to demonstrating the existence of an actual impairment, a plaintiff can also qualify as disabled by demonstrating that she was regarded as having an impairment or has a record of impairment.  42 U.S.C. § 12102(2). However, the existence of a VA disability rating has no bearing on whether Verizon regarded plaintiff as disabled. Meanwhile, by failing to respond to Verizon's summary judgment argument that plaintiff could not demonstrate a "record of" disability, plaintiff should be deemed to have abandoned any such argument.

substantially outweighs any probative value that the evidence may have.  Moreover, any such confusion would likely have a highly prejudicial effect on Verizon as the jury could erroneously accept the existence of a VA disability rating as conclusive evidence that plaintiff was, in fact, disabled under the ADA.  Accordingly, any evidence regarding the plaintiff's disability rating under the VA system should be excluded under Federal Rule of Evidence 403.

## **CONCLUSION**

For the reasons set forth above, Verizon respectfully requests that the Court enter an Order barring plaintiff from presenting evidence at trial regarding her disability rating used to determine her eligibility for disability benefits through the Department of Veteran Affairs.

Dated:  March 14, 2005

_____/s/_____
Karen M. Wahle, Bar No. 013658
Ira H. Raphaelson, Bar No. 012849
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C.  20006
(202) 383-5300
(202) 383-5414 (facsimile)

Counsel for Defendant
Verizon Maryland Inc.