IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO,<br><br>   Plaintiff,<br><br>  v.<br><br>VERIZON MARYLAND INC.,<br><br>   Defendant. | No. WDQ-02-816 (Civ.) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO RESTRICT ARGUMENT REGARDING INDEPENDENT MEDICAL EXAMINATIONS**

Defendant Verizon Maryland Inc. ("Verizon"), by and through its undersigned counsel, respectfully submits this Memorandum in Support of its Motion in Limine to Restrict Argument Regarding Independent Medical Examinations.

**INTRODUCTION**

This lawsuit involves claims by the plaintiff, Frances Darcangelo, that Verizon violated the Americans with Disabilities Act (the "ADA") by allegedly discriminating against her through various disciplinary actions leading to, and including, her termination and by not providing supposedly reasonable accommodations.

In addition to these claims, plaintiff filed a separate claim alleging that she was improperly forced to submit to medical examinations in violation of the ADA on two different dates in 1997 and 1998, and that another examination was requested but never performed in October 1998. In support of its motion for summary judgment, Verizon explained that plaintiff's claim based on the independent medical examinations was barred by *res judicata.* (*see* Mem. in Support of Def.'s Mot. for Summ. J., dated June 20, 2003 [Dkt #30], at 57-59.) Plaintiff responded by expressly abandoning the claim in her opposition to Verizon's motion for summary

judgment and did not otherwise address Verizon's *res judicata* defense. ((Corrected Version) dated July 15, 2003 [Dkt. #41] at 1 n.2 ("Plaintiff is abandoning Count V (IME Referral Count), since Count II already challenges the suspension she received staring in May 1998, and she will not pursue the IME referral from October 1997, which may be time-barred anyways.").) Notwithstanding the fact that plaintiff expressly abandoned Count V, she has asserted in the Proposed Pretrial Order that plaintiff's claim regarding the independent medical examinations "should not be a count unto itself, but should be an issue developed at trial as part of the remaining counts. With respect to Failure to Accommodate, the issue bears on whether Plaintiff was truly a 'direct threat' and the Defendant's overreaction to the events that Plaintiff allegedly committed. With regard to the Disparate Treatment counts, it serves as a further example of the disparate treatment rendered against Plaintiff due to her disability." (Proposed Pretrial Order, dated September 15, 2004 [Dkt. #101], at E-1.)

While Verizon understands that evidence regarding the independent medical examinations may be admissible under certain circumstances for limited purposes, plaintiff's statement in the Proposed Pretrial Order suggests that she still intends to argue that the independent medical examinations may themselves form the basis for liability. In particular, plaintiff's statement indicates that plaintiff will argue that Verizon's instruction that plaintiff submit to the independent medical examinations constituted disparate treatment for which Verizon may be held liable. Because plaintiff has previously filed a lawsuit on the basis of the allegedly improper requirement that she submit to those medical examinations and that lawsuit was dismissed with prejudice, the examinations cannot form the basis of liability under any theory in the current action regardless whether that theory is presented as its own claim or as part of a larger count. Accordingly, Verizon asks the Court to issue an Order barring plaintiff from in

any way arguing that the medical examinations may form the basis of liability and specifically preventing plaintiff from arguing that the requirement that plaintiff submit to those examinations was a form of "disparate treatment" under the ADA.

## ARGUMENT

The doctrine of claim preclusion bars any claim that "arises out of the same transaction or series of transactions as the claim resolved by [a] prior judgment," *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999). *See also In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996) (doctrine bars subsequent claims arising out of a common "core of operative facts"). When claim preclusion applies, "the judgment in the first case acts as an absolute bar to the subsequent action with regard to every claim which was actually made or and those which might have been presented" in the earlier action. *Id.* at 1315. "Claim preclusion occurs when: (1) the prior judgment was final and on the merits . . . ; (2) the parties are identical, or in privity, in the two actions; and (3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." *Id.* at 1315.

On December 4, 2000, Darcangelo filed a complaint against Verizon Communications Inc. (the parent corporation of defendant here) in the Circuit Court for Baltimore County, which was later removed to this Court (Action S-01-CV-45). Her 2000 complaint alleged that the defendant (alleged to be her employer) requested and forced her to undergo independent medical examinations in November 1997 and May 1998, and requested another IME in October 1998. (*See* Ex. 1, 2000 Compl. ¶¶ 18-22.) She alleged that defendant's conduct violated state confidentiality and privacy laws, along with several common law torts such as invasion of privacy. (*See id.* ¶¶ 23-26.) On July 30, 2002, this Court dismissed Darcangelo's 2000 complaint with prejudice. (*See* Ex. 2, Stipulation for Dismissal.)

3

All three requirements to bar any claim that Verizon's requirement that plaintiff submit to the medical examinations under the principle of claim preclusion are met here. First, "dismissal of an action with prejudice is a complete adjudication" of the matters litigated, and is considered final and on the merits. *In re Tomlin*, 105 F.3d 933, 936-37 (4th Cir. 1997) (quoting *Harrison v. Edison Bros. Apparel Stores*, 924 F.2d 530, 534 (4th Cir. 1991)). Second, the parties in the two actions are in privity with each other. In the *res judicata* context, privity means a "successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *Sanders Confectionery Prod. v. Heller Fin., Inc.,* 973 F.2d 474, 481 (6th Cir. 1992). In her earlier action, Darcangelo named Verizon Communications Inc. as the successor-in-interest to Bell Atlantic, plaintiff's employer. (*See* Ex. 1, 2000 Compl. ¶¶ 6, 7.) Darcangelo now names Verizon Maryland, Inc. as the successor-in-interest to Bell Atlantic. (*See* 2002 Compl. [Dkt. # 1] ¶ 2.) Moreover, Verizon Communications Inc. adequately represented the interests of Verizon Maryland Inc. in the prior litigation. *See Saylor v. United States,* 315 F.3d 664, 669 (6th Cir. 2003) ("Because all the [successors'] interests are identical, all were adequately represented by the four [successors] present before the court in the prior proceeding."). Finally, because the prior lawsuit was based squarely on the allegedly improper demand for independent medical examinations by Darcangelo's employer, *any* theory of liability based on the alleged impropriety of those demands will involve same events resolved by the District Court's prior dismissal. *See Pittston*, 199 F.3d at 704 (finding that claim preclusion applies when "the facts of the current and prior claims are so woven together that they constitute a single claim") (internal quotations omitted). Accordingly, any such claim in this action is clearly barred.

5

Plaintiff recognized that unavoidable fact by expressly abandoning her specific claim that the requirement of independent medical examinations violated the ADA.  Plaintiff should not now be allowed to circumvent the doctrine of claim preclusion by dropping the claim but nonetheless making the argument to the jury under the guise of a different count.

## **CONCLUSION**

For the reasons set forth above, Verizon respectfully requests that the Court enter an Order barring plaintiff from in any way arguing to the jury that Verizon may be held liable under any theory for its requirement that plaintiff submit to independent medical examinations and specifically preventing plaintiff from arguing that the requirement that plaintiff submit to those examinations was a form of "disparate treatment" under the ADA.

Dated:  March 14, 2005                              Respectfully submitted,


                                                                 _____/s/_____
                                                                 Karen M. Wahle, Bar No. 013658
                                                                 Ira H. Raphaelson, Bar No. 012849
                                                                 O'MELVENY & MYERS LLP
                                                                 1625 Eye Street, N.W.
                                                                 Washington, D.C.  20006
                                                                 (202) 383-5300
                                                                 (202) 383-5414 (facsimile)

                                                                 Counsel for Defendant
                                                                 Verizon Maryland Inc.

5