UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. WDQ-02-816 (Civ.) |
| | ) |
| VERIZON MARYLAND, INC., | ) |
| | ) |
| | ) |
| | ) |
| Defendant, | ) |

**MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXHIBITS**

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this Motion In Limine, to exclude certain exhibits that Defendant has listed in the Pre-Trial Statement. The reasons supporting this motion are more fully set forth in the accompanying Statement of Points and Authorities in support hereof:

                                                Respectfully Submitted,

                                                /s/
                                            _____
                                            Morris E. Fischer, Esq
                                            MD: Bar No. 26286
                                            Snider & Fischer, LLC
                                            104 Church Lane
                                            Baltimore, Maryland 21209
                                            410-653-9060 phone
                                            410-653-9061 fax
                                            Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERIZON MARYLAND, INC., )<br>)<br>)<br>)<br>Defendant, ) | No. WDQ-02-816 (Civ.) |

**STATEMENT OF POINTS AND AUTHORITIES**

Plaintiff's counsel, Morris E. Fischer, Esq., Snider & Fischer, LLC., herein submits its Statement of Points and Authorities in support of its motion.

There are principally three areas of exhibits that Plaintiff seeks to include from Defendant's exhibit list. They are: (a) documents dealing with behavior prior to 1997; (b) Findings of the Maryland Human Relations Commission and the Equal Employment Opportunity Commission; and (c) documents which reference a prior action brought by Plaintiff regarding extraneous IME's and invasions of privacy.

The undersigned counsel attempted in good faith to resolve these issues with defense counsel, but was unable. It should be further noted that both counsel agreed that the purpose of the Motions in Limine was not to exercise all evidentiary challenges at this stage and as such, each counsel will have further opportunity at trial to object to raise additional evidentiary objections. It was agreed that the purpose of these motions is to identify to the Court the most crucial evidentiary objections prior to the exhibits reaching

2

a jury, for even if the Court would instruct the jury to disregard them, nonetheless, with prejudicial effect would still occur.

### I.     Pre 1997 Documents

There are numerous documents Defendant seeks to introduce which memorialize Plaintiff's behavior prior to 1997.

These documents are 1-10, 16-24 and 26-27. See exhibit "A" annexed hereto for an individual listing of these documents.

The most damaging and prejudicial to Plaintiff's case are documents 1-3. Exhibit 1 is a 1983 employee contact record that details Plaintiff's bringing in bullets during that year and telling an employee that her name was on them. Exhibit #2 is a 1983 employee contact record detailing that Plaintiff wore a "Hitler was Right" T-shirt. Exhibit #3 is another 1983 record dealing with the same issues. (See exhibit "B").

Plaintiff has already agreed to stipulate to these facts (see exhibit "C") annexed hereto. As such, these exhibits are totally unnecessary and are going to prejudice the jury against Plaintiff. Federal Rule of Evidence 403 provides for the exclusion of evidence if: (a) the possibility of unfair prejudice is greater than its probative value; or (b) it is confusing, misleading, causes needless delay, wastes time or is confusing.

Plaintiff's behavior is an issue in the case, but only to the extent as to whether Verizon had justification for placing her into progressive discipline, suspending her and eventually terminating her during the 1997-1998 time periods. All of the documentation which Defendant Verizon submitted in support of the actions it took against Plaintiff from 1997 and on, did not even mention the 1983 incidents (see exhibit "D", (defendant's

3

#67, and #73)). The only other relevance these incidents have at all on the case pertains to the reporting done by Verizon Management to C.O.R.E. (see exhibit "E"). However, that is only relevant to demonstrate that Verizon had little or no justification for its actions taken against Plaintiff some 14 years later.

Moreover, if these incidents have already been stipulated to that they occurred, there is no need for Defendant Verizon to enter documents from 1983 stating they did. Consequently, these documents are duplicitous, unnecessary and give greater weight to events which are not the subject of the lawsuit. Moreover, the prejudicial value of the documents, given the inflammatory nature of the events, far outweighs their probative value.

Exhibits 4-10 are records that again have no relevance to the 1997 behavior. All they demonstrate is that the Plaintiff had some employment issues prior to 1997, which are not the subject of this case. Most telling is Defendant's exhibit #73, the termination meeting notes prepared by James Conrad. This three page document is a summary of the events leading up to termination, which fails to include any incidents of misbehavior prior to 1997. Consequently, the aforementioned documents have no relevance and their only purpose is to color the Plaintiff as a mean spirited individual and to turn the trial into a referendum of pre-1997 events, which could inflame a jury to a much higher degree than Plaintiff's behavior during 1997-1998, the core of this case

The remaining documents in this category, 16-24, and 26-27, deal with events in 1994, (see exhibit "F") and are not relevant to the behavior of 1997-1998. They are also duplicitous and will extend the scope of the trial to events that are not the discipline complained of by the Plaintiff or the behavior complained of by the Defendant.

**Findings of EEOC and MHRC**

Defense exhibits #76, the written finding of the MHRC, #180 which is Plaintiff's right to sue letter and #219 (exhibit "G"), the EEOC File, all should be excluded. The Fourth Circuit in a number of decisions such as *Cox v. Babcock and Wilcox Company*, 471 F.2d 13 (4th. Cir.) in adjudicating this issue has routinely cited, the dissenting opinion of Fifth Circuit Judge, Hon. Dyer who in, *Smith v. Universal Services, Inc*., 454 F.2d 154 (5th Cir. 1972), stated the following:

> "As the opinion points out, the EEOC report "contains findings of fact made from different witnesses, subjective comment on the credibility of these witnesses and reaches [a] conclusion… The credibility of witnesses has historically been the sole function of the fact finder… It is undisputed that the EEOC report is merely an accumulation on off hearsay and contains the opinion of the investigator based upon his credibility choices with respect to the hearsay…"

> "In addition to its very questionable probative value, EEOC reports may be prejudicial, irrelevant, and unreliable. *King v. Georgia Power Co., N.D. Ga. 1968, 295 F. Supp. 943, 949; Moss v. Lane Co., W.D. Va. 1970, 50 F.R.D. 122, 127; Hyatt v. United Aircraft Corp., D. Conn. 1970, 50 F.R.D. 242, 246 n. 4; Gillin v. Federal Paper Board Co., D. Conn. 1970, 52 F.R.D. 383, 385; Hart v. Buckeye Industries, Inc., S.D. Ga. 1968, 46 F.R.D. 61, 62-63.*"

Consequently, the same common law should be applied in this case. Here, the MHRC investigator wrote:

> "The investigation has determined that there is no probable cause to believe that Complainant is an aggrieved person as defined under Article 49B. Complanant's work behavior and conduct did not meet Respondent's expectations after being given repeated notice. There is no evidence Respondent's reasons are not credible and because there is

5

>no direct evidence of discriminatory motive, it is determined that there is no probable cause to believe that unlawful discrimination had occurred."

Certainly, the Court's denial of Defendant's Summary Judgment demonstrated that the Court believed after a full and fair litigation in which witnesses were cross examined and documents more carefully scrutinized, that a jury could find that Defendant unlawfully discriminated against Plaintiff. As such, this evidence is highly prejudicial as it may sway a jury against Plaintiff.

## IMES AND INVASIONS OF PRIVACY

Exhibits #141 and #142, (see exhibit "H") consist of an Amended complaint and stipulation to dismiss with prejudice claims by Plaintiff of violations of confidentiality, invasions of privacy, negligence and Deceptive trade practices. The conduct Plaintiff alleged involved improperly disseminating and soliciting information regarding Plaintiff's medical records and issues regarding the quantity and scope of her IMEs. Defendant seeks to utilize these documents to persuade the jury that Plaintiff has brought the same claims twice, once in State Court and once in Federal Court.

This was a matter discussed at the Pre-Trial Conference. At that time, it was agreed that Plaintiff was not bringing the invasion of privacy, excessive IME issue as a separate cause of action, but that it could be utilized at trial to demonstrate the disparate treatment Plaintiff received.

These exhibits should be excluded because they will confuse a jury as to the issues in this case and mislead the jury into believing that Plaintiff has already litigated

6

these same issues to which it seeks recovery, namely discrimination and a failure to accommodate due to disability. Consequently, in accordance with Rule 403, their probative value is greatly outweighed by their problems they present.

                              Respectfully Submitted,

                              /s/
                            _____

                            Morris E. Fischer, Esq.
                            MD: Bar No. 26286
                            Snider & Fischer, LLC
                            104 Church Lane
                            Baltimore, Maryland 21208
                            410-653-9060 phone
                            410-653-9061 fax
                            Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| FRANCES DARCANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. WDQ-02-816 (Civ.) |
| | ) | |
| VERIZON MARYLAND, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

**ORDER**

Upon consideration of Plaintiff's Motion in Limine, it is hereby ordered on this _____ day of _____ 2005, that said motion is hereby GRANTED and that the following Defendant Exhibits are excluded from evidence as per the Pre-Trial Statement: #1-10, 16-24 and 26-27; 76, 180 and 219; 141 and 142.

_____
United States District Judge

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, | ) |
| Plaintiff, | ) |
| v. | ) No. WDQ-02-816 (Civ.) |
| VERIZON MARYLAND, INC., | ) |
| Defendant, | ) |

## NOTICE OF MOTION OF LENGTHY EXHIBIT

Exhibit "F" which is a series of defense exhibits, 1-10, 16-24 and 26-27 and most of exhibit "G" are lengthy and if scanned in will be larger than 1.5 MB. It will be filed with the Clerk's office in paper format.

I certify that within 24 hours of filing of this Notice, I will file and serve copies of the documents identified above.

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff