| | |
|---|---|
| Frances Darcangelo<br>202 B. Railroad Avenue<br>New Freedom, PA 17349<br>  Plaintiff,<br><br>-vs-<br><br>Verizon Communications, Inc.<br>7900 Xerxes Avenue South, Suite 1700<br>Minneapolis, MN 55431<br>Serve on:<br>The Corporation Trust Incorporated<br>300 E. Lombard<br>Baltimore, MD 21202<br>  Defendant,<br><br>-and-<br><br>CORE, Inc.<br>10th Floor - Metro Plaza 2<br>8403 Colesville Rd.<br>Silver Spring, MD 20910<br>Serve on:<br>Judy L. Feinberg<br>9241 Cambridge Manor Ct.<br>Potomac, MD 20854 | In the<br>Circuit Court<br>for<br><br>Baltimore County, Maryland<br><br>Case No. 03-C-00-011212 |

## AMENDED COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Frances Darcangelo, by and through her attorney, Edwin R. Burkhardt of Towson, Maryland, hereby files the following complaint in the Circuit Court for Baltimore County:

**Jurisdiction and Venue:**

1.  Plaintiff Frances Darcangelo is a natural person who resides at 202B Railroad Avenue

RECEIVED AND FILED
00 DEC -4 PM 4:04

in New Freedom, Pennsylvania, 17349.

2. Defendant Verizon Communications, Inc. (referred to hereinafter as "Verizon") is a foreign corporation whose principal place of business is reported to be at 7900 Xerxes Avenue South, Suite 1700, Minneapolis, MN 55431.

3. Defendant CORE, Inc. (referred to hereinafter as "CORE") is a business entity domiciled in the State of Maryland located at 10th Floor, Metro Plaza 2, 8403 Colesville Rd, Silver Spring, MD 20910.

4. Jurisdiction in this court is based on sec. 1-501 of the Md. Code Ann. Ct. & Jud. P in that damages claimed exceed $20,000.00, exclusive of interest, costs and attorney's fees.

5. Venue is proper in the Circuit Court for Baltimore County, Maryland, pursuant to Section 6-201 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland, because Plaintiff used to work for Defendant Verizon at its offices in Baltimore County, and because Defendant operates and does substantial business in the communications industry in Baltimore County, Maryland.

**Factual Allegations:**

6. Plaintiff Frances Darcangelo was hired in 1977 by Chesapeake & Potomac Telephone Company (a subsidiary of AT&T), which later became Bell Atlantic. At some point after January 1999, when Plaintiff's employment was terminated by Bell Atlantic, Bell Atlantic changed its named to Verizon.

7. As a successor-in-interest to Bell Atlantic, Verizon steps into the shoes of Bell

Atlantic and assumes responsibility for the legal obligations, actions, and violations committed by Bell Atlantic and its agents.

8. During the period of Plaintiff Frances Darcangelo's employment with Bell Atlantic, Bell Atlantic had an agreement with CORE wherein CORE provides medical-related care and services to Bell Atlantic employees.

9. By virtue of the agreement described in the preceding paragraph, Fran Darcangelo, as an individual consumer of health care services, and CORE, as a seller (or provider) of consumer health care services, entered into a contractual relationship wherein CORE agreed to provide health care services to Fran Darcangelo in exchange for due consideration it received from Ms. Darcangelo, or on Fran Darcangelo's behalf from Bell Atlantic.

10. Pursuant to both Maryland state law and also to the terms of the contractual agreement between CORE and Fran Darcangelo in which CORE received due consideration in exchange for the provision of health care services to Fran Darcangelo, CORE was obligated to exercise due care in the provision of all health care (and related) services.

11. The standard-of-care owed by CORE to Fran Darcangelo included an obligation to follow and comply with state and federal law, and state administrative regulations regarding the proper use, disclosure, and confidentiality of patient medical records, including patient mental health records.

12. Upon information and belief, Bell and CORE presently maintain an agreement

wherein CORE continues to provide medical-related care and services to Verizon employees.

13. During all relevant time periods, CORE was (and still is) acting as an agent for Bell Atlantic. All conduct of CORE and its agents and employees was taken in the course and scope of that agency.

14. On several occasions beginning on or about October 1997, CORE representatives, including but not limited to Registered Nurse Barbara Kelly, either improperly disseminated to or solicited from several of Plaintiff's medical treatment providers, including but not limited to Dr. Robert Altland of Glen Rock, Pennsylvania, Dr. Gary Zimberg of York, Pennsylvania and Psychologist Julie Swope of York, Pennsylvania, very personal and confidential medical information relating to Frances Darcangelo's mental health condition and treatment.

15. The above-mentioned communications involving confidential mental health condition and treatment were in no way consented to or authorized by Plaintiff.

16. The above-mentioned communications involving confidential mental health condition and treatment were not privileged or justified by any bona fide attempt by Bell Atlantic to obtain information in attempt to accommodate a qualifying disability under the Americans with Disabilities Act (ADA) or make other appropriate use of that information; instead, the communications were motivated by Bell Atlantic's desire to have Plaintiff declared a "direct threat" under the ADA so it could terminate her.

-4-

17. The above-mentioned communications involving Fran Darcangelo's confidential mental health condition and treatment constituted a violation of her privacy.

18. On several occasions, including November 1997, May 1998, and October 1998, Bell Atlantic requested Independent Medical Examinations (IME)'s for Plaintiff Frances Darcangelo. The November 1997 and May 1998 IME's were performed by psychiatrists at the request of Bell Atlantic, though the October 1998 request was later withdrawn.

19. The factual information possessed by and available to Bell Atlantic and CORE during the relevant time period concerning Plaintiff's conduct and behavior did not provide an objectively-reasonable, factually-supportable basis for Bell Atlantic or CORE to force Plaintiff to undergo repeated, comprehensive, intrusive and unnecessary IME's.

20. The above-described IME's were not privileged or justified by any bona fide attempt by Bell Atlantic to obtain information in attempt to accommodate a qualifying disability under the Americans with Disabilities Act (ADA) or make other appropriate use of that information; instead, the communications were motivated by Bell Atlantic's desire to have Plaintiff declared a "direct threat" under the ADA so it could terminate her.

21. The quantity, scope, and range of very personal health-related information obtained from Plaintiff during the above-described IME's, including information relating to her mental health, sexual, and relationship history, far exceeded the scope of information reasonably necessary to make any bona fide determination about whether Plaintiff

constituted a "direct threat" and thus, violated Plaintiff's privacy.

22. Many of the above-mentioned confidential communications relating to both Plaintiff's medical history and mental health condition and treatment have been improperly, and with ill motive and actual malice, disseminated and stored at Bell Atlantic (now, Verizon) and CORE, breaching the standard of care owed to Fran Darcangelo, and causing actual injury to Plaintiff, including emotional distress and anguish, aggravation of her mental health condition and prognosis, and proximately caused other damages, including the loss of her job at Bell Atlantic.

Count I:   Violations of Maryland State Medical Record Confidentiality Laws, including Md. Cod Ann. Health-Gen. Art.4-302(a), (d), and M.C.A. Health-Gen. Art. 4-307, 4-309(c), (f)

23. The allegations of paragraphs 1-22 are hereby reincorporated.

24. The defendants have violated Maryland State Medical Record confidentiality laws, proximately causing injury to Plaintiff;

Count II:   Invasion of Privacy (Common Law Tort)

25. The allegations of paragraphs 1-22 are hereby reincorporated.

26. The defendants have invaded Plaintiff's privacy through the nonprivileged dissemination of very personal and confidential medical and mental health information relating to Plaintiff, proximately causing injury to Plaintiff.

-6-

**Count III:   Maryland Unfair and Deceptive Trade Practices Act**

27. The allegations of paragraphs 1-22 are hereby reincorporated.

28. The Defendants have violated the Maryland Unfair and Deceptive Trade Practices Act (MUDTPA), codified at M.C.A. Comm. Law 13-301(1),(3) and 13-303(1) and (2), by failing to state a material fact if the failure deceives or tends to deceive, or by making misleading statements of fact, by failing to advise Fran Darcangelo that confidential medical information obtained on her behalf (without her permission and without a signed consent) would be used for Bell Atlantic's purposes and not to assist her medical treatment, thereby proximately causing injury to Plaintiff.

**Count IV:   Negligence**

29. The allegations of paragraphs 1-22 are hereby reincorporated.

30. Bell Atlantic and CORE (acting on behalf of Bell Atlantic) have failed to meet the minimum standard-of-care owed to Fran Darcangelo in their handling of numerous medical record and confidentiality matters, thereby proximately causing harm to the Plaintiff.

**Count V:   Breach of Contract**

31. The allegations of paragraphs 1-30 are hereby reincorporated.

32. With their mishandling of confidentiality and medical records, Bell Atlantic and CORE have breached their contract to provide medical services to Fran Darcangelo.

Count VI:    Injunctive Relief

33. The allegations of paragraphs 1-22 are hereby reincorporated.

34. Plaintiff respectfully requests that the court issue an injunction prohibiting Verizon and CORE from continuing to engage in the following impermissible practices:

   i. Engaging in the non-privileged dissemination and solicitation of confidential medical information from CORE patient treatment providers;
   ii. Engaging in the non-privileged dissemination of confidential medical patient information;
   iii. Forcing patients to engage in IME's which are not medically necessary, the scope and comprehensiveness which far exceed that reasonably necessary to determine whether the examined patient constitutes a "direct threat" or otherwise required to determine an appropriate accommodation for a qualifying disability.

WHEREFORE, Plaintiff Frances Darcangelo requests the following relief:

   i. Compensatory damages in the amount of $200,000.00 (two hundred thousand dollars);
   ii. Punitive Damages in the amount of $2,000,000.00 (two million dollars);
   iii. Reasonable Attorney's Fees, Costs, and Prejudgment Interest;
   iv. Any other relief, including declaratory and injunctive relief, the Court deems appropriate

A JURY TRIAL IS DEMANDED!

_____          12-4-00
Edwin R. Burkhardt                  Date
401 Washington Ave, Suite 303
Towson, MD 21204
(410) 583-0338

-8-