UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| FRANCES DARCANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. WDQ-02-816 (Civ.) |
| | ) | |
| VERIZON MARYLAND, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

## OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S DISABILITY RATING

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this opposition to Defendant's Motion In Limine to exclude Plaintiff's disability rating and states as follows.

It should be first noted that Defendant does not raise the issue of all Veterans' Administration ("VA") medical records that do not contain the VA rating. Even if the Court grants Defendant's motion, Plaintiff should be entitled to redact the VA records containing the disability rating and additional admissible information.

The rating itself is part of the records. Plaintiff makes no percentage of disability claim in accordance with the ADA. Plaintiff's counsel will not argue that the Plaintiff has a substantial limitation under the ADA based upon the VA's disability rating. The rating may also be relevant to demonstrate that Verizon officials reviewed that rating,

1

made judgments possibly in part, based upon that rating, all to show that Defendant regarded Plaintiff as disabled.[1]

In addition, that which defendant is so concerned regarding the VA's limitation can be developed on cross examination of Plaintiff's doctors or established by the defendant in some other manner. Defendant brings no precedent of a disability discrimination claim of a psychiatric disorder in which a trial Judge correctly excluded a VA disability rating based upon Federal Rules of Evidence 401 or 403. Defendant cites Barnes v. Northwest Iowa Health Ctr. 238 F. Supp. 2d 1053, 1072-1073 (N.D. Iowa 2002). However the rating in that case was offered to demonstrate the disability. Plaintiff doesn't seek to introduce that evidence for that purpose.

Another issue in the case is whether Plaintiff is in fact faking this bi-polar disorder and is bringing this case to get rich. Certainly a disability rating, whether it's in line with the ADA or not, is probative on that credibility issue.

## Conclusion

Defendant's motion should be denied.

Respectfully Submitted,

/s/

_____
Morris E. Fischer, Esq
MD: Bar No. 26286

---

[1] Defendant's footnote once again attempts to eliminate one of the bases of liability, namely, whether Plaintiff demonstrated a record of disability, arguing that Plaintiff "abandoned" that argument during Summary Judgment. To Plaintiff's recollection, this issue was raised at the pre-trial conference and dealt with. Plaintiff has not abandoned that claim and never intended to, as demonstrated by Plaintiff's pre-trial statement which incorporates record of disability as a basis for liability.

        Snider & Fischer, LLC
        104 Church Lane
        Baltimore, Maryland 21209
        410-653-9060 phone
        410-653-9061 fax
        Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO,          ) | |
| )                            | |
| Plaintiff,        ) | |
| )                            | |
| v.                           ) | No. WDQ-02-816 (Civ.) |
| )                            | |
| VERIZON MARYLAND, INC.,      ) | |
| )                            | |
| )                            | |
| )                            | |
| Defendant,        ) | |

## **ORDER**

Upon consideration of Defendant's Motion and Plaintiff's Opposition to Defendant's Motion in Limine to exclude the Veterans Administration's Disability Rating, on this _____ day of _____ 2005, that said motion is hereby DENIED.

_____
United States District Judge