UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| FRANCES DARCANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. WDQ-02-816 (Civ.) |
| | ) | |
| VERIZON MARYLAND, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

**OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EMPLOYMENT HISTORY OF BARBARA LEE**

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this opposition to Defendant's Motion In Limine to exclude the employment history of Barbara Lee and states as follows.

Barbara Lee was a similarly situated employee to Plaintiff. Any testimony from any co-worker or manager regarding Ms. Lee's behavior and reputation at the workplace should go to the jury. It should have the same scope as Plaintiff's work history. As such, if the Court chooses to establish 1994 and on as the scope of Plaintiff's work history as relevant and non-prejudicial evidence, then testimony and evidence regarding Barbara Lee's employment history should have the same 1994 starting point.

Defendant argues that the "supervisors and managers do not appear to have witnessed" the various incidents involving Augustus Dankert and Barbara Lee while the two were co-workers. Whether said managers and supervisors actually witnessed these events or not, if they had actual or constructive knowledge of them, that's certainly

1

relevant to demonstrate management's knowledge of Barbara Lee's behavior. A jury can find that her behavior was similar to Plaintiff's throughout the time that the same management officials were involved and as such, Plaintiff will have demonstrated that similarly situated non-disabled employees were treated differently.

Defendant further argues that since none of Dankert's complaints about Lee are in her personnel file and management relied on Lee's and Darcangelo's personnel files, in reaching their decision to suspend Lee and terminate Plaintiff, Dankert's testimony is irrelevant. This argument totally ignores the possibility which is at the heart of Plaintiff's complaint. Namely, that the same management officials ultimately decided whether they were to take discipline or keep a written record of Lee's hostile behavior in the first place. Plaintiff contends such is the case. Consequently, the ultimate decision to suspend or terminate was based on employment records totally biased against Plaintiff.

Defendant states in its motion: "Meanwhile, although Dankert claims to have complained to management about Lee's alleged behavior, Verizon was not required to treat his complaints as credible or to agree with his characterization of them." That is the precise issue in this case: the manner in which management treated the complaints it received from co-workers about Plaintiff versus the manner in which it treated similar complaints from co-workers about similarly situated employees, such as Barbara Lee. Consequently, this is entirely relevant and should not be excluded.

## Conclusion

Defendant's motion should be denied.

       __/s/_____
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| FRANCES DARCANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. WDQ-02-816 (Civ.) |
| | ) | |
| VERIZON MARYLAND, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

## **ORDER**

Upon consideration of Defendant's Motion and Plaintiff's Opposition to Defendant's Motion in Limine to Bar evidence of regarding the employment history of Barbara Lee, on this _____ day of _____ 2005, that said motion is hereby DENIED.

_____
United States District Judge

4