UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| FRANCES DARCANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. WDQ-02-816 (Civ.) |
| | ) | |
| VERIZON MARYLAND, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

## OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE

## TESTIMONY OF MARIA BURY

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this opposition to Defendant's Motion In Limine to exclude the expert testimony of Maria Bury and states as follows.

Maria Bury is a factual witness. Plaintiff's counsel fully intends to call her as a witness. Her testimony should be admissible with respect to many areas.

      a.      **Testimony regarding Notice of the Condition to Verizon, Motivations behind disciplinary actions against Plaintiff**.

Any knowledge that Ms. Bury has that Verizon managers knew of Plaintiff's condition is certainly relevant. Defendant has the opportunity to raise objections at trial regarding each particular statement of testimony. For example, Defendant raises lines 12-25 of Bury's deposition (Defendant's brief page 5) for exclusion because in that portion of testimony, Bury states that she believed that Verizon managers were aware of

1

Plaintiff's condition.  Obviously, such testimony will have to be substantiated by actual statements heard, and the source of each statement heard should be considered by the Court in ruling on each objection.

Ms. Bury was directly involved, an eye-witness, to the 9/26/94 Second Step Grievance in which she personally advised James Conrad that Plaintiff had mental illness.  (see exhibit "A").  As such, she is appropriate to testify.

### b.    <u>Reactions to the Shooting Target</u>

Defendant attempts to exclude Ms. Bury's testimony regarding employee reaction to Plaintiff's posting of a shooting target in her cubicle based on hearsay.  However, Federal Rule of Evidence 801 (c) defines hearsay as a "statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the matter asserted.

Testimony regarding Ms. Burry's knowledge of such reaction is not offered to prove the truth the matter asserted, namely, that the rifle poster was indeed a joke, but offered to establish that Defendant had no reason to believe that Plaintiff was a threat.  As such, since these statements are offered to show the effect of such statements, they are not hearsay.  They are the inverse of statements made by employees reported by management that are offered to establish that Plaintiff was a threat.

Furthermore, even if the Court concluded they were hearsay, Plaintiff is not required at this point to disclose each and every statement Ms. Bury heard and by whom.  As such, any of the statements under the right circumstances could constitute an exception to the hearsay rule, such as excited utterance.  Consequently, the court room,

during trial is a better forum for the Court to scrutinize each of these statements on a case by case basis.

### c.     Legal Rights of Plaintiff

Defendant misconstrues Ms. Bury's anticipated testimony with respect to the contract discussing Plaintiff's rights to upon representation.  Ms Bury will not be offering an opinion that the contract was violated.  Her testimony as a union representative can establish: (1) that her experience as a negotiator for union contracts can confirm certain admissions by Verizon management as to their contract interpretation regarding union representation; (2) her experience in representing Verizon employees regarding discipline issues can establish Verizon's practice in providing union representation for employees in meetings similar to the subject one involving Plaintiff; and (3) that Verizon deviated from that practice.

### d.     Other Hearsay Statements

As stated above, the supposed hearsay statements should be ruled upon by the Court on a statement by statement basis.   Since there are many of them and the context of each is unknown, it's quite possible that a number of them fit into a hearsay exception or are not offered for their truth.  For example, Defendant cites, "I know Marianne, one of the things that I hear the most about her is that she has certain people that she favors…" That statement could be offered to demonstrate that other managers were aware of Moxey's bias.  Since Moxey was one of the managers on the decision team regarding

Plaintiff's discipline, offering that statement for that purpose would be a legitimate purpose.

## <u>Conclusion</u>

Defendant's motion is premature and overbroad. It misconstrues Plaintiff's trial strategy and is without legal merit. As such, it should be denied.

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

FRANCES DARCANGELO,              )
                                 )
                Plaintiff,        )
                                 )
        v.                        )          No. WDQ-02-816 (Civ.)
                                 )
VERIZON MARYLAND, INC.,           )
                                 )
                                 )
                                 )
                Defendant,        )


## ORDER

Upon consideration of Defendant's Motion and Plaintiff's Opposition to Defendant's Motion in Limine to Bar testimony of Maria Bury, it is hereby ordered on this _____ day of _____ 2005, that said motion is hereby DENIED.


                                        _____
                                        United States District Judge

5