UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. WDQ-02-816 (Civ.) |
| ) | |
| VERIZON MARYLAND, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant, ) | |

**<u>OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
TESTIMONY OF MARTIN KRANITZ</u>**

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this opposition to Defendant's Motion in Limine to exclude the expert testimony of Martin Kranitz and states as follows.

Martin Kranitz is a vocational expert. He submitted a timely report and was deposed.

Plaintiff accepts Defendant's position that Mr. Kranitz is not qualified to testify to the following:

      a) plaintiff's alleged disability; or

      b) a causal connection between Verizon's conduct and the Plaintiff's inability to maintain current employment

1

Plaintiff contends that Mr. Kranitz is qualified to testify on the following:

a) his professional opinion as to evaluating Plaintiff's present vocational potential; and

b) Verizon's failure to provide reasonable accommodation

A. **Plaintiff's Vocational Potential**

Dr. Kranitz's report (defense exhibit "A") evaluates Plaintiff's vocational potential. It lists the bases of his opinion and his expertise. He explains that he hasn't seen any reports from the employer regarding support Verizon gave her, (defense exhibit "A") because there weren't any produced in discovery.

In addition, counsel agrees that Dr. Kranitz could not testify to a causal connection between Verizon's termination and the Plaintiff's inability to maintain employment. However, he can testify to Plaintiff's GAF scores, their trend and meaning. He has had over 20 years of experience using GAF scores (Plaintiff's Exhibit "A", pg. 155). Dr. Kranitz will testify that the Plaintiff experienced a downward trend in her GAF scores after her termination, resulting in an inability to maintain employment. Defendant cites a case that stands for the proposition that a low GAF score does not necessarily mean that an individual is impaired in his or her ability to work. *Crawford v. Massanari*, No. 00-CV-792-M, 2001 WL 1943879, *3 (N.D. Okla. Aug. 24, 2001). However, this case is inapposite. In that case, the court recognized that several other factors were crucial to its decision. One factor was that the plaintiff's doctor expressed an opinion that the plaintiff's depression should not have precluded her from gainful employment. In the instant case, the GAF score was not the sole basis for Dr. Kranitz's evaluation. He also

conducted an evaluation where he noted several other factors, like laughing or giggling at inappropriate times, that he felt would prevent the Plaintiff from maintaining her employment.

Defendant also believes that the fact that the plaintiff's doctors do not view the GAF score as an indicator of whether Plaintiff was qualified to do her job as precluding Dr. Kranitz's use of the score in his evaluation. However, Defendant also has cited a case where the court takes note that the American Psychiatric Association uses a GAF score of 41-50 to indicate a "… serious impairment in… occupational…functioning." *Crawford v. Massanari*, No. 00-CV-792-M, 2001 WL 1943879, *3 (N.D. Okla. Aug. 24, 2001). This weakens the Defendant's argument as to the reliability of the GAF score because the APA utilizes this score as a tool for analyzing an individual's occupational ability. Thus, Dr. Kranitz satisfies Federal Rule of Evidence 702's requirement for basing his observations on "sufficient facts or data."

The Defendant also argues that because the evaluating doctors have testified that their diagnoses are not reliable or intended for the purpose Kranitz uses them, Kranitz's opinions are themselves unreliable. The Defendant cites a case where an administrative judge's decision was overturned. *McPherson v. Barnhart*, No. 4:04-CV-90190, 2005 WL 357667 (S.D. Iowa Feb. 9, 2005). However, this case is readily distinguishable. The reason the court rejected the administrative law judge's rejection of the doctor's opinion was not because the GAF ratings were unreliable, but rather because the ALJ, by deciding on his own the meaning of the doctor's diagnostic codes, had invaded the province of the physician. *Id.* at *27. This is different from the instant case, where Dr. Kranitz simply used an established and authoritative manual to demonstrate that a certain

3

score indicates impaired occupational functioning. He is not only qualified to do that, as stated above, as a Vocational Expert that is precisely that which he has been doing for over 20 years. The fact that the evaluating doctors don't view those diagnoses as reliable has no bearing on Dr. Kranitz's opinions' reliability.

B.   **Verizon's failure to provide reasonable accommodation**

Defense counsel points to Dr. Kranitz's statement in his report regarding external support required by employers, family, rehabilitation facilities, etc. as the only allusion to reasonable accommodation (Defendant's brief, Pg 11). However, at deposition, Dr. Kranitz gave a more detailed statement:

> "That if she had been allowed more space, a place to work away from other people then she would have felt more comfortable. In my opinion, if there had been some more education and sensitivity training done with co-workers and supervisors to understand her condition, again it may be that she would have been more successful… More isolation rather than space, I don't think she needed a larger work area, she needed to be away from coworkers more." Plaintiff's Exhibit "A" at 31-32.

The purpose of the expert report is to prevent unfair surprise at trial. *Sylla-Swaddon v. Uniroyal Goodrich Tire Co.,* 47 F.3d 377 (8th Cir. 1995), cert. denied, U.S. 116 S.Ct 84 (1995). "The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided and costs are reduced." *Reed v. Binder,*165 F.R.D. 424, 1996 U.S. Dist. Lexis 8837 (D.N.J. 1996).

Once shown that such report is not sufficiently complete, the adverse party can move for a sanction as per Federal Rule 37, which may include but is not limited to the exclusion of evidence. Id at 18. "To impose a sanction the court must first consider whether there is "substantial justification" for the failure and then consider whether the failure was harmless." Id.  In determining the degree of harm suffered by the inadequate report, courts will look to the prejudice sustained by the other party. Nguyen v. IBP, Inc., 162 F.R.D. 675 (D. Kan. 1995).

In this case, the missing data in the report caused no prejudice to Defendant because Dr. Kranitz gave a deposition and Defense Counsel inquired into many areas beyond that which he gave on his report.  One of those areas involved accommodations that could have been made.  In it, he testified to reviewing the DOT Code for the position (Page 10 of Plaintiff's exhibit "A").  He also interviewed the plaintiff and used both the interview and the DOT Code as a basis for his understanding of Plaintiff's position (Id. at 10-12).

Defendant points to Dr. Kranitz's lack of expertise in ADA cases and concludes he should be precluded from testifying as an expert witness in this ADA case.  This point is without merit.  First, Defendant points to Kranitz's providing input into cases dealing with "people in wheelchairs"  (Defendant's brief, page 12).  Persons in wheelchairs generally are disabled affording Dr. Kranitz the experience necessary to evaluate disabled individuals.  Combined with his other expertise such an M.S. in Psychology, was a staff psychologist at Melwood Horticultural Training Center, Inc. for several years, served as a chief evaluator for Baltimore Goodwill Industries, Inc., Rehabilitation Department and has been qualified as a Vocational Expert at Social Security hearings, and serves in a

5

number of Circuit Courts in Maryland (Plaintiff's Exhibit "B"). After studying the position and interviewing the plaintiff he was in a position to render an opinion as to what accommodations would have been helpful for the plaintiff. As someone who studies vocations, he is qualified to render that opinion.

Defendant also argues that Dr. Kranitz can't render an opinion regarding the accommodations necessary because he couldn't state affirmatively that the accommodation of sensitivity training would have prevented the inappropriate behavior. However, it's not necessary for Dr. Kranitz to give an opinion as to whether the sensitivity training would have prevented her inappropriate behavior because the ADA does not require an employee to show a proposed accommodation is certain or even likely to be successful to prove that it is a reasonable accommodation. *Russel v. Plano Bank & Trust*, 130 F.3d 715 (5th Cir. 1997); *Humphrey v. Memorial Hospitals Association*, 239 F.3d 1128, 1136 (9th Cir. 2001).

Finally, Defendant's argument that Dr. Kranitz conducted no investigation into Plaintiff's work environment is meritless. Dr. Kranitz interviewed the Plaintiff and received information necessary to make an informed decision. He understood the situation and relied on his expertise to identify the reasonable accommodations that could have been made.

### Conclusion

Dr. Kranitz meets the requirement to testify as an expert as to the two aforementioned points. All other issues surrounding his experience and qualifications are

6

subject to cross-examination and can be further developed by Defendant at that point and are for a jury to determine.

                              Respectfully Submitted,

                              /s/
                            _____
                            Morris E. Fischer, Esq.
                            MD: Bar No. 26286
                            Snider & Fischer, LLC
                            104 Church Lane
                            Baltimore, Maryland 21208
                            410-653-9060 phone
                            410-653-9061 fax
                            Attorneys for Plaintiff

Case 1:02-cv-00816-WDQ    Document 132    Filed 03/31/2005    Page 7 of 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

FRANCES DARCANGELO,           )
                              )
        Plaintiff,            )
                              )
        v.                    )        No. WDQ-02-816 (Civ.)
                              )
VERIZON MARYLAND, INC.,       )
                              )
                              )
                              )
        Defendant,            )

**ORDER**

Upon consideration of Defendant's Motion and Plaintiff's Opposition to Defendant's Motion in Limine to Bar testimony of Martin Kranitz, it is hereby ordered on this _____ day of _____ 2005, that said motion is hereby GRANTED IN PART AND DENIED IN PART. Dr. Martin Kranitz is hereby permitted to testify with respect to: (a) his professional opinion as to evaluating Plaintiff's present vocational potential; and (b) Verizon's failure to provide reasonable accommodation.

                                        _____
                                        United States District Judge