UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND


FRANCES DARCANGELO,                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      No. WDQ-02-816 (Civ.)
                                       )
VERIZON MARYLAND, INC.,                )
                                       )
                                       )
                                       )
            Defendant,                 )


**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE**

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this reply to

Defendant's Opposition to Plaintiff's Motion in Limine and states as follows.


I.      **Plaintiff's Pre 1997 Conduct**

Defendant's opposition adds little to the points made in Plaintiff's motion.

Plaintiff Darcangelo has admitted to the highly prejudicial conduct in question as per

prior stipulation.  The termination notes prepared by James Conrad (#73, see Plaintiff's

motion) don't list any incidents prior to 1997.  It's not necessary for the jury to review

countless documents all stating the same incidents numerous times.


II.     **The MHRC and EEOC Findings**

As per exhibit "A", the Maryland Human Relations Commission report prepared

Frieda Morgan and her supervisor contain various distortions of the subject events, that

not even Defendant contends occurred.  Here are several examples:

> a.     "many   attempts   were   made   to
> constructively     address     Complainant's
> inappropriate conduct…These efforts
> included supervisory instructions coaching,
> referrals to medical professionals, relevant
> training and corrective discipline action."
> (See page 2 of report).

It's unclear to the reader the specific supervisory instructions made and to whom

they were made.  The same is true regarding relevant training.  One of the fundamental

issues in the case is Defendant's reaction to advice given by Dr. William Wright to a

Verizon manager, Charles English to invoke sensitivity training for Plaintiff's

workgroup.  Consequently, a jury could be misled into believing that such training did

occur, based on this report.  Defendant had the opportunity to list the report's authors as

witnesses, but chose not to do so.  Consequently, the report is hearsay and there is no

opportunity to cross examine that statement.

> b.     "the documented chronology of events is as
> follows:
> (a) On January 11, 1983, warning for disruptive conduct
> which caused co-workers to be fearful of her
> (b) On March 16, 1983, Complainant wore a T-Shirt to
> work stating, "Hitler was right" and "Kick Ass…"
> (c) On March 24, 1992, warnings for use of profanity while
>     guests were touring the facility."
> (see page 2 of report)

As stated earlier, there is no indication that Defendant Verizon considered any of

these incidents in their termination decision.  In addition, it is unknown what co-workers

were fearful of her or the extent of that fear.   There is no opportunity for cross-

examination.

> c.      "providing the workplace conduct standard
> is job related for the position in question and is
> consistent with business necessity.    Employers
> attempt to maintain a workplace free of violence or
> threats of violence."
>
> (see page 2 of report).

This is nothing more than a conclusory statement which is the job of the jury.

The report assumes that Plaintiff made threats of violence, which is one of the factual

issues in the case.

The evidentiary problems these reports present without the benefit of cross-

examination are immense.  This case survived Summary Judgment specifically because

Plaintiff had an opportunity to depose a number of the defense witnesses, find

contradictions and evidence of pretext.   Neither MHRC nor EEOC investigators

conducted investigations with that level of scrutiny.

In short, Defendant's argument would be stronger had it called the MHRC or

EEOC investigators as witnesses, in which case Plaintiff's counsel would have the

opportunity to cross examine them.  This was the very situation in the relevant precedent

defendant cites.  In *United States v. MacDonald*, 688 F.2d 224 (4th Cir. 1982), the Court

reasoned:

> "Although Rule 803(8) (C) apparently has never been
> construed in this context, we think it apparent that the Rock
> report met the facial standards of admissibility. It was a) a
> "public record," b) to be introduced against the
> Government in a criminal case, c) containing factual
> findings, d) made pursuant to an investigation mandated by

> law, e) containing, given the impartiality of the investigating officer, the availability of counsel, and the right to examine and cross-examine, adequate circumstantial assurances of trustworthiness. This conclusion only begins our inquiry, however, because Rule 803 does not mandate admission, it only allows reception of qualifying evidence."

Id. at 230.

In this case, Plaintiff's counsel had no such, and will have no such opportunity to cross- examine the document's author. As such, it should be excluded.

*Plummer v. Western Int'l Hotels Co*., 656 F.2d 502 (9th Cir. 1981) cited by Defendant's is not only from the Ninth Circuit, that case states the following:

> Similarly, in An EEOC determination, prepared by professional investigators on behalf of an impartial agency, has been held to be a highly probative evaluation of an individual's discrimination complaint. See Bradshaw, id.; *Peters v. Jefferson Chemical Co., 516 F.2d 447, 450-51 (5th Cir. 1975); Smith, 454 F.2d at 157. But see Cox v. Babcock & Wilcox Co., 471 F.2d 13, 15 (4th Cir. 1972); Smith, 454 F.2d at 160-61* (Dyer, J., dissenting from denial of en banc rehearing).

Id. at 505.

As such, by citing *Cox*, *Supra*, the *Plummer* Court acknowledges that the Fourth Circuit does not have the same approach as the Ninth Circuit with respect to EEOC determinations. Consequently, this Court should follow the Fourth Circuit approach rather than the Ninth and should exclude the findings of both the EEOC and MHRC.

**<u>Independent Medical Evaluation ("IME") Evidence</u>**

With respect to the prior lawsuit records, Plaintiff in its opposition to Defendant's Motion in Limine to restrict argument for evidence regarding the IMEs, has already agreed that their only relevancy is for limited purposes of demonstrating that Plaintiff

was not a direct threat and that Defendant was aware of such point. Consequently,

evidence of Plaintiff's prior lawsuit has absolutely no legitimate purpose in this trial, is

totally irrelevant and highly prejudicial.

<div style="margin-left: 50%;">

Respectfully Submitted,

/s/

_____

Morris E. Fischer, Esq.
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

</div>