IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO,<br><br>        Plaintiff,<br><br>    v.<br><br>VERIZON MARYLAND INC.,<br><br>        Defendant. | No. WDQ-02-816 (Civ.) |

### DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION IN LIMINE TO LIMIT EVIDENCE REGARDING EMPLOYMENT HISTORY OF BARBARA LEE

Defendant Verizon Maryland Inc. ("Verizon"), by and through its undersigned counsel, respectfully submits this Reply Memorandum in Further Support of its Motion in Limine to Limit Evidence Regarding the Employment History of Barbara Lee and states as follows.

### INTRODUCTION

On March 14, 2005, Verizon filed its Motion in Limine to Limit Evidence Regarding the Employment History of Barbara Lee ("Verizon's Motion") (Dkt. #114), asking the Court to enter an Order preventing plaintiff from engaging in an extensive but irrelevant attack on the workplace behavior of one of plaintiff's coworkers, Barbara Lee.  Verizon is particularly concerned that plaintiff will attempt to proffer testimony from a terminated Verizon employee, Augustus Dankert, regarding alleged incidents involving himself and Lee which were not witnessed by Lee's supervisors and were not reflected in Lee's personnel record.  As explained in Verizon's Memorandum in Support of its Motion in Limine to Limit Evidence Regarding the Employment History of Barbara Lee ("Verizon's Memorandum") (Dkt. #114), absent some showing that Verizon officials responsible for making disciplinary decisions had credible information about those incidents, Dankert's allegations that Lee acted in an improper manner,

even if true, is irrelevant to the plaintiff's claims that Verizon disciplined plaintiff more severely than Lee on the basis of plaintiff's alleged disability.

In her Opposition to Motion in Limine to Limit Evidence Regarding the Employment History of Barbara Lee ("Plaintiff's Opposition") (Dkt. #130), plaintiff attempts to manufacture some relevance for Lee's workplace behavior, and in particular Dankert's accusations, by introducing a new theory of liability which appears nowhere in plaintiff's earlier pleadings and which is inconsistent with the evidence. More importantly, plaintiff's suggestion of this new theory is not sufficient to justify sidetracking the trial and confusing the jury with Dankert's unsupported accusations against Lee.

## **ARGUMENT**

As addressed more fully on page 5 of Verizon's Memorandum, to the extent that plaintiff attempts to base her disparate treatment claims on the difference in disciplinary actions taken against plaintiff and Lee, plaintiff must prove that Verizon's asserted, non-discriminatory reasons for disciplining Lee and plaintiff differently were false and that the real reason for the difference in disciplinary actions was plaintiff's alleged disability. Verizon's asserted reasons for disciplining plaintiff more severely than it did Lee for plaintiff's confrontation with Lee were: (1) Verizon's understanding that plaintiff provoked the incident; and (2) the fact that Lee's personnel file did not reflect the history of disruptive and threatening behavior that was reflected in plaintiff's personnel file. As discussed in pages 5-7 of Verizon's Memorandum, Dankert's accusations against Lee about behaviors that were not recorded in her personnel record and cannot be shown to have been witnessed by Verizon management do nothing to undermine either of Verizon's asserted, non-discriminatory reasons. Accordingly, they are irrelevant to plaintiff's asserted claims.

In her Opposition brief, plaintiff attempts to establish the relevance of Lee's unreported workplace behavior by introducing a new theory of liability: Verizon discriminated against plaintiff in the manner in which it recorded plaintiff's conduct in her personnel file, thereby causing the disciplinary actions against plaintiff to be based on a record "totally biased against Plaintiff." (Plaintiff's Opposition, at 2.) Specifically, plaintiff suggests that Verizon discriminated against plaintiff by treating "complaints it received from co-workers about Plaintiff" as more credible than "similar complaints from co-workers about similarly situated employees, such as Barbara Lee." (Plaintiff's Opposition, at 2.)

Plaintiff claims that this new theory is "the precise issue in this case" and is "at the heart of Plaintiff's complaint." (*Id.*) However, contrary to these assertions, the new theory actually appears nowhere in plaintiff's complaint (Dkt. #1) nor does it appear in plaintiff's statement of the case as set forth in the Proposed Pretrial Order (Dkt.#101, at A-1-5). Meanwhile, in Plaintiff's Opposition to Defendant's Motion for Summary Judgment, plaintiff expressly identifies the actions she is challenging as discriminatory to be the decision to terminate plaintiff and the decisions to suspend plaintiff on three occasions in 1998. (Dkt. #41, at 25, 28.) No claim whatsoever is made that plaintiff's personnel record was compiled in an unfair or discriminatory manner.

Moreover, plaintiff's new theory is entirely inconsistent with the evidence. While plaintiff's personnel record contained references to complaints by her coworkers, much of the misconduct reported in plaintiff's personnel record, and indeed more than enough to substantiate Verizon's non-discriminatory basis for disciplining plaintiff more severely than Lee, was personally witnessed and reported by plaintiff's supervisors, including plaintiff wearing a "Hitler was right" t-shirt to work and refusing to change out of it, using the "N" word at work, yelling at

3

a supervisor, posting a supervisor's picture on a rifle target, walking out on a supervisor, and walking out on a customer call while a supervisor was present. (Descriptions of these incidents and the first-hand knowledge of them by plaintiff's supervisors are set forth in pages 2, 8, and 11-16 of Verizon's Memorandum in Support of Defendant's Motion for Summary Judgment, Dkt. #31.) Thus, plaintiff's suggestion that "the precise issue in this case" is the allegedly different manner in which Verizon responded to coworker complaints against plaintiff, as opposed to coworker complaints against other employees, is flatly erroneous. Plaintiff's failure to previously assert her new theory and the completely untenable nature of that theory demonstrate that her current assertion of that theory is no more than an excuse to present prejudicial and irrelevant testimony against Lee.

More importantly, plaintiff's new theory, even if genuine, would not justify engaging the Court in the sideshow mini-trial of Dankert's accusations and Lee's responses that would result from allowing Dankert to testify as to Lee's alleged behavior. Even under plaintiff's new theory, such a time-consuming "he said, she said" inquiry would not resolve any relevant issue, since it would not establish what, if anything, the Verizon decision-makers responsible for making disciplinary decisions or for compiling Lee's personnel record knew about those incidents. Rather, in order to make the mini-trial between Dankert and Lee at all relevant, plaintiff would need to engage in additional inquiries that would further extend the trial.

Further, allocating an inordinate amount of trial time on issues such as whether Lee yelled at Dankert would risk confusing the jury as to the issues material to plaintiff's claims. As explained in Verizon's Memorandum, the core issue with respect to plaintiff's disparate treatment claims is whether Verizon had a genuine, non-discriminatory reason for disciplining plaintiff more severely than other Verizon employees, including Lee. A protracted inquiry into

Lee's alleged behavior, and particularly Dankert's view of that behavior, would unavoidably divert the jury's attention away from that core issue and instead encourage the jury to improperly pass judgment on Lee and judge the objective "correctness," rather than the subjective intent, of Verizon's disciplinary decisions.

## CONCLUSION

For the reasons set forth above, Verizon respectfully requests that the Court enter an Order limiting the introduction of evidence regarding Barbara Lee's employment history, as well as excluding any testimony by Dankert regarding alleged interactions with Lee not contained in her personnel file.

Dated:  April 21, 2005

          /s/
Ira H. Raphaelson, Bar No. 012849
Karen M. Wahle, Bar No. 013658
Shannon M. Barrett, Bar No. 16410
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C.  20006
(202) 383-5300
(202) 383-5414 (facsimile)

Counsel for Defendant
Verizon Maryland Inc.