IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO,<br><br>        Plaintiff,<br><br>    v.<br><br>VERIZON MARYLAND INC.,<br><br>        Defendant. | No. WDQ-02-816 (Civ.) |

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S DISABILITY RATING FOR THE PURPOSE OF DETERMINING VETERANS' BENEFITS**

Defendant Verizon Maryland Inc. ("Verizon"), by and through its undersigned counsel, respectfully submits this Reply Memorandum in Further Support of its Motion in Limine to Exclude Evidence Regarding Plaintiff's Disability Rating For the Purpose of Determining Veterans' Benefits, and states as follows.

**INTRODUCTION**

In its March 14, 2005 Motion in Limine to Exclude Evidence Regarding Plaintiff's Disability Rating For the Purpose of Determining Veterans' Benefits ("Verizon's Motion") (Dkt. #117), Verizon moved the Court to bar plaintiff from presenting evidence at trial regarding the disability rating she received for the purpose of determining plaintiff's eligibility for disability benefits through the Department of Veteran Affairs (the "VA") on the grounds that the system used to establish such disability ratings differs greatly from the standard of disability at issue in this case. As such, admission of evidence of a VA disability rating is likely to confuse the jury and would be unfairly prejudicial to Verizon.

In her Opposition to Motion in Limine to Exclude Plaintiff's Disability Rating ("Plaintiff's Opposition") (Dkt. #128), plaintiff fails to address meaningfully the risks of jury confusion and prejudice to Verizon by the introduction of the VA disability rating. Rather, plaintiff primarily attempts to overcome the information's obvious prejudicial effect by arguing that she needs to introduce the VA disability rating for reasons other than establishing plaintiff's disability under the Americans with Disabilities Act (the "ADA"). An even cursory examination of the evidence and the Proposed Pretrial Order reveals that the reasons plaintiff assert are simply not credible. In light of plaintiff's failure to identify any legitimate probative value, the Court should enter an Order barring any evidence regarding plaintiff's VA disability rating under a straightforward application of Federal Rule of Evidence 403.

## ARGUMENT

**I.   Plaintiff has failed to make credible arguments regarding the probative value of the VA disability rating**

In an attempt to establish some probative value for her VA disability rating, plaintiff claims two ways in which evidence of such a rating could be relevant at trial. First, plaintiff claims that the VA disability rating "may be relevant" to demonstrate that Verizon officials reviewed and formed impressions about plaintiff on the basis of that rating. Plaintiff's contention, however, is wholly disingenuous. Not only has plaintiff failed to identify any evidence that Verizon officials reviewed or considered plaintiff's VA rating in determining how to deal with plaintiff, but a careful review of the documents on plaintiff's exhibit list that reference the VA rating reveals that none of them were even created until *after* plaintiff's termination from Verizon and thus could not have played any role in Verizon's decision to terminate plaintiff or in any of Verizon's earlier disciplinary actions. (*See,* Ex. A, excerpts from Plaintiff's Exhibits referencing plaintiff's VA disability.) Thus, plaintiff's suggestion that she

identified those exhibits or intends to introduce her VA disability rating to show any impact of that rating on Verizon officials is without merit and merely reflects the absence of a truly probative value to that information.

Second, plaintiff contends that the VA rating has probative value to establish that she is not "faking" the existence of her bipolar disorder. However, plaintiff's suggestion that there is any dispute as to whether plaintiff actually has bipolar disorder is a gross mischaracterization of the issues in this case. Far from disputing the existence of plaintiff's bipolar disorder, Verizon has affirmatively asserted that plaintiff suffers a bipolar disorder in the Proposed Pretrial Order (Dkt. # 101, at B-6), as part of its statement of facts that it will demonstrate at trial. Plaintiff's transparent attempt to manufacture a nonexistent dispute as an excuse to introduce evidence of plaintiff's VA disability further shows that such evidence lacks any actual probative value.

## II.   Presentation of evidence of the VA disability rating to the jury would be unduly prejudicial to Verizon

Having made no legitimate showing of the probative value of the evidence of the VA disability rating, plaintiff argues that inclusion of such evidence at trial will not be prejudicial because plaintiff does not intend to argue that her VA disability rating is evidence that she has a substantial limitation under the ADA. Such an assurance, however, does nothing to eliminate the clear prejudicial effect of admitting evidence of her VA rating. Regardless of whether plaintiff argues that the VA rating is evidence of an ADA disability, the mere exposure of the jury to evidence of a VA disability rating could cause the jury to draw its own conclusions about the meaning of the rating and to erroneously conflate the existence of such a rating with the existence of a disability under the ADA. Such confusion would result in substantial prejudice to Verizon which is not offset by any demonstrated probative value. Accordingly, any evidence of

plaintiff's VA disability rating should be properly excluded under Federal Rule of Evidence 403.[1]

## CONCLUSION

For the reasons set forth above, Verizon respectfully requests that the Court enter an Order excluding any evidence regarding plaintiff's VA disability rating. [2]

Dated:  April 21, 2005

_____/s/_____
Ira H. Raphaelson, Bar No. 012849
Karen M. Wahle, Bar No. 013658
Shannon M. Barrett, Bar. No. 16410
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C.  20006
(202) 383-5300
(202) 383-5414 (facsimile)

Counsel for Defendant
Verizon Maryland Inc.

---

[1] Plaintiff argues that if Verizon's Motion is granted, she should be allowed to introduce redacted versions of any VA records containing references to her VA disability rating.  Verizon does not oppose the introduction into evidence of otherwise admissible VA records or related medical records so long as such documents are adequately redacted to remove any reference to plaintiff receiving a VA disability rating and any reference to plaintiff's determination of disability under the VA guidelines.

[2] In footnote 1 of Plaintiff's Opposition, plaintiff incorrectly asserts that the issue of whether her "record of disability" claim has been abandoned was dealt with by the Court during the pretrial conference.  While the issue was discussed at that time, the Court did not reach a decision on it.  Although the question of whether plaintiff has abandoned her "record of disability" argument is not squarely at issue in Verizon's Memorandum, Verizon points out that courts within the Fourth Circuit have repeatedly held that where, as in this case, a defendant raises an issue on summary judgment that is not addressed in plaintiff's response, plaintiff is deemed to have abandoned that issue. *See, e.g., Hullender v. City of Kings Mt.*, 2002 U.S. Dist. Lexis 16026 (W.D.N.C. 2002); *Waller v. Sprint Mid Atl. Telecom*, 77 F. Supp. 2d 716, 717 (E.D.N.C. 1999).  Accordingly, plaintiff's contention that she did not intend to abandon the argument is irrelevant to whether the argument is deemed abandoned as a matter of law.