IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO,<br><br>        Plaintiff,<br><br>   v.<br><br>VERIZON MARYLAND INC.,<br><br>        Defendant. | No. WDQ-02-816 (Civ.) |

### DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION IN LIMINE TO RESTRICT ARGUMENT REGARDING INDEPENDENT MEDICAL EXAMINATIONS

Defendant Verizon Maryland Inc. ("Verizon"), by and through its undersigned counsel, respectfully submits this Reply Memorandum in Further Support of its Motion in Limine to Restrict Argument Regarding Independent Medical Examinations.

### ARGUMENT

On March 14, 2005, Verizon filed its Motion in Limine to Restrict Argument Regarding Independent Medical Examinations ("Verizon's Motion") (Dkt. #118) requesting that the Court enter an Order prohibiting plaintiff from arguing in any way that Verizon's requirement that plaintiff submit to independent medical examinations may form the basis of liability and specifically preventing plaintiff from arguing that the requirement that plaintiff submit to those examinations was a form of "disparate treatment" under the ADA. As Verizon explained in its Memorandum in Support of its Motion in Limine to Restrict Argument Regarding Independent Medical Examinations ("Verizon's Memorandum") (Dkt. #118), Verizon's requirement that plaintiff submit to independent medical examinations (IMEs) was the central subject of a previous lawsuit by plaintiff which this Court dismissed with prejudice. Therefore, *any* claim

based on the alleged impropriety of those IMEs or Verizon's requirement to submit to them is barred under well-established principles of *res judicata.*

In her Opposition to Defendant's Motion in Limine to Restrict Argument Regarding Independent Medical Examinations (Dkt. #129), plaintiff does not actually challenge any of the relief requested in Verizon's Motion.  Indeed, plaintiff states that "upon reading Defendant's brief and studying the precedent's cited, Plaintiff no longer disputes [the] contention" that "the independent medical examinations of Frances Darcangelo are unable to support a claim for disparate treatment because of *res judicata.*"  (*Id.* at 1.)

Plaintiff asserts that she does, however, intend to use the IMEs as evidence that she "was not an actual threat in the workplace and that Defendant was aware of such point." (*Id.* at 1.) While Verizon intends to dispute at trial plaintiff's suggestion that the IMEs actually carry such import, the use of the IMEs for that limited purpose would not conflict with the relief requested in Verizon's Motion (and set forth in the Proposed Order filed with Verizon's Motion), so long as plaintiff does not argue that the requirement that plaintiff submit to the IMEs was wrongful.

However, despite failing to challenge any portion of Verizon's requested relief, plaintiff has filed a Proposed Order, purporting to deny, in part, Verizon's Motion and ambiguously stating that "Said evidence is not admissible to demonstrate disparate treatment of the other claims, but is admissible for limited purposes." (Dkt. #129.)  As discussed more fully in Verizon's Memorandum, one of the reasons Verizon filed its Motion is that plaintiff previously asserted that she was abandoning her claim that the IMEs were improper only to reassert the claim as part of a different count. (Verizon's Memorandum, at 1-2.)  Accordingly, Verizon is seeking an Order fully clarifying that, under principles of claim preclusion, plaintiff is prohibited from arguing that Verizon may be held liable under any theory for its requirement that plaintiff

submit to independent medical examinations. Plaintiff has set forth no reason for denying in any part the relief set forth in Verizon's Proposed Order, and Verizon therefore requests that the Court sign and enter Verizon's Proposed Order in its original form.

## CONCLUSION

For the reasons set forth above and in Verizon's Memorandum, Verizon respectfully requests that the Court enter an Order barring plaintiff from arguing in any way to the jury that Verizon may be held liable under any theory for its requirement that plaintiff submit to independent medical examinations, and specifically preventing plaintiff from arguing that the requirement that she submit to those examinations was a form of "disparate treatment" under the ADA.

Dated: April 21, 2005                                                      Respectfully submitted,

                                                                           _____/s/_____
                                                                           Ira H. Raphaelson, Bar No. 012849
                                                                           Karen M. Wahle, Bar No. 013658
                                                                           Shannon M. Barrett, Bar No. 16410
                                                                           O'MELVENY & MYERS LLP
                                                                           1625 Eye Street, N.W.
                                                                           Washington, D.C. 20006
                                                                           (202) 383-5300
                                                                           (202) 383-5414 (facsimile)

                                                                           Counsel for Defendant
                                                                           Verizon Maryland Inc.