UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| FRANCES DARCANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. WDQ-02-816 (Civ.) |
| | ) | |
| VERIZON MARYLAND, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

**MOTION TO SUPPLEMENT EXHIBIT LIST ON PRE-TRIAL STATEMENT**

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this Motion to supplement its Pre-trial statement exhibit list.  The reasons supporting this motion are more fully set forth in the accompanying Statement of Points and Authorities in support hereof:

                    Respectfully Submitted,

                    /s/
                    _____

                    Morris E. Fischer, Esq
                    MD: Bar No. 26286
                    Snider & Fischer, LLC
                    104 Church Lane
                    Baltimore, Maryland 21209
                    410-653-9060 phone
                    410-653-9061 fax
                    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. WDQ-02-816 (Civ.) |
| ) | |
| VERIZON MARYLAND, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant, ) | |

## STATEMENT OF POINTS AND AUTHORITIES

Plaintiff's counsel, Morris E. Fischer, Esq., Snider & Fischer, LLC., herein submits its Statement of Points and Authorities in support of its motion.

Plaintiff seeks to add several exhibits which are overall minor in nature and do not prejudice the defendant in any way. They all relate to Plaintiff's pension calculations. Listed on Plaintiff's Pre-Trial Statement, List of exhibits, is the Union Contract (D-VAR 1451-678). Pages 1485-1486 make reference to Plaintiff's pension, as a benefit of her employment (see exhibit "A"). The contract contains various tables which affect the pension calculation. For example, page 127 contains the pension band table (see exhibit "B").

In preparing for trial, following the submission of the pre-trial statement, Plaintiff's counsel obtained a later version of the identical contract, except that the later contract contained updated tables regarding the pension calculations. The documents Plaintiff seeks to introduce are: (1) the updated pension table (exhibit "C") which is the most relevant table regarding the pension to which Plaintiff is entitled; (2) an updated

2

wage schedule to be effective August 7, 2005 ("D"); and (3) a life expectancy table (exhibit "E").

With regard to the first two exhibits, they merely update the union contract to its most current form. They prejudice defendant in no way because Defendant simply adjusts its calculations at trial. Furthermore, Defendant was under a duty to supplement its discovery responses until the trial date. These tables are evidence that it failed to do so. Regarding the life table, Plaintiff's counsel attempted in good faith in order to reduce the jury's time regarding this issue to obtain a stipulation that Plaintiff's current life expectancy is 79. Plaintiff's counsel would even stipulate to a lower life expectancy number if that was used in calculation Defendant's pension payment already made to Plaintiff. Defendant has refused to stipulate to this fact, notwithstanding Defendant's partial payment to Plaintiff of her pension.

Plaintiff's counsel offers the following as justification for the inclusion of these exhibits. Although belatedly exchanged, these documents have already in fact been exchanged to Defendant. In a trial of this size, it is expected that several documents of this nature, originally presumed to be in a prior exhibit, are not found in said exhibit. Plaintiff's counsel originally believed and was told by his client, that the union contract exchanged during discovery, contained all relevant information regarding the pension. In preparing for the trial, counsel noted that these exhibits were not included in the contract. These matters change no critical fact at trial and simply relate to the pension calculation. Furthermore, it has long been held that the Court is permitted to take judicial notice of life tables themselves, even if not in evidence. *Commissioner v. Meyer*, 139 F.2d 256

3

(6th Cir., 1943) citing *City of Lincoln v. Power*, 151 U.S. 436, 441, 14, S.Ct. 387, 38 L.Ed. 224 (1894).

    Notably, the parties entered into a stipulation in which a second exhibit list following the pre-trial statement would be due, May 9, 2005. Plaintiff's counsel believed that the purpose of this list was to be able to include additional exhibits that were overlooked initially in the trial preparation and exhibits that would not prejudice the other side. When discussing this matter with opposing counsel, Plaintiff's counsel even agreed to change the due date of this list and did change the due date of this list from May 9, 2005 to May 2, 2005, in order that each side should be provided additional time to respond to such inclusions (see exhibit "F"). Defense counsel's view of the necessity of a second list is was to narrow the exhibit list from the exhibits listed on the Pre-trial statement. However, Plaintiff's counsel would not and did not agree to this second list narrowing Plaintiff's exhibits.

    WHEREFORE, Plaintiff respectfully requests that the aforementioned pension documents be included in Plaintiff's Pre-Trial Statement exhibit list.

    Respectfully Submitted,

    /s/
_____
Morris E. Fischer, Esq.
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.         ) | No. WDQ-02-816 (Civ.) |
| ) | |
| VERIZON MARYLAND, INC.,         ) | |
| ) | |
| ) | |
| ) | |
| Defendant,         ) | |

## **ORDER**

Upon consideration of Plaintiff's Motion, it is hereby ordered on this _____ day of _____ 2005, that said motion is hereby GRANTED and that the following Defendant Exhibits be included into Plaintiff's Pre-Trial Statement:

(1) Updated pension table for 2005;

(2) Updated wage schedule for August, 2005; and

(3) A life expectancy table.

 

                                                                                   _____
United States District Judge