Art. 14

(7) In any grievance arbitrated under the provisions of this Section, the Company shall under no circumstances be liable for back pay for more than six (6) months (plus any time that the processing of the grievance or arbitration was delayed at the specific request of the Company) after the date of the disciplinary action. Delays requested by the Union in which the Company concurs shall not be included in such additional time.

(8) The arbitrator shall have no authority to add to, subtract from or modify any provisions of this Agreement.

(9) The decision of the arbitrator will resolve the grievance, and the Company and the Union agree to abide by such decision. The compensation and expenses of the arbitrator and the general expenses of the arbitration shall be borne by the Company and the Union in equal parts. Each party shall bear the expense of its representatives and witnesses.

**Article 14. - Pension and Sickness
and Accident Disability Benefit Plans**

**SECTION 1.** Except as provided in this Article, there shall be no negotiations during the life of this Agreement upon changes in pensions or any other subject covered by the "Bell Atlantic Pension Plan" and/or the "Bell Atlantic Sickness and Accident Disability Benefit Plan.

**SECTION 2.** In the event, during the life of this Agreement, the Company proposes to exercise the rights provided in the "Bell Atlantic Pension Plan" or the "Bell Atlantic Sickness and Accident Disability Benefit Plan" by action affecting the benefits or privileges of employees represented by the Union, it will before doing so notify the Union of its proposal and afford the Union a period of sixty (60) calendar days for bargaining on said proposal; provided, however, that no change may be made in any of the Plans which would reduce or diminish the benefits or privileges provided thereunder as they apply to employees represented by the Union without its consent.

V-DAR 01485

Art. 15 & 16

SECTION 3. Any dispute involving the true intent and meaning of Section 2 of this Article may be submitted to the arbitration procedure of this Agreement. However, nothing herein shall be construed to subject any of the Plans or their administration or the terms of any proposed changes in said Plans to arbitration.

### Article 15. - Federal or State Laws

SECTION 1. Should any Federal or State law or the final determination of any court of competent jurisdiction or any proclamation or order having the force of law at any time affect any provision of this Agreement, such provision shall be construed as having been changed to the extent necessary to conform to such law or decision. In the event that such law, determination or proclamation shall be repealed or held unconstitutional the provision of this contract affected thereby shall be read according to its original tenor.

### Article 16. - Basic Wage Schedules

SECTION 1. The wage increase schedules and differential payments for the various job classifications and locations set forth in the Exhibit of wage schedules attached hereto shall be in effect for the term of this Agreement.

SECTION 2. The Company agrees to grant wage increases to the maximum wage rates specified in their appropriate schedules in accordance with the time intervals and amounts provided in said schedules. However, if, in the judgment of the Company, an employee's job performance merits such treatment, the Company may accelerate a wage increase, but not for more than six (6) months on the applicable Wage Schedule or for employees who have less than eight (8) months of continuous service. Increase intervals and amount of increase for such employees shall be determined by applying the employee's current basic weekly wage rate to the wage schedule applicable to the employee's particular job classification.

SECTION 3. The increase interval for an employee who has not received a regular increase since employment shall be computed from the first of the month in which he or she is employed if employed prior to the sixteenth day of said month, or from the

V-DAR 01486