IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCES DARCANGELO,

        Plaintiff,

v.

VERIZON MARYLAND INC.,

        Defendant.

No. WDQ-02-816 (Civ.)

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE TESTIMONY BY FRANCES DARCANGELO

Defendant Verizon Maryland Inc. ("Verizon"), by and through its undersigned counsel, respectfully submits this Memorandum in Support of Motion in Limine to Exclude Testimony by Frances Darcangelo and states as follows.

## INTRODUCTION

It is a fundamental principle of evidence that witness testimony offered at trial must be reliable. In a recent deposition, plaintiff Frances Darcangelo's psychiatrist expert, Douglas Anderson, M.D., having examined plaintiff, opined that she is not competent to proffer reliable evidence as a witness at trial. Moreover, Dr. Anderson asserted that, given his assessment of plaintiff's mental condition, a lay jury will not be able to effectively assess the credibility of plaintiff's testimony at trial, because she is herself unable to appreciate the truth or falsity of her statements.

While Verizon fully intends to challenge Dr. Anderson's ability to testify in this case and does not endorse or adopt any of his views, plaintiff cannot legitimately proffer Dr. Anderson as an expert capable of opining on plaintiff's mental condition and at the same time escape the import of his psychiatric opinions on plaintiff's own ability to testify. Accordingly, in light of

Dr. Anderson's unambiguous assertions that plaintiff is incompetent to provide reliable testimony, Verizon respectfully requests that this Court enter an Order precluding plaintiff from testifying at trial and prohibiting her from introducing of her out-of-court statements at trial.

## ARGUMENT

The Federal Rules of Evidence adopt a broad view of witness competency. *See* Fed. R. Evid. 601 ("Every person is competent to be a witness except as otherwise provided in these rules."). That view is predicated on the assumption that a jury is capable of effectively evaluating witness testimony and discounting any false or incoherent testimony. As the Seventh Circuit explained with respect to the testimony of a mentally incompetent witness:

> [A] mentally ill person may give testimony that is false (though he may believe it to be true) is a possibility that ***a jury should be capable of understanding and making appropriate allowance for***. [If the witness's] testimony was "incoherent". . . the jury would have discounted it. If a lunatic takes the stand and babbles gibberish, the jury will ignore it and the defendant will not be harmed.

*United States v. Gutman*, 725 F.2d 417, 420 (7th Cir. 1984) (emphasis added); *see also* 3 Jacob B. Weinstein & Margaret A. Berger, FEDERAL EVIDENCE § 601.04 (Joseph M. McLaughlin ed., 2d ed. 1997). The basic presumption underlying Fed. R. Evid. 601 – *i.e.*, that witness testimony should not be excluded when a jury can reasonably assess the credibility and accuracy of the testimony – does not operate where, as here, it is clear that a jury is incapable of discerning the accuracy or credibility of the witness testimony without the aid of expert consultation.

Dr. Anderson, plaintiff's own psychiatric expert, testified that plaintiff's condition (which Dr. Anderson diagnosed as Bipolar Disorder, Type I (DSM IV 296.40)) effectively prevents her from offering accurate testimony at trial. *See* Anderson Depo. at 244-45 (Q: You concluded that her testimony under oath was less reliable than her statements to you? A: Yes.); *see also id.* at 250:10-18 (Q: If Ms. Darcangelo were to take the witness stand and take an oath on a particular

day, would she be able to control herself from abusive language? A: I don't know.  Q: Would she be able to know whether she was being accurate or inaccurate in describing motives for her conduct?  A: It would be compromised, exactly. To what degree at that point in time, I don't know.).  In the following colloquy, Dr. Anderson explained that the inconsistency between plaintiff's statements in an April 4, 2005 interview with Dr. Anderson and her sworn deposition testimony were based upon her inability to understand the effect of her mental disorder on her behavior:

> Q:   Is it your belief that it's inconsistent because she didn't appreciate her condition at the time of her deposition or because you didn't sufficiently give deference to her statement at the deposition?
>
> A:   I can't answer that.  I don't know.
>
> Q:   Even though her deposition was under oath?
>
> A:   Yes.  I put great weight on my own clinical examination of the examinee.
>
> Q:   You concluded that her testimony under oath was less reliable than her statements to you?
>
> A:   Yes.

Anderson Depo. at 244-45.  As Dr. Anderson summarized, plaintiff's sworn testimony is "factually inaccurate but not intentionally."  *Id*. at 256:21-22.

More important however, Dr. Anderson made clear that plaintiff's inability to testify accurately under oath would not be discernable to a lay jury:

> Q:   Does it take a forensic psychiatrist to determine whether to give more or less weight to Ms. Darcangelo's testimony under oath?
>
> A:   No.
>
> Q:   How does one do it then?
>
> A:   One filters through one's judgment and experience with many patients over many years and makes the best overall assessment that one can.

> Q: But if I have a jury or a judge without the benefit of years of experience with patients how do I do it?
>
> A: Well, I guess in that sense you do [need to be an] IME expert. But the expert doesn't have to be a forensic psychiatrist it can just be a psychiatrist.

*Id.* at 246:6-22. The inescapable implication of Dr. Anderson's expert opinion is that a lay jury will be unable, on its own, to determine whether plaintiff's testimony is accurate and reliable. At minimum, any testimony by plaintiff explaining her various actions in the workplace (which are at the core of this matter) necessarily will be factually incomplete. *See id.* at 254-55 (Q: And when she is asked, "Is that the only reason you wore the Hitler T-shirt?" and she says, "Yes, that is the only reason I wore the Hitler T-shirt," is she lying? A: She is telling the truth as she knows it but in fact – . . . But, in fact, she was wrong, but she didn't know that she was wrong. In fact there is more reason – she wore the Hitler T-shirt not only because she was protesting a memo about a dress code . . . [but] because she doesn't have the frontal lobe ability to discriminate, to judge, to inhibit, to discern, what is an appropriate way to make this protest and what is an inappropriate way.). Because the jury, according to plaintiff's expert, is not equipped to make appropriate allowances for her incoherent or factually incomplete testimony, the Court itself must exercise its discretion to limit that testimony.

In addition to the fact that plaintiff's condition makes it impossible for a jury to effectively evaluate and discount the accuracy of her testimony, that testimony should be excluded for two related but independent reasons. ***First***, plaintiff's inability to understand the truth or accuracy of her own testimony threatens to impinge on defendant Verizon's due process right to confront witnesses. "In almost every setting where

important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970). As a practical matter, Verizon's cannot confront or cross-examine a witness who herself is unable understand the truth or accuracy of her own testimony. *See, e.g.,* Anderson Depo. at 257:2-6 (Q: Is it also your view on this hypothetical that being factually inaccurate, she lacks the capacity to be aware that she is factually inaccurate? A: Yes.). **Second**, plaintiff's condition effectively renders the oath or affirmation requirement meaningless. *See* Fed. R. Evid. 603 ("[E]very witness shall be required to declare that the witness will testify truthfully, by oath or affirmation[.]"). The purpose of Rule 603 is to "impress[] upon the mind of the witness the duty to speak only the truth and [to] pave[] the way to punishment by way of perjury prosecution for deliberately false testimony." 3 Christopher B. Mueller & Laird C. Kirkpatrick, FEDERAL EVIDENCE § 238 (2d ed. 1994); *see also Wilcox v. New York*, No. 97-CV-199, 1997 U.S. Dist. LEXIS 21909, at *7-8 (N.D.N.Y. Dec. 16, 1997) ("[T]he competence of a witness to testify depends upon the capacity to observe, remember, communicate and understand the nature of the oath and the duty it imposes to tell the truth.") (citing Fed. R. Evid. 601, 603). Here, even if the oath "awaken[s] the witness' conscience" (Fed R. Evid. 603), Dr. Anderson testimony makes clear that plaintiff Darcangelo is still incapable of telling the truth. *See* Anderson Depo. at 250:10-18 (Q: If Ms. Darcangelo were to take the witness stand and take an oath on a particular day, would she be able to control herself from using abusive language? A: I don't know. Q: Would she be able to know whether she was being accurate or inaccurate in describing motives for her conduct? A: It would be

compromised, exactly. To what degree at that point in time, I don't know.). For these additional reasons, the Court should exclude plaintiff Darcangelo's testimony.

The trial court has broad discretion to exclude witness testimony on competency grounds. *See* Fed. R. Evid. 104(a) ("Preliminary questions concerning the qualification of person to be a witness . . .shall be determined by the court."); *see also United States v. Davis*, 261 F.3d 1, 38 (1st Cir. 2001) ("The competency of a witness to testify is for the trial judge.") (citation omitted). Where, as here, plaintiff's own expert has opined not only that plaintiff is incapable of providing reliable testimony but also that her condition is such that lay jurors will not be able to effectively assess the credibility of her testimony, the Court should clearly exercise that discretion in precluding plaintiff from testifying at trial and barring her from introducing of her out-of-court statements at trial.

## CONCLUSION

For the reasons set forth above, Verizon respectfully requests that the Court enter an Order granting Verizon's Motion in Limine to Exclude Testimony by Frances Darcangelo.

Dated: April 27, 2005

_____/s/_____
Ira Raphaelson, Bar No. 012849
Karen M. Wahle, Bar No. 013658
Shannon M. Barrett, Bar No. 16410
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C.  20006
(202) 383-5300
(202) 383-5414 (facsimile)

Counsel for Defendant
Verizon Maryland Inc.