UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. WDQ-02-816 (Civ.) |
| VERIZON MARYLAND, INC., | ) ) ) |
| Defendant, | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY BY FRANCES DARCANGELO

Plaintiff Frances Darcangelo, by her counsel Morris E. Fischer, Esquire, hereby files this opposition to Defendant's Motion *In Limine* to Exclude Testimony by Frances Darcangelo, and for reasons states as follows.

### I. INTRODUCTION

Frances Darcangelo ("Ms. Darcangelo") has been diagnosed with having a mental illness clinically termed Bipolar 1 Affective Disorder. While this disorder may correctly be identified as the underlying cause of many of Ms. Darcangelo's actions relevant to this case, Bipolar Disorder does not affect Ms. Darcangelo's ability to understand her duty as a witness to testify truthfully, and she should be allowed to testify at trial.

### II. ARGUMENT

Rule 601 of the Federal Rules of Evidence provides that "Every person is competent to be a witness except as otherwise provided in these rules." Fed. R. Evid. 601. The Notes of the Advisory Committee specifically provide as follows:

> No mental or moral qualifications for testifying as a witness are specified. Standards of mental capacity have proved elusive in actual application. A leading commentator observes that few witnesses are disqualified on that ground. Discretion is regularly exercised in favor of allowing the testimony. A witness wholly without capacity is difficult to imagine. *The question is one particularly suited to the jury as one of weight and credibility*, subject to judicial authority to review the sufficiency of the evidence.

Fed. R. Evid. 601, Notes of Advisory Committee on Rules (emphasis added, internal citations omitted). Accordingly, there is a heavy burden on the Defendant to show why Ms. Darcangelo should be precluded from testifying, and Defendant has failed to meet that burden.

To support its argument that Ms. Darcangelo should be precluded from testifying, Defendant relies exclusively on the deposition testimony of Dr. Douglas Anderson. Defendant incorrectly asserts in its Memorandum in Support of Motion *in Limine* to Exclude Testimony by Frances Darcangelo, that Dr. Anderson has opined that Ms. Darcangelo is not competent to offer reliable testimony, and that a lay jury will not be able to assess the credibility of Ms. Darcangelo's testimony. To the contrary, Dr. Anderson testified as follows:

> I did not suggest that she was not telling the truth when she was interviewed by your associate under oath.

Deposition of Douglas Anderson at 248.

In Addition, Dr. Anderson testified during his deposition as follows:

> Q (Defense Counsel to Dr. Anderson): What I'm trying to find out is do you recognize them as having the capacity to [determine what credit to give to Ms. Darcangelo's testimony], twelve people drawn at random from the population, or does it require some specialized training?
>
> A: I have every confidence in the jury's ability to do their job.

Q: Their job includes determining whether to give more weight to her testimony under oath or her statements to you [during his clinical interview]?

A. Yes.

Q. And you believe they can do that without specialized training?

A. Yes

Deposition of Dr. Douglas Anderson at pp. 247-249.

Defendant essentially argues that in order for Ms. Darcangelo to testify "truthfully" at trial, she must have a full understanding of her own psychological condition and be able to explain the motives for her actions as would a clinical (if not forensic) psychologist. This argument is misplaced. Fourth Circuit law presumes that Ms. Darcangelo is competent to testify, and requires that this Court allow Ms. Darcangelo to testify unless Defendant can persuade this Court that she (1) lacks personal knowledge of the matters about which she intends to testify, (2) does not have the capacity to recall, or *(3) does not understand her duty to testify truthfully. See United States v. Lightly*, 677, F.2d 1027, 1028 (4th Cir. 1982) (emphasis added). In *Lightly*, the court specifically noted that "[t]his rule applies to persons considered to be insane to the same extent that it applies to other persons." *Id.*

Notably, Defendant fails to cite a single case wherein a witness, even a mentally ill or clinically insane witness, was excluded from testifying. In *United States v. Gutman*, 725 F.2d 417 (7th Cir. 1984) (finding that where "it was obvious [that the witness was] highly depressed and had some psychotic thought disorder ... and displayed very definite paranoid ideas," the witness was not incapable of telling the truth or of appreciating the significance of his oath as a witness and was therefore allowed to testify) and *United*

*States v. Davis*, 261 F.3d 1 (1st Cir. 2001) (admitting testimony where the witness was paid to testify), both of which are cited in Defendant's memorandum, the witness was permitted to testify.

A close look at the deposition excerpts cited by Defense Counsel indicates a dichotomy between Ms. Darcangelo's testimony about her motives for acting a certain way and Dr. Anderson's clinical analysis of the underlying cause of Ms. Darcangelo's motives. For example, in his deposition testimony regarding the "Hitler t-shirt incident," Dr. Anderson explained that when Plaintiff stated that she wore a t-shirt to protest a memo, she is telling the truth. *See* Deposition of Douglas Anderson at pp. 254-55. However, Dr. Anderson further explains that in actuality there is a mental illness that accounts for Ms. Darcangelo's feelings underlying and causing that behavior. Defendant would have this Court believe that because she cannot testify as to the affect of her Bipolar Disorder in causing her to act, her testimony is somehow untrue or misleading. This is incorrect; Ms. Darcangelo's testimony is entirely truthful and reliable as to what she felt at the time she acted a certain way. Here, Dr. Anderson's expert testimony is important as it relates to the inability of Ms. Darcangelo to appreciate the mental illness's effects on her behavior. In Dr. Anderson's own words,

> I think that the ability to understand, appreciate and then convey to others, including a jury, what is really going on in terms of the psychological makeup, psychiatric status, and explaining the behavior and mental functioning of a person is something that a psychiatrist is particularly trained to do
>
> [. . . .]
>
> Her reason is her reason. She believes it and it is, in fact, a valid and partial psychological explanation for the behavior

Deposition of Douglas Anderson at pp. 249, 253-254.

4

Dr. Anderson's deposition testimony in no way suggests that Ms. Darcangelo is incapable of telling the truth when asked about her motives for acting certain ways, or is incapable of understanding her oath to tell the truth at trial. Rather, Dr. Anderson's testimony is that there are other explanations, clinical psychological reasons for Ms. Darcangelo's feelings and actions, of which she is not fully cognizant. Defendant's emphasis on the "accuracy" of Ms. Darcangelo's testimony as to her motives for acting certain ways is otherwise appropriately termed "credibility," and is an issue for the jury. *See U.S. v. Cassidy*, Fed Appx. 428, 445 (4th Cir. 2002) (allowing testimony despite bizarre behavior exhibited by a witness who suffered from hypoglycemia, including disorientation, difficulty recalling certain events, the trial court decided to "let the jury decide for itself whether the testimony was incredible or not."). Indeed, courts have consistently found that in our legal system, the danger of potentially unreliable or factually-incomplete testimony is minimized not by excluding that testimony but through use of procedural safeguards including cross-examination and proper jury instructions. *See Hoffa v. U.S.*, 385 U.S. 293, 311 (1966); *see also U.S. v. Fallon*, 776 F.2d 727, 734 (7th Cir. 1985); *U.S. v. Dailey*, 759 F.2d 192, 196 (1st Cir. 1985); *U.S. v. Evans*, 697 F.2d 240, 245 (8th Cir. 1983), *cert. denied* 460 U.S. 1086 (1983). For these same reasons, the Defendant's Due Process argument Rule 603 arguments must likewise fail. Accordingly, the Court should deny Defendant's Motion and allow Ms. Darcangelo to testify at trial.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Frances Darcangelo respectfully requests that this Court enter an Order denying Verizon's Motion *in Limine* to Exclude the Testimony of Frances Darcangelo.

Respectfully Submitted,

Date: May 6, 2004

/s/
Morris E. Fischer, Esq
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21209
410-653-9060 (telephone)
410-653-9061 (facsimile)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| FRANCES DARCANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. WDQ-02-816 (Civ.) |
| | ) | |
| VERIZON MARYLAND, INC., | ) | |
| | ) | |
| Defendant, | ) | |

**ORDER**

Upon consideration of Defendant's Motion *in Limine* to Exclude Testimony by Frances Darcangelo and Plaintiff's Opposition thereto, it is hereby ordered on this _____ day of _____ 2005 that said motion is hereby DENIED, and that Frances Darcangelo will be permitted to testify at trial.

_____
Hon. William D. Quarles, Jr.
United States District Judge

7