need accommodation.) See also Perez v. Procter & Gamble Manufacturing Co., No. Civil S-99-2000 FCD/DAD (E.D. Cal. August 24, 2001)(LOISLAW)(defendant has obligation to continue to engage in the interactive process, even if plaintiff originally refused offered accommodation).

An appropriate reasonable accommodation must be effective, in enabling the employee to perform the duties of the position. Humphrey, 239 F.3d at 1137. The interactive process requires communication and good-faith exploration of possible accommodations between employers and employees. In fact, employers who fail to engage in the interactive process in good faith, face liability for the remedies imposed by the statute if a reasonable accommodation would have been possible. Id. At 1137-38.

Here, The Company was put on notice that Plaintiff needed an accommodation in being moved so that she would not be required to interact with other people. (MARIA BURY Dep. 55-56, 69). Also, Dr. William Wright, the Medical Director for CORE, the health care administrator with whom Bell Atlantic contracted, told Bell Atlantic supervisor Butch English that Fran's co-employees in her workgroup should be counseled about working with someone with a mental disability. (DR. William Wright Dep., pp. 38-39). This was not done. Actually, the Company has simply denied that it knew about Fran Darcangelo's need for accommodation.

As long as a reasonable accommodation available to the employer could have plausibly enabled a handicapped employee to adequately perform the job, the employer is liable for failing to attempt that accomodation. Humphrey, 239 F.3d at 1136. The ADA does not require an employee to show that a proposed acccommodation (in this case, leave of absence) is certain or even likely to be successful to prove that it is a reasonable accommodation. Id.

Plaintiff's co-worker (Maria Bury), treating physician (Dr. Gary Zimberg Dep. at 97-98)

and Vocational Expert (Martin Krantiz Dep. 32-33) have all noted that Ms. Darcangelo's best prospects for succeeding at her job are with limited social contacts. Dr. Wright ordered counseling of her co-workers. Despite this, the Company made no effort to accommodate[26] Ms. Darcangelo.

**XII: If it is Determined that Plaintiff was Not Actually Disabled, Plaintiff has Established that she was "Regarded as" Disabled under the ADA**

Jim Conrad's statement that Plaintiff's "special" medical condition, the company's attempts to restrict Fran from working nights (Darc. Dep. at 304-306, Plaintiff Ex. 8 CORE Records), and his statements that Ms. Darcangelo's "job was changed several times" (Conrad Dep. at 203), support a finding that the Company regarded Plaintiff as disabled in the major life activities of interaction and working.  See Julia v. Jansen, 92 F. Supp. 2d 25 (D. P.R. 2000).

**XIII. Conclusion**

For the reasons stated above, Plaintiff has put forth sufficient evidence to proceed on all three counts, and the Defendant's Motion for Summary Judgment should be denied.

Dated this 12th day of July, 2003

_____

Edwin R. Burkhardt
502 Washington Ave #906
Towson, MD 21204
Bar #23626
(410) 493-5547

---

[26] The company has argued that it in fact made an effort to give extra special treatment to Ms. Darcangelo (Conrad Dep. at 164, 203, Moxey Dep. at 128), but Maria Bury certainly didn't agree. If accepted, the company's attempts at leniency certainly undercut its claims that it didn't know that Plaintiff had a disability.

Case 1:02-cv-03136-WDQ   Document 151-4   Filed 07/05/2005   Page 2 of 23