before this Court, plaintiff's newly designated expert has removed any ambiguity regarding that issue of fact by making clear that there is no accommodation Verizon could have made which would have effectively addressed the repeated acts of intimidating and offensive misconduct which led to plaintiff's suspensions and termination. Therefore, Verizon is entitled to summary judgment on Count III because the deposition testimony of Dr. Anderson demonstrates that plaintiff cannot prove the elements of its "failure to accommodate" claim.

To establish a prima facie case for failure to accommodate, plaintiff must show that (1) she was an individual with a disability within the meaning of the ADA, (2) defendant had notice of her disability, (3) with reasonable accommodation she could perform the essential functions of the position, and (4) defendant refused to make such accommodations. *Rhoads v. FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2001). "[A] reasonable accommodation does not need to be the accommodation that the employee requested or preferred, *see, e.g., Baert v. Euclid Beverage*, 149 F.3d 626, 633 (7th Cir. 1998), and the employer need only accommodate disabilities of which the employer is aware. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9 app." *Hager v. First Va. Bank*, No. Civ.A. 7:01CV00053, 2002 WL 31373439, at *3 (W.D. Va. Oct. 18, 2002).

Even if an employee requests an accommodation, the employer is only required to provide such accommodation if it is "effective for the employee." *Bryant v. Better Business Bureau*, 923 F. Supp. 720, 736 (D. Md. 1996). This means that the accommodation must be one that enables the employee to perform the essential functions of the job. *See Stafne v. Unicare Homes*, 266 F.3d 771, 774 (8th Cir. 2001). If the accommodation would not have the effect of rendering the employee qualified for the job, it does not constitute a "reasonable" accommodation within the meaning of the ADA. *Bryant*, 923 F. Supp. at 734-35. Moreover, removing some of the "essential functions" of the job is not a "reasonable accommodation"

7

under the ADA. "The ADA simply does not require an employer to hire an additional person to perform an essential function of a disabled employee's position. *See* 29 C.F.R. Pt. 1630, App. at § 1630.2(o)("An employer . . . is not required to reallocate essential functions.")"; *Martinson v. Kinney Shoe Corp.*, 104 F.3d 683, 687 (4th Cir. 1997)).

The Fourth Circuit has explained that "reasonable accommodation is by its terms most logically construed as that which presently, or in the immediate future, *enables the employee to perform the essential functions of the job in question.*" *Myers v. Hose,* 50 F.3d 278, 283 (4th Cir. 1995) (emphasis added). Accordingly, the Fourth Circuit has held that in order to establish a *prima facie* case for failure to accommodate, a plaintiff must show, *inter alia,* "that with reasonable accommodation he could perform the essential functions of the position . . ." *Rhoads,* 257 F.3d at 387 n.11. In other words, the plaintiff must show that the accommodation would be effective in allowing the plaintiff to perform his or her job. Similarly, this Court, after analyzing the statutory language, legislative history and regulations promulgated by the Equal Employment Opportunity Commission, concluded that a "reasonable" accommodation is one which is "effective" in addressing the job-related difficulties presented by the employee's disability and that the burden of showing an accommodation is "reasonable" rests squarely on the plaintiff. *Bryant,* 923 F. Supp. at 733, 735-37.

While Dr. Anderson opined that there were several possible accommodations that would enable plaintiff to perform the essential functions of her job (*see* Ex. 5, Report of Douglas Anderson ("Anderson Rep."), at 3), even a cursory analysis of his report and testimony makes clear that the suggested accommodations would do nothing to prohibit plaintiff from engaging in egregious misbehavior. Dr. Anderson's report states that plaintiff's behavior could be accommodated by:

8

To establish a prima facie case for failure to accommodate, plaintiff must show that (1) she was an individual with a disability within the meaning of the ADA, (2) defendant had notice of her disability, (3) with reasonable accommodation should could perform the essential functions of the position, and (4) defendant refused to make such accommodations. *Rhoads v. FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2001). A reasonable accommodation does not need to be the accommodation that the employee requested or preferred, *see, e.g.*, *Baert v. Euclid Beverage*, 149 F.3d 626, 633 (7th Cir. 1998), and the employer need only accommodate disabilities of which it is aware. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9 app.; *Hager v. First Va. Bank.*, No. Civ.A. 7:01CV00053, 2002 WL 31373439, at *3 (W.D. Va. Oct. 18, 2002).

The burden is on the employee to request the accommodation. *See Bryant v. Better Business Bureau*, 923 F. Supp. 720, 737 (D. Md. 1996) (ruling that it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed); *Chidebe v. MCI Telecomm. Corp.*, 19 F. Supp. 2d 444, 448 (D. Md. 1998) ("It was [plaintiff's] responsibility to inform MCI if additional accommodation was needed."); *see also* 29 C.F.R. § 1630.9 at 414 (Appendix: Interpretative Guidance). Thus, if an employee never requested the accommodation at issue, the employer cannot be held liable for failure to accommodate. *Rhoads v. FDIC*, 956 F. Supp. 1239, 1248-49 (D. Md. 1997) (defendant "should not be held liable for an accommodation which it was never requested to make"), *aff'd in relevant part*, 257 F.3d 373 (4th Cir. 2001).

Even if an employee requests an accommodation, the employer is only required to provide it if it is "effective for the employee." *Bryant*, 923 F. Supp. at 735. This means that the accommodation must be one that enables the employee to perform the essential functions of the job. *See Stafne v. Unicare Homes*, 266 F.3d 771, 774 (8th Cir. 2001). If the accommodation

"reasonable" accommodation, as is required under the ADA. *Bryant*, 923 F. Supp. at 734-35.

Moreover, removing some of the "essential functions" of the job is not a "reasonable accommodation" under the ADA. 29 C.F.R. § 1630.2(o) app ("An employer . . . is not required to reallocate essential functions" as an accommodation); *Martinson v. Kinney Shoe Corp.*, 104 F.3d 683, 687 (4th Cir. 1997) ("The ADA simply does not require an employer to hire an additional person to perform an essential function of a disabled employee's position.").[16]

As described in detail in Part III below, plaintiff was not an individual with a disability within the meaning of the ADA. But even if she had been, she could not meet the remaining requirements to prevail on a "failure to accommodate" claim. Plaintiff never notified her management of her claimed disability or her need for a reasonable accommodation. Furthermore, the accommodations demands would not have been effective. Accordingly, as discussed below, defendant is entitled to summary judgment on Count III.

### A. Defendant Did Not Have Notice Of Plaintiff's Claimed Disability Or Any Request Or Need For Accommodation.

The circumstances surrounding the events in plaintiff's workplace are a far cry from those that the drafters of the ADA had in mind when they created a cause of action for an employer's "failure to accommodate." This is not a case in which plaintiff presented her supervisor with a doctor's note explaining that she had a medical condition and required an accommodation, and management refused to provide it. To the contrary – although plaintiff occasionally alluded obliquely to mental illness in the workplace, she never informed her supervisors of a diagnosis, a condition, her treatment history, or even said, "I am mentally ill."

---

[16] *See also Basith v. Cook County*, 241 F.3d 919, 929 (7th Cir. 2001) (employer not required to reallocate essential functions as a reasonable accommodation); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1258-59 (11th Cir. 2001) (same); *Bratten v. SSI Servs., Inc.*, 185 F.3d 625, 632 (6th Cir. 1999) (same).

35