IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCES DARCANGELO,

        Plaintiff,

        v.

VERIZON MARYLAND INC.,

        Defendant.

No. WDQ-02-816 (Civ.)

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT
EXHIBIT LIST ON PRE-TRIAL STATEMENT**

Defendant Verizon Maryland Inc. ("Verizon"), by and through its undersigned counsel,

respectfully submits this Memorandum in Opposition to Plaintiff's Motion to Supplement

Exhibit List on Pre-Trial Statement and states as follows.

**INTRODUCTION**

Through her Motion to Supplement Exhibit List on Pre-Trial Statement ("Plaintiff's

Motion") (Dkt. # 142), plaintiff makes yet another effort to effectively recreate her case in the

final days before trial.  Specifically, plaintiff seeks to supplement her exhibit list with documents

which she made no effort to include in the Joint Pretrial Order, based solely on the excuse that

she failed to tell her attorneys that the documents existed at that time.  While she attempts to

characterize these new documents as "overall minor in nature", plaintiff has made clear through

other materials that she intends to use these documents to significantly increase her damage

claim in this case above the amount she asserted in the Joint Pretrial Order.  In order for the

process of creating a proposed pretrial order to fulfill its intended purposes of shaping and

notifying the parties and the Court of the scope and nature of trial, the parties must act diligently

to provide accurate and thorough information.  Having in effect admitted her failure to do so,

plaintiff should be denied the relief she is seeking in her current Motion.

## ARGUMENT

Plaintiff seeks to include in her final exhibit list documents, absent from her exhibit list in

the Joint Pretrial Order, that she contends are excerpts from a union contract relating to pension

calculations and a "life expectancy table." (Plaintiff's Motion, at 2-3.)  Plaintiff does not

contend that the documents were unavailable to her at the time that the Joint Pretrial Order was

prepared or that events subsequent to the filing of the Joint Pretrial Order have suddenly made

the documents relevant to this case.  Rather, the clear import of Plaintiff's Motion is that she

simply failed to provide the documents to her counsel.[1]

As the Court is aware, the Local Rules require parties to submit to the Court a pretrial

order containing several specific categories of information regarding the case, including a list of

stipulated facts, plaintiff's damage claims and the parties' respective statements of the case,

witness lists and exhibit lists.  (L.R. 106.)  Sharing such information through the pretrial order

process helps not only prevent unfair surprise to the parties but also allows for a more efficient

trial by allowing the parties to prepare more effectively and to identify and address evidentiary

and other disputes in advance of trial.  For example, based on the submitted exhibits lists, the

parties have engaged in an involved process of asserting objections, conferring on those

objections, and briefing motions in limine.  If parties were excused from including exhibits and

other information from the pretrial order based solely on their failure to act diligently, the pretrial

---

[1] Plaintiff has inaccurately suggested that Verizon has taken the position that no new exhibits could be added to a party's exhibit list subsequent to the Joint Pretrial Order.  Verizon's actual position, which it communicated to plaintiff on several occasions, is that parties could add new exhibits to their exhibit lists but only if a reasonable justification existed for the party's failure to include the exhibits in the Joint Pretrial Order.  (*See* Ex. A, e-mail correspondence between attorneys Shannon Barrett and Morris Fischer.)  For example, plaintiff's designation of a new expert in the final weeks before trial obviously provided grounds for the addition of exhibits relevant to that new expert since the relevance of such exhibits could not have been reasonably known when the Joint Pretrial Order was filed with the Court.

order would cease to be a meaningful document and its purposes would be wholly undermined.

Yet plaintiff offers no credible explanation for her failure to include the new documents, other than her lack of diligence.  Although she attempts to explain her failure from the perspective of her counsel, stating that counsel "originally believed and *was told by his client*" that he had all relevant information (Plaintiff's Motion, at 3 (emphasis added)), the fact remains that, as a party, plaintiff herself has an obligation to act responsibly.  She, however, provides no excuse for her own inaction.  Moreover, this is not the first time that plaintiff has failed to provide documents in her possession to counsel or to Verizon in a timely manner.  During discovery, plaintiff, on more than one occasion, has provided her counsel documents for use in depositions which she had failed to provide in response to properly submitted discovery requests. (Ex. B, Deposition of Gottlieb John Fleig, at 132-34, 167-68; Ex. C, Deposition of Charles English, at 130, 179-80.)  Given this established pattern of late production, plaintiff's failure to inform her counsel of the documents at issue in a timely manner is particularly inexcusable.

In a misguided attempt to deflect blame from herself, plaintiff makes a spurious claim that the documents themselves evidence Verizon's failure to properly supplement its discovery responses.  (Plaintiff's Motion, at 3.)  To the contrary, plaintiff's attempt to introduce the documents at this late date evidence only *plaintiff's* failure to meet her duty to provide and supplement discovery.  Notably, plaintiff has failed to identify any discovery requests submitted to Verizon to which the documents would supposedly have been responsive.  In contrast, Verizon clearly requested from plaintiff "[a]ny and all documents that refer, pertain, or relate to your demand in the Complaint for 'compensatory damages, punitive damages, front pay, back pay, *lost benefits*, [and] injunctive relief, in the amount of $2 million . . . .'"  (Ex. D, Defendant Bell Atlantic's First Request for Production of Documents, at 6) (emphasis added.)  Further, in

making that request, Verizon (formerly Bell Atlantic) instructed plaintiff that, "These requests

for production of documents are continuing in nature, up to and during the course of trial.

Responsive documents that you obtain or discover after your initial response and production

must be produced promptly by supplemental production." (*Id.* at 1.) By seeking to add the

documents at issue to her exhibit list, plaintiff plainly demonstrates her belief that the documents

"refer, pertain, or relate to" her demand for lost pension benefits. Thus, it is plaintiff's failure to

comply with discovery rules, not Verizon's, that is demonstrated by plaintiff's late production

and identification of the documents at issue. *Adams v. NVR Homes, Inc.*, 141 F. Supp. 2d 554,

563 (D. Md. 2001) (holding that documents wrongfully withheld from production until nine days

before the close of discovery were excluded as evidence to be presented at trial pursuant to Fed.

R. Civ. P. 37(c)(1)).

Finally, plaintiff's unfounded accusation is not only unfounded but is entirely irrelevant

in that plaintiff does not assert that the documents at issue were not in her possession at the time

of the Joint Pretrial Order. Thus, even if Verizon had failed to properly supplement its

responses, which it did not, any such failure would do nothing to explain plaintiff's failure to

identify the documents at issue in her exhibit list.

Apparently recognizing the weakness of her excuse, plaintiff attempts to downplay the

significance of the documents, stating in her motion that "[t]hese matters change no critical fact

at trial and simply relate to the pension calculation." (Plaintiff's Motion, at 3.) However, as

demonstrated by one of plaintiff's proposed demonstrative exhibits (Ex. E), the documents which

plaintiff now seeks to add to her exhibit list are part of an effort by plaintiff to substantially

increase her claim for lost pension benefits over the amount she claimed in the proposed pretrial

order. As that proposed demonstrative exhibit reflects, plaintiff now intends to seek damages for

lost pension benefits in the amount of $611,776.80, or $220,816.80 more than the amount she

claimed in the Joint Pretrial Order. (Joint Pre-Trial Order (Dkt. #101), at G-2.) That change

alone would represent an increase of over twenty percent in plaintiff's total claim for money

damages in this case. As such, plaintiff's assertion that the new documents are "overall minor in

nature" is simply inaccurate.

Finally, even if the Court were to overlook plaintiff's failure to identify the documents at

issue in a timely basis, the documents are themselves objectionable on several grounds, including

the facts that they lack necessary foundation and are on their face incomplete and taken out of

context, and should be excluded for that additional reason.

## CONCLUSION

For the foregoing reasons, Verizon respectfully requests that the Court deny plaintiff's

Motion to Supplement Exhibit List on Pre-Trial Statement.


Dated: May 13, 2005                         Respectfully Submitted,

                                            _____/s/_____
                                            Ira H. Raphaelson, Bar. No. 012849
                                            Karen M. Wahle, Bar. No. 013658
                                            Shannon M. Barrett, No. 16410
                                            O'MELVENY & MYERS LLP
                                            1625 Eye Street, N.W.
                                            Washington, D.C. 20006-4001
                                            (202) 383-5300
                                            (202) 383-5414 (facsimile)

                                            Counsel for Defendant
                                            Verizon Maryland Inc.