**Barrett, Shannon**

**From:** Barrett, Shannon
**Sent:** Friday, April 08, 2005 11:22 AM
**To:** 'Morris Fischer'
**Cc:** Raphaelson, Ira
**Subject:** RE: May 2, 2005

Morris:

The exchange of final exhibit and witness lists and order of witnesses is a common trial practice, and I am somewhat surprised that you are not familiar with it. What is required is exactly what is stated, a list of the exhibits you intend to use at trial and a list of the witnesses you intend to call at trial with the order in which you intend to call them. In my experience, the greater focus has been on the witness list and order of witnesses since it makes the trial more efficient and limit inconvenience to the witnesses to be able to predict approximately when witnesses will be called.

With respect to the exhibit list, if nothing has changed since the submission of the pretrial order, parties often simply assert that they are standing by their exhibit list in the pretrial order. However, parties may determine that there are exhibits that they no longer intend to use and wish to remove from their exhibit list for the parties' and the court's convenience. Moreover, parties should make a good faith attempt to remove any exhibits which the court has ruled inadmissible on the basis of motions in limines. On limited occasions, it is possible for parties to add a small number of exhibits where there is a good reason for not having identified them in the pretrial order.

Again, we will object to the addition of exhibits to the final exhibit list which did not appear in the pretrial order absent a reasonable justification for why they were not previously listed. Likewise, we will object to the use of exhibits at trial which are not on the final exhibit list, even if they are listed in the pretrial order, since we will have relied on the final exhibit list in making our last trial preparations.

I am not aware of any penalty for not actually using an exhibit on the final exhibit list at trial, so long as the exhibit list was prepared in good faith.

As for the sanction for not producing final exhibit and witness lists and an order of witnesses, that would be for the court to decide. However, we would bring the issue to the court's attention, including the fact that you expressly agreed to provide the information.


Shannon M. Barrett
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006-4001
Direct Dial: (202) 383-5308
Fax: (202) 383-5414

-----Original Message-----
From: Morris Fischer [mailto:morris@sniderlaw.com]
Sent: Thursday, April 07, 2005 11:51 PM
To: Barrett, Shannon
Subject: May 2, 2005

Shannon,

If you're right about May 2, 2005, that the understanding was to "narrow the process", please explain to me (which has never been explained to me before by Verizon in writing) as to the following.

1.   What exactly is due on this date? Is it a more narrow exhibit list?

2.    What if it's not produced?  Am I now precluded from offering any exhibits into evidence?

3.    What if there was an exhibit on the pre-trial statement, not on this May 2, 2005 list?  Am I precluded from using    that?

4.    What if there was an exhibit on the new list, that I didn't use at trial.  Is there some sort of penalty for that, since the very purpose of the second list was to "narrow the process."

Morris Fischer

2