```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND

FRANCES DARCANGELO

            Plaintiff

   vs.                            CIVIL ACTION NO:
                                  02 CV 816
BELL ATLANTIC

            Defendant
_____/


         The deposition of GOTTLIEB JOHN FLEIG was
held on Tuesday, January 21, 2003, commencing at 10:45
A.M., at the Law Offices of Edwin R. Burkhardt, 401
Washington Avenue, Suite 303, Towson, Maryland, 21204,
before Ronda J. Thomas, Notary Public.


APPEARANCES:

         EDWIN R. BURKHARDT, ESQUIRE
            On behalf of Plaintiff

         MARTHA DYE, ESQUIRE
            On behalf of Defendant

ALSO PRESENT:

         FRANCES DARCANGELO

REPORTED BY:  Ronda J. Thomas, RPR
```

1   Q   There's a reference to Fran putting a
2   familiarization crash course on T3s?
3   A   Right.
4   Q   Is that the same reference to the teaching
5   that we talked about previously?
6   A   Yes.
7   Q   Did she teach -- was it a one shot deal or
8   multiple?
9   A   It was a one shot deal.
10      (Fleig Deposition Exhibit No. 8 was marked
11   for purposes of identification.)
12   Q   Next Exhibit is going to be Fleig
13   Deposition Exhibit No. 8.  Fax cover sheet from CORE to
14   Gottlieb Fleig date 10/21/97 is the first page.  Second
15   page is a CORE release of medical information for Bell
16   Atlantic employee from the CORE I guess medical release
17   form.  Third page is the CORE medical release form, the
18   main headings are employee information, supervisor
19   information large bold type in the center and below
20   that healthcare provider information apparently
21   undated.  Bottom attention please be specific on

1  providing restrictions handwritten at the bottom.

2          Page four CORE sickness and accident

3  disability benefit plan, no date on it.  It is from

4  CORE.  It looks like a standard instruction sheet.

5  Sixth page is sickness and accident disability benefit

6  plan, SABP the plan, CORE large bold in the center,

7  plan administration.  Seventh page CORE copy, another

8  medical release.  Eighth page is the postcard to mail

9  the information back.  Ninth page is the outside of the

10 envelope mailing the information back.

11         Please take a look at this and tell me if

12 you've ever seen it before.

13         (Pause.)

14         MS. DYE:  I don't remember seeing this

15 document before.

16         MS. DARCANGELO:  I lost it but I found it.

17         MS. DYE:  So this is the first time this

18 document is being produced here at the deposition?

19         MR. BURKHARDT:  Yeah, I didn't label

20 everything I produced to you.  It's not a document that

21 I've spent a lot of time with.

134

1         MS. DYE: We'd ask, I've asked a couple of
2 times for any remaining CORE documents because you've
3 indicated that there are some so we want to make sure
4 that all of those are produced. This one clearly
5 wasn't produced until today.
6         MS. DARCANGELO: Sorry, bad filing.
7         (Pause.)
8     A    I've looked at it.
9     Q    Have you seen any of the documents in here
10 before?
11     A    Parts of it look familiar and parts of it
12 don't.
13     Q    Do you remember getting this fax from
14 Ms. Nancy in occupational health?
15         MS. DYE: Are you referring to the first
16 page?
17         MR. BURKHARDT: Yes, the first page dated
18 10/21/97.
19     A    No, I don't.
20     Q    You don't remember getting that?
21     A    I don't remember getting it.

1        (Fleig Deposition Exhibit No. 14 was marked
2   for purposes of identification.)
3        Q    Deposition Exhibit No. 14 dated
4   December 18, 1998.  There's a handwritten mark on the
5   top of this exhibit.
6        MS. DYE:  December 8th.
7        Q    December 8th I'm sorry, 1998.  Typed out,
8   it has Marianne on the bottom, one-page exhibit.  Take
9   a look at this and tell me if you've seen it before,
10  Mr. Fleig.
11       MS. DYE:  I don't think we have seen this
12  one before either.
13       MS. DARCANGELO:  That's evidently not in
14  company records.
15       MS. DYE:  It should be in our records.  It
16  should have been produced in the last one.  While we're
17  on the record here, Mr. Burkhardt, I just want to
18  register a concern that it appears that the document
19  production process in this case is being left to the
20  plaintiff and it is not being properly or she's not
21  being properly instructed as to what needs to be

168

1  produced here because this is a document that should
2  have been produced a long time ago as was the other one
3  that we had.
4          So I would ask that rather than just
5  leaving it up to the plaintiff to produce whatever she
6  wants here that you take it as your responsibility as
7  the attorney to produce the documents that are
8  responsive to our document request.
9          MS. DARCANGELO:  But I tried so hard.
10    Q    Have you seen this before today?
11    A    I recall it some time ago.
12    Q    Do you know in what context you recall
13  seeing it in?
14          MS. DYE:  Let me stop you for a minute.
15  There's two portions to the document here.  There's a
16  typed portion and there's some handwritten language at
17  the top.
18          MS. DARCANGELO:  That's true.
19    A    I'm responding to the typed portion.
20          MS. DYE:  So you've seen the typed portion
21  before?