IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCES DARCANGELO,<br><br>      Plaintiff,<br><br>  v.<br><br>BELL ATLANTIC,<br><br>      Defendant. | No. 02 CV 816<br><br>CHIEF JUDGE FREDERIC N. SMALKIN |

### DEFENDANT BELL ATLANTIC'S FIRST
### REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Bell Atlantic Corp. (now known as Verizon Communications Inc. and incorrectly named in the complaint as "Bell Atlantic"), by its undersigned attorneys and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that plaintiff Frances Dalcangelo produce for inspection and copying all documents described in Section II, in accordance with the definitions and instructions contained in Section I, within 30 days and in the manner provided in Rule 34 of the Federal Rules of Civil Procedure. The documents requested should be produced within 30 days at the offices of O'Melveny & Myers LLP, 555 13th Street, NW, Suite 500W, Washington, DC 20004-1109.

I.    **DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions are to be considered applicable to each request for production of documents contained herein:

1.    These requests for production of documents are continuing in nature, up to and during the course of trial. Responsive documents that you obtain or discover after your initial response and production must be produced promptly by supplemental production.

2. As used herein, "document" shall be understood to apply to any kind of written, typewritten, printed, recorded material, or other retrievable data (whether recorded, taped or coded electrostatically, electromagnetically or otherwise) whatsoever, including, but not limited to, notes, memoranda, letters, reports, telegrams, publications, contracts, recordings, transcriptions of recordings, electronic mail, diaries, facsimiles, and business records and shall include, without limitation, originals, duplicates, all file copies, all other copies (with or without notes or changes thereon) no matter how prepared, drafts, working papers, routing slips, and similar materials.

3. "Person" means any natural person and any entity, including any corporation, association, or other business enterprise.

4. Each request contained in Section II extends to any documents in the possession, custody, or control of the plaintiff. A document is deemed to be in plaintiff's possession, custody, or control, if it is in plaintiff's physical custody, or if it is in the physical custody of any other person and plaintiff (a) owns such document in whole or in part; (b) has a right by contract, statute, or otherwise to use, inspect, examine, or copy such document on any terms; (c) has an understanding, express or implied, that plaintiff may use, inspect, examine, or copy such document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine, or copy such document when plaintiff has sought to do so. Such documents shall include, without limitation, documents that are in the custody of plaintiff's attorney(s) or other agents.

5. As used herein, the terms "you" or "your" shall be deemed to include plaintiff, Frances Darcangelo, and plaintiff's attorneys or other agents, representatives or other persons or entities acting or purporting to act for, on behalf of, or with her.

6. As used herein, the term "Bell Atlantic" shall be deemed to include Bell Atlantic's subsidiaries, divisions, and affiliated corporations, past and present, and their directors, officers, shareholders, agents, attorneys, insurers, and employees, past and present.

7. As used herein, the term "Complaint" refers to plaintiff's Complaint filed in this action in the United States District Court for the District of Maryland on March 15, 2002.

8. Documents should be produced as they are kept in the usual course of business or organized or labeled to correspond with the categories in the request, and should include a copy of the file folder in which they originated. Documents stored as electronic media should be produced on formatted, 3 ½ inch diskette(s), double-sided, high density, in a DOS or Windows compatible format clearly labeled as the software product used to organize and manipulate the underlying data.

9. Whenever used herein, the singular shall include the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "including" means "including without limitation."

10. Whenever the term "relate to" is used herein, it shall mean consist of, refer to, reflect on, arise out of, embody, identify, deal with, or be in any way or manner legally, factually, or logically connected with the matter discussed, or in any way tend to make the existence of any fact that is of consequence to the determination of this matter more probable or less probable than it would be without the document or writing or information.

11. With respect to each document to which a claim of privilege is asserted, separately state the following:

    (a) The type of document;
    (b) Its date;
    (c) The name, business address, and present position of its originator(s) or author(s);

    (d)    The position of its originator(s) or author(s) at the time the document was prepared;

    (e)    The name, business address, and present position of each recipient of the document;

    (f)    The position of each recipient at the time the document was prepared, and the time it was received;

    (g)    A general description of the subject matter of the document;

    (h)    The basis of any claim of privilege; and

    (i)    If work-product immunity is asserted, the proceeding for which the document was prepared.

12.    Each paragraph and subparagraph herein should be construed independently and not by reference to any other paragraph or subparagraph of this document request for purposes of limitation.

## II. DESCRIPTION OF DOCUMENTS

REQUEST NO. 1:

Any and all documents that refer, pertain, or relate to your applications, interviews, or other discussions with Bell Atlantic concerning any position that you held or for which you applied at any time with Bell Atlantic.

REQUEST NO. 2:

Any and all documents that refer, pertain, or relate to your employment with Bell Atlantic including, but not limited to: (a) performance reviews; (b) correspondence to or from your supervisor(s); (c) correspondence to or from any other Bell Atlantic employee or agent, including, but not limited to, correspondence to or from Bell Atlantic Human Resources or Employee Relations; (d) disciplinary actions; (e) grievance reports and responses thereto; (f) any requests you made for leave or to return to work or for accommodation pursuant to the Americans with Disabilities Act of 1990 ("ADA"); (g) any responses you received from Bell Atlantic regarding your requests for leave or to return to work or for accommodation; (h) any

4

notice received from Bell Atlantic regarding the ADA; (i) amount or level of salary and other forms of compensation; and (j) amount or level of any other benefits of employment.

REQUEST NO. 3:

Any and all documents and correspondence between you, your physicians, or your representatives on the one hand, and Bell Atlantic or CORE Inc. on the other hand, related to any and all claims alleged in the Complaint.

REQUEST NO. 4:

Any and all documents or correspondence between you, your physicians, or your representatives on the one hand, and your representative labor union(s) on the other hand, related to any and all claims alleged in the Complaint, as well as any collective bargaining agreements and/or any other union-related documents in your possession, custody, or control.

REQUEST NO. 5:

Any and all records, correspondence or other documents submitted to Bell Atlantic in support of your request for accommodation.

REQUEST NO. 6:

Any and all documents in connection with any claim(s) allegedly arising out of your employment with Bell Atlantic: (a) produced or furnished by you to any municipal, county, state, or federal agency, (b) furnished to you by any municipal, county, state, or federal agency, and/or (c) that refer, pertain, or relate to the filing of or the events alleged in any of those claim(s).

REQUEST NO. 7:

Any and all calendars, diaries, appointment schedules or other written materials that refer, pertain, or relate to your employment with Bell Atlantic or to your alleged disability.

REQUEST NO. 8:

Any and all documents which refer, pertain or relate to any medical condition, past or present, affecting you which you contend fell within the meaning of "disability" as contained in the Americans with Disabilities Act, including, but not limited to, each and every document which verifies, supports or contains any information regarding any impairment or record of impairment in your daily life activities. This request also includes each and every document which verifies, supports or contains any diagnosis, treatment, surgery, medication, prognosis and billing for services issued or provided by each and every hospital or other health care facility, physician, psychiatrist, psychologist, therapist or any other medical or health care personnel or practitioner since 1985.

REQUEST NO. 9:

Any and all documents which refer, pertain or relate to your allegation in Paragraphs 21 of your Complaint that "[a]t various times ... when [your] medication requirements changed and [you were] not being appropriately medicated," your bi-polar "condition deteriorated [and you] engaged in conduct which ... subjected [you] to discipline." This request specifically includes each and every document which verifies, supports, or contains any information regarding your medication changes, the effect of these changes on your bi-polar condition, and each and every document related to the resulting conduct(s) which subjected you to disciple.

REQUEST NO. 10:

Any and all documents that refer, pertain, or relate to your demand in the Complaint for "compensatory damages, punitive damages, front pay, back pay, lost benefits, [and] injunctive relief, in the amount of $2 million (two million dollars)" (Compl. at 11), including, but not limited to, any and all documents that that refer, pertain, or relate to your claim in the Complaint

that Bell Atlantic's conduct that is allegedly in violation of the ADA resulted in the "aggravation of [your] diagnosed psychological condition" and caused you "emotional distress." (Compl. ¶ 56.) This request specifically includes but is not limited to each and every document which verifies, supports, or contains any information regarding any diagnosis, treatment, medication, prognosis, and billing for services issued or provided by each and every hospital or other health care facility, physician, psychiatrist, psychologist, or any other medical or health care personnel or practitioner since 1985.

REQUEST NO. 11:

Any and all of your medical records since 1985.

REQUEST NO. 12:

Any and all documents that support your contentions that "Bell Atlantic became aware of [your] disability in 1990 when [you] told [your] supervisor, George Sullivan." (Compl. ¶ 14.)

REQUEST NO. 13:

Any and all documents that that refer, pertain, or relate to: (a) your November 1997 independent medical exam ("IME"), (b) your May 1998 IME, and (c) Bell Atlantic's third request for an IME in October 1998. (Compl. ¶ 31.)

REQUEST NO. 14:

Any and all documents that support your contentions that (a) your September 1998 suspension of three (3) days, (b) your October 23, 1998 suspension of fifteen (15) days, and (c) your December 17, 1998 suspension and subsequent termination on January 6, 1999, were "discriminatory under the ADA." (Compl. ¶ 59, 61.)

REQUEST NO. 15:

Any and all documents that support any allegation in the Complaint.

REQUEST NO. 16:

Any and all recorded statements and any and all signed, sworn statements relating to the subject matter of this litigation.

REQUEST NO. 17:

Any and all documents that refer, pertain, or relate to your: (a) receipt of wages, salaries, earnings, unemployment insurance payments, disability insurance payments, health insurance payments, or any other financial benefits received from any source in any form after January 6, 1999; (b) application for receipt of any financial benefit from any municipal, county, state or federal agency, including, but not limited to unemployment benefits, disability benefits, or social security benefits; (c) denial or approval of eligibility for any financial benefit for which you applied after January 6, 1999, including but not limited to, all sources of financial benefits listed in (a) and (b) above.

REQUEST NO. 18:

Any and all documents that refer, pertain, or relate to your employment, application for employment, or attempt to secure employment with any individual, partnership, corporation, government entity, or other employer after January 6, 1999.

REQUEST NO. 19:

Any and all of your completed State and Federal income tax returns for 1985 through 2002, including, but not limited to, Federal W-2 and 1040 forms and all schedules filed therewith.

REQUEST NO. 20:

Any and all documents and reports including all drafts thereof, prepared by or for any witness who will or may provide expert testimony, opinions, or evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

REQUEST NO. 21:

Any and all documents that you sent or caused to be sent to, that you showed or caused to be showed to, or that were considered, reviewed, viewed, or relied upon in any way by any witness who will or may provide testimony, opinions, or evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

REQUEST NO. 22:

Any and all documents prepared by or for any witness or potential witness in this case or shown to any witness or potential witness in this case.

REQUEST NO. 23:

Any and all documents identified in or which verify, support, or contain any information that relates to your responses to Bell Atlantic's First Set of Interrogatories.

REQUEST NO. 24:

Any and all documents which you intend to introduce into evidence or to which you intend to refer to at the trial of this matter.

Date: November 6, 2002

Respectfully submitted,

/s/ Karen M Wahle
Karen M. Wahle, Bar No. 013658
Martha Dye, Bar No. 15057
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Washington, D.C. 20004-1109
(202) 383-5300
(202) 383-5414 (facsimile)

Counsel for Defendant
Bell Atlantic Corp.

## CERTIFICATE OF SERVICE

I hereby certify that this 6 day of November, 2002, a copy of the foregoing Defendant Bell Atlantic's First Set of Interrogatories was served via Federal Express overnight and facsimile on the counsel listed below.

Edwin R. Burkhardt
401 Washington Avenue, Suite 303
Towson, MD 21204
(410) 583-0338

Counsel for Plaintiff

_____
Karen M. Wahle

DC1:531416.3