UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| FRANCES DARCANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. WDQ-02-816 (Civ.) |
| | ) | |
| VERIZON MARYLAND, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT

Plaintiff, through her counsel, Morris E. Fischer, Esq., hereby files this reply to Defendant's Opposition to Plaintiff's Motion to Supplement and states as follows.

Defendant seeks to punish Plaintiff for Defendant's failure to supplement its own discovery responses. The original pension records were found in the union contract, listed as Exhibit 34Dii on the Pre-Trial Statement (Joint Pre-Trial Order (Dkt. #101) at G-2). As the Court can plainly see, the Union Contract has bates numbers (V-DAR 1451-678), which are Defendant's bates number stamps. Consequently, the union contract responded to a demand, otherwise it would not have been served. Therefore, Defendant was obligated to supplement its discovery by providing updates to the contract.

Plaintiff's Discovery Demands #6 states:

> All documents relating to Defendant's personnel file for Plaintiff, including but not limited to all attendance records, records of compensation, benefits, personal, family or medical leave records; employee medical records,

>> disciplinary records, performance reviews and performance evaluations.

(See exhibit "A" annexed hereto).

A pension certainly involves a benefit. As such, Defendant had to provide the updates.

Moreover, Defendant in his opposition admits that some type of agreement existed between the parties with respect to adding new exhibits. He states in his email, "It is possible for the parties to add a small number of exhibits where there is good reason for not having identified them earlier in the pre-trial order (see exhibit "A" of Defendant's opposition)." That is precisely this case. There are a small number of exhibits. Plaintiff has identified good reason for the lack of earlier production. In addition, Defendant will suffer no prejudice.

Defendant's example that supplementing its exhibit list to add documents associated with a later Court allowed expert is a poor one because no judge is going to allow a new expert, then exclude documents associated with that expert to not be added to the Pre-Trial Order. An agreement is not required for that situation. Hence, to limit the interpretation of that agreement to situations as the one identified by Defendant isn't logical.

Defendant has also provided no argument in its opposition that the Court is prohibited from taking judicial notice of the life table. It has provided no precedent to the contrary.

Finally, given there has been a continuance of the May 16, 2005 trial date, Defendant certainly has had enough time to review them. They require no new witness

by Defendant. It should be further noted that Defendant can maintain all of its objecions to these exhibits at trial.

WHEREFORE, Plaintiff's motion should be granted in its entirety.

Respectfully Submitted,

/s/
_____
Morris E. Fischer, Esq.
MD: Bar No. 26286
Snider & Fischer, LLC
104 Church Lane
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff