

In the United States District Court for the
District of Maryland (Northern Division)

**FRANCES DARCANGELO**
    Plaintiff,

-vs-

**BELL ATLANTIC**
    Defendant

Civil Case No. S-02-816

**Plaintiff's First Set of Requests for Production of Documents**

Plaintiff Frances Darcangelo, by and through her attorney, Edwin R. Burkhardt, hereby serves the following Requests for Production of Documents on the Defendant(s). Defendant should serve its responses, and all relevant or responsive documents, on the Plaintiff at the office of her attorney, Edwin R. Burkhardt, 401 Washington Ave, Suite 303, Towson, MD 21204 (410) 583-0338, within 30 days after service of these interrogatories.

DEFINITIONS:

1. "Defendant" refers to, and explicitly includes each and every single one of the following: Bell Atlantic, any business entity known by any derivation of that name, any successor-in-interest or successory to Bell Atlantic, including Verizon-Maryland Inc., Verizon Communications,, or any related-entities.

2. "Relevant Time Period" refers to the time period spanning from the commencement of Frances Darcangelo's employment with Bell Atlantic to the present, unless another time period

-1-

is specifically designated in an individual interrogatory.

3. The pronoun "you" refers to each party to whom this request is addressed and their agents, representatives, employees and unless privileged, their attorneys.

4. The word "documents" as used herein is to be broadly construed and includes, without limitation by enumeration, any original, reproduction, or copy of any kind of any typed, recorded, graphic, printed, written, transcribed, or documentary matter, including, but not limited to notes, correspondence, letters, memoranda, interoffice communications, diaries, contracts, agreements, visual depictions, photographs, charts, movies, videos, logs, notebooks, ledgers, invoices, bills, surveyors reports, advertisements, log entries, post-it notes, and all communications in any way communicated, reproduced, recorded, or preserved in or on any tangible thing, object, or medium.

5. Should you object to the identification or production of any document or documents requested on the basis of any alleged privilege or immunity from discovery, you shall list in your written response to this request all such documents in chronological order, setting forth at to each, its date, author, addresses, title, type of document (e.g. letter, report, memorandum, etc.), subject matter (without revealing the information as to which privilege or immunity is claimed or objection made), basis for the claim of privilege, immunity or objection and identity of all persons to whom copies of such documents were sent.

6. These requests are continuing in nature and must be supplemented as additional responsive information becomes available to any defendant.

### Requests for Production

1. All personnel handbooks and all other documents reflecting personnel practices and policies in effect for Defendant's Hunt Valley, Maryland facility from 1991 to the present.

2. All documents that refer to, relate to or reflect Defendant's policies relative to the employment of individuals with disabilities during the relevant time period, and compliance with the Americans with Disabilities Act ("ADA"), including but not limited to the length of time each such policy has been in effect and identification of each individual responsible for establishing each such policy.

3. All documents reflecting the table of organization and/or hierarchy of Defendant and Defendant's Department at both the Hunt Valley facility and the Transport Operations Department (i.e. Plaintiff's department).

4. The job description and all documents reflecting Defendant's procedures and criteria for hiring, assigning, training, assisting, evaluating, transferring, giving supervisory duties to, promoting, giving raises to, disciplining and discharging employees.

5. The job description and all documents referring to, relating to or reflecting the duties, standards for performing and evaluating, and supervisors or each employee of the

Defendant's Transport Operations Department (i.e. Plaintiff's department).

6. All documents relating to Defendant's personnel file for Plaintiff, including but not limited to all attendance records, records of compensation, benefits, personal, family and or medical leave records; employee medical records, disciplinary records, performance reviews, and performance evaluations.

7. All documents that refer to, relate to or reflect the assignments, and evaluations of Plaintiff by Defendant.

8. All job descriptions for all positions held by Plaintiff, or for which Plaintiff applied or was considered for, while employed by Defendant.

9. All documents that refer to any disciplinary measures, including but not limited to counseling, suspension, probation and termination, taken by Defendant regarding Plaintiff, including but not limited to notes, memoranda, exit interviews, separation paperwork, or letters.

10. Produce a copy of any statements, whether written, oral or otherwise, made by any person which refer, reflect or relate to the allegations in the Complaint.

Dated this 31st day of October, 2002

Edwin R. Burkhardt
Attorney for Plaintiff
401 Washington Ave, Suite 303
Towson, MD 21204
(410) 583-0338

and mailed to counsel for Defendant, Naomi G. Beer, Esq., HOGAN & HARTSON, L.L.P. O'MELVENY & MYERS LLP, 555 13th St., N.W., Washington, D.C. 20004-1109.

_____   10-31-02
Edwin R. Burkhardt