JUDGMENT

FILED: July 10, 2006

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

No. 05-1771
CA-02-816-WDQ

FRANCES DARCANGELO

    Plaintiff - Appellant

v.

VERIZON MARYLAND, INCORPORATED

    Defendant - Appellee

    and

BELL ATLANTIC

    Defendant

-------------------------

MARIA WALSH

    Movant

---------------------
Appeal from the United States District Court for the
District of Maryland at Baltimore
---------------------

In accordance with the written opinion of this Court filed this day, the Court affirms the judgment of the District Court.

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate. The judgment will take effect upon issuance of the mandate.

/s/ Patricia S. Connor
_____
CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1771

FRANCES DARCANGELO,

                Plaintiff - Appellant,

versus

VERIZON MARYLAND, INCORPORATED,

                Defendant - Appellee,

and

BELL ATLANTIC,

                Defendant.

- - - - - - - - - - - - - - -

MARIA WALSH,

                Movant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (CA-02-816-WDQ)

Submitted:  June 6, 2006          Decided:  July 10, 2006

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Morris E. Fischer, AIR RIGHTS CENTER, Bethesda, Maryland, for Appellant.  Karen M. Wahle, Shannon M. Barrett, Toby Heytens, O'MELVENY & MYERS, L.L.P., Washington, D.C., for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

2

PER CURIAM:

Frances Darcangelo, a forty-nine year old woman suffering from bipolar disorder, brought this action against her employer, Verizon Maryland, Incorporated ("Verizon"), asserting that Verizon terminated her because of her disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq. The district court initially denied Verizon's motion for summary judgment by a written opinion dated September 24, 2003, but later granted the motion in its entirety by a second written opinion dated June 7, 2005. We shall assume familiarity with the facts set forth in the district court's opinions.

The district court's decision to grant summary judgment is subject to de novo review, with all inferences drawn in favor of the non-moving party. Haulbrook v. Michelin North America, Inc., 252 F.3d 696, 702 (4th Cir. 2001). A plaintiff asserting wrongful discharge under the ADA must demonstrate that (1) she is disabled; (2) she was otherwise qualified for her position; and (3) her discharge "occurred under circumstances that raise a reasonable inference of unlawful discrimination." Id. (internal citations omitted).

To establish that she is otherwise qualified under the second prong, the plaintiff must show that she, "with or without reasonable accommodation, can perform the essential functions of

3

the employment position . . . ." 42 U.S.C. § 12111.  Here, as Darcangelo conceded, her position as central office technician "required her to spend ninety percent of her time on the telephone with co-workers in remote locations, discussing installation and/or provisioning of equipment." Appellant Br. at 8.  Interaction with co-workers was therefore an essential function of her position. Moreover, Verizon's Code of Business Conduct directs employees to be "respectful, cooperative, and helpful toward customers, suppliers, our co-workers, employees and the general public" and to refrain from acting in "an abusive, threatening, discriminatory, harassing or obscene manner toward any employee or others with whom we come in contact during the course of business." J.A. 120.

As the district court concluded, the record is replete with instances of Darcangelo's threatening, abusive, and harassing behavior toward her co-workers and supervisors in the course of performing her duties.  Indeed, Darcangelo undertook egregious actions admittedly designed to provoke her co-workers and supervisors, such as walking out of meetings and hanging up on co-workers; posting a photo of her supervisor's head placed in the center of a rifle target; and aiming racially-charged terms, racial slurs, offensive language, and derogatory nicknames at her co-workers and supervisors.  Darcangelo's aggressive and antagonistic behavior thus demonstrated her complete inability to interact with

4

others in a courteous manner, as required by her position and Verizon's Code of Business Conduct.

Moreover, Darcangelo failed to show that she could perform the essential functions of her position even when given reasonable accommodation. Darcangelo's expert opined that Verizon could have limited her interactions to supervisors sympathetic to her bipolar condition. However, the ADA does not require Verizon to subject its employees to Darcangelo's abusive behavior, which, not surprisingly, created considerable anxiety within her work environment, even if that behavior was related to her bipolar disorder. See Jones v. Am. Postal Workers Union Nat'l, 192 F.3d 417, 429 (4th Cir. 1999) ("The law is well settled that the ADA is not violated when an employer discharges an individual based upon the employee's misconduct, even if the misconduct is related to a disability." (internal citations omitted)). Accordingly, we affirm the district court's decision to grant Verizon's motion for summary judgment.

<div style="text-align: right">AFFIRMED</div>

Case 1:02-cv-00816-WDQ   Document 170   Filed 07/11/2006   Page 7 of 8


UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT  ___FILED  ___ENTERED
                    NOTICE OF JUDGMENT                  ___LODGED ___RECEIVED
                       July 10, 2006

                                                         JUL 1 1 2006

TO:     Leizer Zalman Goldsmith, Esq.
        Morris Eli Fischer, Esq.                         AT BALTIMORE
        Shannon Michael Barrett, Esq.                  CLERK U.S. DISTRICT COURT
        Karen Mary Wahle, Esq.                          DISTRICT OF MARYLAND
                                                  BY                    DEPUTY

        Judgment was entered this date in Case Number(s):   05-1771

        The Court's decision is enclosed.

                    PETITION FOR REHEARING (FRAP 40)
                    PETITION FOR REHEARING EN BANC (FRAP 35)

Filing  A petition must be received in the clerk's office within 14
Time    days after judgment to be timely. There are three exceptions
        to this rule:

        (1)  In all civil cases in which the United States or an agency
        or officer thereof is a party, any petition for rehearing must
        be received in the clerk's office within 45 days after entry of
        judgment.

        (2)  The Court may grant an extension of time or leave to file a
        petition for rehearing out of time if the party establishes that
        the delay resulted from the death or serious illness of counsel
        or a family member (or of a party or family member in pro se
        cases) or other circumstances wholly beyond the control of counsel
        or a party proceeding without counsel.

        (3)  Prisoner petitions are deemed filed when delivered to
        prison authorities.

        If a petition for rehearing en banc is to be filed, it must be
        filed at the same time and in the same document as the petition
        for rehearing and must be clearly identified in the title.

        Each case number to which the petition applies must be listed
        on the petition, even in companion or consolidated cases.
        Failure to list the individual case numbers on the petition
        will result in the unidentified cases proceeding to mandate
        even if a timely petition for rehearing has been filed in a
        companion or consolidated case.

        A timely filed petition for rehearing or petition for rehearing
        en banc will stay the mandate and toll the running of time for
        filing a petition for writ of certiorari.

Purpose A petition should only be made to direct the Court's attention
        to one or more of the following situations:

        1. A material fact or law overlooked in the decision.
        2. A change in the law which occurred after the case was submitted
           and which was overlooked by the panel.
        3. The opinion is in conflict with a decision of the United States
           Supreme Court, this Court, or another court of appeals, and the
           conflict is not addressed in the opinion.
        4. The proceeding involves one or more questions of exceptional
           importance.

| | |
|---|---|
| Statement of Counsel | A petition shall contain an introduction stating that, in counsel's judgment, one or more of the situations exist as described in the above "Purpose" section.  The points to be raised shall be succinctly listed in the statement. |
| Form | The 15 page limit allowed by the Rule shall be observed.  The Court requires 4 copies of the petition (20 copies of a petition for rehearing en banc), and a copy of the Court's opinion must be attached to each copy of the petition. |

### BILL OF COSTS (FRAP 39)

| | |
|---|---|
| Filing Time | A party to whom costs are allowed, who desires taxation of costs, shall file a bill of costs on or before 07/24/06. |

### MANDATE (FRAP 41)

| | |
|---|---|
| Issuance Time | In original proceedings before this Court, there is no mandate.  Unless the Court shortens or extends the time, in all other cases, the mandate issues 7 calendar days after the expiration of the time for filing a petition for rehearing.  A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay the issuance.  If the petition or motion is denied, the mandate will issue 7 calendar days later.  If a stay of mandate is sought, only the original of a motion need be filed. |
| Stay | A motion for stay of the issuance of the mandate shall not be granted simply upon request.  Ordinarily the motion will be denied unless it would not be frivolous or filed merely for delay and would present a substantial question or otherwise set forth good or probable cause for a stay. |

### CRIMINAL CASES (Plan in Implementation of the CJA)

| | |
|---|---|
| Criminal | In criminal cases, counsel must inform the defendant in writing of the right to file a petition for writ of certiorari from an adverse decision of this Court.  Counsel appointed under the Criminal Justice Act must file their vouchers within 60 days of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari, whichever is later. |

### PETITION FOR WRIT OF CERTIORARI   (Sup.Ct.R. 13)

| | |
|---|---|
| Filing Time | Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons.  The petition must be filed in the United States Supreme Court within 90 days of this Court's entry of judgment.  The time does not run from the issuance of the mandate.  If a petition for rehearing is timely filed, the time runs from the denial of that petition.  Content, fees, and number of copies of a petition for writ of certiorari are governed by the Rules of the United States Supreme Court. |