UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

FILED
August 16, 2006

No. 05-1771
CA-02-816-WDQ

FRANCES DARCANGELO

    Plaintiff - Appellant

v.

VERIZON MARYLAND, INCORPORATED

    Defendant - Appellee

    and

BELL ATLANTIC

    Defendant

-------------------------

MARIA WALSH

    Movant

--------------

M A N D A T E

--------------

    The judgment of this Court, entered 7/10/06, takes effect this date.

    A certified copy of this Court's judgment and a copy of its decision are issued to the district court and constitute the mandate of this Court.

/s/ Patricia S. Connor
--------------------
CLERK

JUDGMENT                    FILED: July 10, 2006

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

No. 05-1771
CA-02-816-WDQ

FRANCES DARCANGELO

    Plaintiff - Appellant

v.

VERIZON MARYLAND, INCORPORATED

    Defendant - Appellee

and

BELL ATLANTIC

    Defendant

-------------------------

MARIA WALSH

    Movant

---------------------
Appeal from the United States District Court for the
District of Maryland at Baltimore
---------------------

In accordance with the written opinion of this Court filed this day, the Court affirms the judgment of the District Court.

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate. The judgment will take effect upon issuance of the mandate.

A True Copy, Teste:
Patricia S. Connor, Clerk
BY /s/
Deputy Clerk

/s/ Patricia S. Connor
_____
CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1771

FRANCES DARCANGELO,

          Plaintiff - Appellant,

versus

VERIZON MARYLAND, INCORPORATED,

          Defendant - Appellee,

and

BELL ATLANTIC,

          Defendant.

- - - - - - - - - - - - - - -

MARIA WALSH,

          Movant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (CA-02-816-WDQ)

Submitted: June 6, 2006          Decided: July 10, 2006

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Morris E. Fischer, AIR RIGHTS CENTER, Bethesda, Maryland, for Appellant. Karen M. Wahle, Shannon M. Barrett, Toby Heytens, O'MELVENY & MYERS, L.L.P., Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Frances Darcangelo, a forty-nine year old woman suffering from bipolar disorder, brought this action against her employer, Verizon Maryland, Incorporated ("Verizon"), asserting that Verizon terminated her because of her disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq. The district court initially denied Verizon's motion for summary judgment by a written opinion dated September 24, 2003, but later granted the motion in its entirety by a second written opinion dated June 7, 2005. We shall assume familiarity with the facts set forth in the district court's opinions.

The district court's decision to grant summary judgment is subject to de novo review, with all inferences drawn in favor of the non-moving party. Haulbrook v. Michelin North America, Inc., 252 F.3d 696, 702 (4th Cir. 2001). A plaintiff asserting wrongful discharge under the ADA must demonstrate that (1) she is disabled; (2) she was otherwise qualified for her position; and (3) her discharge "occurred under circumstances that raise a reasonable inference of unlawful discrimination." Id. (internal citations omitted).

To establish that she is otherwise qualified under the second prong, the plaintiff must show that she, "with or without reasonable accommodation, can perform the essential functions of

3

the employment position . . . ." 42 U.S.C. § 12111. Here, as Darcangelo conceded, her position as central office technician "required her to spend ninety percent of her time on the telephone with co-workers in remote locations, discussing installation and/or provisioning of equipment." Appellant Br. at 8. Interaction with co-workers was therefore an essential function of her position. Moreover, Verizon's Code of Business Conduct directs employees to be "respectful, cooperative, and helpful toward customers, suppliers, our co-workers, employees and the general public" and to refrain from acting in "an abusive, threatening, discriminatory, harassing or obscene manner toward any employee or others with whom we come in contact during the course of business." J.A. 120.

As the district court concluded, the record is replete with instances of Darcangelo's threatening, abusive, and harassing behavior toward her co-workers and supervisors in the course of performing her duties. Indeed, Darcangelo undertook egregious actions admittedly designed to provoke her co-workers and supervisors, such as walking out of meetings and hanging up on co-workers; posting a photo of her supervisor's head placed in the center of a rifle target; and aiming racially-charged terms, racial slurs, offensive language, and derogatory nicknames at her co-workers and supervisors. Darcangelo's aggressive and antagonistic behavior thus demonstrated her complete inability to interact with

4

others in a courteous manner, as required by her position and Verizon's Code of Business Conduct.

Moreover, Darcangelo failed to show that she could perform the essential functions of her position even when given reasonable accommodation. Darcangelo's expert opined that Verizon could have limited her interactions to supervisors sympathetic to her bipolar condition. However, the ADA does not require Verizon to subject its employees to Darcangelo's abusive behavior, which, not surprisingly, created considerable anxiety within her work environment, even if that behavior was related to her bipolar disorder. See Jones v. Am. Postal Workers Union Nat'l, 192 F.3d 417, 429 (4th Cir. 1999) ("The law is well settled that the ADA is not violated when an employer discharges an individual based upon the employee's misconduct, even if the misconduct is related to a disability." (internal citations omitted)). Accordingly, we affirm the district court's decision to grant Verizon's motion for summary judgment.

**AFFIRMED**