IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANCIS DARCANGELO<br>Plaintiff,<br>vs. | *<br><br>* | CIVIL ACTION NO. WDQ-02-816 |
| VERIZON MARYLAND, INC.<br>Defendant. | *<br>*** | |

## **O R D E R**

This employment discrimination complaint was originally filed against Bell Atlantic on March 15, 2002. On June 23, 2003, Verizon Maryland, Inc. ("Verizon") was substituted as the party defendant for Bell Atlantic. Verizon's motion for summary judgment was denied on September 24, 2003, and the case proceeded for trial. Verizon filed a renewed motion for summary judgment, which was granted byJudge William D. Quarles, Jr. on June 7, 2005. Paper Nos. 143, 160, & 161. An appeal ensued. On July 10, 2006, the United States Court of Appeals for the Fourth Circuit affirmed the district court judgment. The petition for rehearing and rehearing en banc was denied by the Fourth Circuit on August 8, 2006, and the mandate was issued on August 16, 2006.

Pending is Verizon's timely Bill of Costs, seeking the taxation of $17,925.86 in court reporter and copy work fees. The unopposed taxation request was accompanied by declaration, exhibits, affidavit, and memorandum. The taxation request shall be determined without oral hearing. *See* Local Rule 105.6 (D. Md. 2004).

*Court Reporter Fees for Deposition*

Defendant seeks the award of $16,442.26 in court reporter costs for depositions. The court may tax the costs of depositions under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, the court must "consider the extent of actual use of each deposition and whether the

taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking.  It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial." *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (D. Md. 1968), *aff'd as modified,* 415 F.2d 55 (4th Cir. 1969); *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th  Cir. 1987).

In this district, however, the Clerk's authority to tax the cost of a deposition is more limited. The Clerk may tax  depositions of the parties and those depositions submitted in connection with the event which "terminated" the litigation which, in this case, which would involve Verizon's renewed summary judgment motion and reply.  *See Wyne v. Medo Indus., Inc.*, 329 F.Supp. 2d 584, 589 (D. Md. 2004).

Upon review of the aforementioned dispositive pleadings and Verizon's Bill of Costs materials, the following $ 5,645.90 in deposition costs is hereby awarded:[1]

| | |
|---|---|
| Plaintiff Francis Darcangelo (12/23/02) | $896.00 |
| Plaintiff Francis Darcangelo (12/24/02 | 836.50 |
| Plaintiff Francis Darcagelo (1/03/03) | 940.00[2] |
| Gottlieb Fleig | 424.00 |
| Barbara Kelly | 123.75 |
| James Conrad | 277.50 |
| Marianne Moxey | 282.50 |
| August E. Dankert | 455.40[3] |

---

[1]    The undersigned has denied costs associated with: (1) the deposition of Charles English, due to the absence of the per page rate and number of pages transcribed on the invoice; and (2) the depositions of Martin Kranitz, Anthony Russo, William E. Wright, Maria Bury, Gary Zimberg, Beverly D'Ascenzo, Julie Swope, and Jeff Janofsky because the depositions were neither relied on by Verizon in its renewed summary judgment motion and reply nor relied on by Judge Quarles in his June 7, 2005 Memorandum Opinion.

[2]    The undersigned has denied costs associated with: (1) the costs of expedited versions, exhibit copies, video setup, videotaping, extra video copies, evening fees, and condensed transcript and delivery associated with plaintiff's December 23 and December 24, 2002 depositions; and  (2) the costs of a condensed transcript and delivery of plaintiff's January 3, 2003, video deposition.

[3]    The costs of the telephonic version of Dankert's March 12, 2003 deposition shall not be allowed.

|  |  |
|---|---|
| Barbara Lee | 211.25 |
| Ann Sewell | 105.00 |
| Douglas Anderson | 1,094.00[4] |

*Fees for Copy Work*

Verizon seeks remuneration for $1,483.60 in "copying costs necessarily incurred." It is well established that costs incurred in copying depositions, exhibits and other pleadings for use in the case are taxable against the non-prevailing party. *See Wyne v. Medo Indus., Inc.*, 329 F. Supp.2d at 590, *c.f. Simmons v. O'Malley*, 235 F.Supp.2d 442, 444 (D. Md. 2002). Taxable photocopying expenses include fees associated with documents furnished to the court and opposing counsel. *Id*. Copies obtained merely for the convenience of counsel, however, are ordinarily not allowed. *Id*.

Verizon will be allowed the cost of summary judgment exhibits provided to the Court and Plaintiff in the amount of $240.80. The $545.60 for copies provided to Plaintiff during discovery will not be allowed as the Clerk does not normally tax discovery costs. In light of the fact that this case did not go to trial, I cannot determine whether the $348.60 sought for copies of trial exhibits provided to Plaintiff and $348.60 for exhibits which were not actually submitted to the Court are reasonable and thus will not allow these costs.

For the aforementioned reasons, costs shall be awarded in favor of defendant and against plaintiff in the amount of $ 5,886.70.

Dated this   5th   day of   September  , 2006.

_____/s/_____
Frances E. Kessler, Chief Deputy Clerk
for: Felicia Cannon, Clerk of the Court

---

[4] Defendant is not entitled to the award of fees for exhibits, postage and handling. Further, the costs awarded shall be reduced to reflect: (1) the $3.50 per page rate for obtaining an original version of these transcripts, and (2) the $1.25 per page rate for a copy version of the transcripts.